CLOSED, DISCMAG, JURY, PATENT

# U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Marshall)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00223-TJW-CE

Rembrandt Technologies, LP v. Charter Communications, Inc., et al
Assigned to: Judge T. John Ward
Referred to: Magistrate Judge Charles Everingham
Cause: 35:271 Patent Infringement

Date Filed: 06/01/2006
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Rembrandt Technologies, LP**                    represented by    **Robert M Parker**
Parker, Bunt & Ainsworth, P.C.
100 E Ferguson
Suite 1114
Tyler, TX 75702
903/531-3535
Fax: 9035339687
Email: rmparker@pbatyler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel Franklin Baxter**
McKool Smith - Marshall
P O Box O
Marshall, TX 75671
US
903/927-2111
Fax: 903/927-2622
Email: sbaxter@mckoolsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Wayne Caldwell**
McKool Smith
300 Crescent Court
Suite 1500
Dallas, TX 75201
214/978-4000
Fax: 2149784044
Email: bcaldwell@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 1114

Tyler, TX 75702
US
903/531-3535
Fax: 903/533-9687
Email: charley@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Franklin Jones, Jr**
Jones & Jones - Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
Fax: 9039383360
Email: maizieh@millerfirm.com
*ATTORNEY TO BE NOTICED*

**Jeffrey A Carter**
McKool Smith - Dallas
300 Crescent Court
Suite 1200
Dallas, TX 75201
214/978-4006
Fax: 12149784044
Email: jcarter@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**John Franklin Garvish, II**
McKool Smith - Austin
300 W 6th St
Ste 1700
Austin, TX 78701
512/692-8731
Fax: 512/692-8744
Email: jgarvish@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
903/531-3535
Fax: 903/533-9687
Email: rcbunt@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Thomas Guy Fasone, III**
McKool Smith
300 Crescent Court
Suite 1500

Dallas, TX 75201
214/978-4000
Email: tfasone@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Travis Gordon White**
McKool Smith
300 W 6th St
Ste 1700
Austin, TX 78701
512/692-8701
Email: gwhite@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Charter Communications, Inc.,**           represented by  **Allen Franklin Gardner**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597-8311
Email: allengardner@potterminton.com

*ATTORNEY TO BE NOTICED*

**Bradford P Lyerla**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: blyerla@marshallip.com
*ATTORNEY TO BE NOTICED*

**Charles Edward Juister**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: cjuister@marshallip.com
*ATTORNEY TO BE NOTICED*

**Diane DeVasto**
Potter Minton

110 N. College Street, Suite 500
Tyler, Tx 75702
US
903-597-8311
Fax: 903-593-0846
Email:
dianedevasto@potterminton.com
*ATTORNEY TO BE NOTICED*

**Gregory E Stanton**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: gstanton@marshallip.com
*ATTORNEY TO BE NOTICED*

**Jon-Thomas Bloch**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: jbloch@marshallip.com
*ATTORNEY TO BE NOTICED*

**Kevin D Hogg**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 317/474-0448
Email: khogg@marshallip.com
*ATTORNEY TO BE NOTICED*

**Margaret Lynn Begalle**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: Mbegalle@marshallip.com
*ATTORNEY TO BE NOTICED*

**Paul Bryan Stephens**

Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: pstephens@marshallip.com
*ATTORNEY TO BE NOTICED*

**William Joseph Kramer**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: wkramer@marshallip.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charter Communications Operating,**        represented by     **Allen Franklin Gardner**
**LLC**                                                        (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Bradford P Lyerla**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Charles Edward Juister**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Diane DeVasto**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Gregory E Stanton**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Jon-Thomas Bloch**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Kevin D Hogg**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Margaret Lynn Begalle**
                                                               (See above for address)

*ATTORNEY TO BE NOTICED*

**Paul Bryan Stephens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Joseph Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cox Communications, Inc.**
*TERMINATED: 09/19/2006*

represented by **Candice C Decaire**
Kilpatrick Stockton LLP - Atlanta
1100 Peachtree St
Ste 2800
Atlanta, GA 30309-4530
404/815-6033
Fax: 404/541-3218
Email:
cdecaire@kilpatrickstockton.com

**Leroy M Toliver**
Kilpatrick Stockton
1100 Peachtree St
Suite 2800
Atlanta, GA 30309
404/815-6483
Fax: 404/541-3274
Email: btoliver@kilpatrickstockton.com

**Michael Edwin Jones**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597/8311
Fax: 9035930846
Email: mikejones@potterminton.com

**Mitchell G Stockwell**
Kilpatrick Stockton LLP
1100 Peachtree St
Ste 2800
Atlanta, GA 30309-4530
404/815-6214
Fax: 14048156555
Email:
mstockwell@kilpatrickstockton.com

**Defendant**

**Cox Enterprises, Inc,.**                    represented by   **Candice C Decaire**
*TERMINATED: 09/19/2006*                                     (See above for address)

                                                             **Leroy M Toliver**
                                                             (See above for address)

                                                             **Michael Edwin Jones**
                                                             (See above for address)

                                                             **Mitchell G Stockwell**
                                                             (See above for address)

**Defendant**

**Coxcom, Inc.,**                             represented by   **Allen Franklin Gardner**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Candice C Decaire**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Diane DeVasto**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Leroy M Toliver**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Michael Edwin Jones**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Mitchell G Stockwell**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Tonya R Deem**
                                                             Kilpatrick Stockton LLP NC
                                                             1001 W Fourth Street
                                                             Winston-Salem, NC 27101
                                                             336-607-7485
                                                             Fax: 336-607-7500
                                                             Email: tdeem@kilpatrickstockton.com
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**CSC Holdings, Inc.**

**Defendant**

**Cablevision Systems Corporation**

**Defendant**

**All Defendants**

**Movant**

**Coxcom, Inc.,**

**Movant**

**Comcast Cable Communications, LLC**

**Movant**

**Comcast Corporation**

**Movant**

**Comcast of Plano, LP**

**Counter Claimant**

**Charter Communications, Inc.,**          represented by **Michael Edwin Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Charter Communications Operating, LLC**          represented by **Michael Edwin Jones**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Rembrandt Technologies, LP**

**Counter Claimant**

**Coxcom, Inc.,**

V.

**Counter Defendant**

**Rembrandt Technologies, LP**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2006 | 1 | COMPLAINT against Cablevision Systems Corporation, Charter Communications, Inc.,, Charter Communications Operating, LLC, Cox Communications, Inc., Cox Enterprises, Inc,,, Coxcom, Inc.,, CSC |

| | | |
|---|---|---|
| | | Holdings, Inc. (Filing fee $ 350.) , filed by Rembrandt Technologies, LP. (Attachments: # 1 Civil Cover Sheet)(ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 | | DEMAND for Trial by Jury by Rembrandt Technologies, LP. (ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 | 2 | Form mailed to Commissioner of Patents and Trademarks. (ehs, ) (Entered: 06/02/2006) |
| 06/02/2006 | | Filing fee: $ 350.00, receipt number 2-1-1540 (ehs, ) (Entered: 06/06/2006) |
| 06/28/2006 | 3 | NOTICE of Attorney Appearance by Franklin Jones, Jr on behalf of Rembrandt Technologies, LP (Jones, Franklin) (Entered: 06/28/2006) |
| 07/06/2006 | 4 | MOTION to Withdraw as Attorney by Rembrandt Technologies, LP. (Bunt, Robert) Additional attachment(s) added on 7/7/2006 (mll, ). (Entered: 07/06/2006) |
| 07/11/2006 | 5 | ORDER granting 4 Motion to Withdraw Fish & Richardson PC as Attorney. Signed by Judge Leonard Davis on 7/10/06. (fnt, ) (Entered: 07/11/2006) |
| 07/24/2006 | 16 | APPLICATION to Appear Pro Hac Vice by Attorney Leroy M Toliver for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.. (ch, ) (Entered: 08/07/2006) |
| 07/24/2006 | | Pro Hac Vice Filing fee paid by Toliver; Fee: $25, receipt number: 6-1-6091 (ch, ) (Entered: 08/07/2006) |
| 07/24/2006 | | Summons Issued as to All Defendants. (ehs, ) (Entered: 09/06/2006) |
| 07/25/2006 | 6 | NOTICE of Designation of Attorney in Charge to Samuel Franklin Baxter on behalf of Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 07/25/2006) |
| 07/25/2006 | 7 | NOTICE of Attorney Appearance by Travis Gordon White on behalf of Rembrandt Technologies, LP (White, Travis) (Entered: 07/25/2006) |
| 07/25/2006 | 8 | NOTICE of Attorney Appearance by Jeffrey A Carter on behalf of Rembrandt Technologies, LP (Carter, Jeffrey) (Entered: 07/25/2006) |
| 07/25/2006 | 9 | NOTICE of Attorney Appearance by Bradley Wayne Caldwell on behalf of Rembrandt Technologies, LP (Caldwell, Bradley) (Entered: 07/25/2006) |
| 07/25/2006 | 10 | NOTICE of Attorney Appearance by John Franklin Garvish, II on behalf of Rembrandt Technologies, LP (Garvish, John) (Entered: 07/25/2006) |
| 07/26/2006 | 15 | APPLICATION to Appear Pro Hac Vice by Attorney Mitchell G Stockwell for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.. (ch, ) (Entered: 08/07/2006) |
| 07/26/2006 | | Pro Hac Vice Filing fee paid by Stockwell; Fee: $25, receipt number: 2-1-1728 (ch, ) (Entered: 08/07/2006) |

| 08/02/2006 | 12 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Cablevision Systems Corporation served on 7/28/2006, answer due 8/17/2006. (ehs, ) (Entered: 08/04/2006) |
| --- | --- | --- |
| 08/02/2006 | 14 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Charter Communications Operating, LLC served on 7/28/2006, answer due 8/17/2006. (ehs, ) (Entered: 08/04/2006) |
| 08/04/2006 | 11 | NOTICE of Attorney Appearance by Michael Edwin Jones on behalf of Cox Communications, Inc., Cox Enterprises, Inc,., Coxcom, Inc., (Jones, Michael) (Entered: 08/04/2006) |
| 08/04/2006 | 13 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Charter Communications, Inc., served on 7/28/2006, answer due 8/17/2006. (ehs, ) (Entered: 08/04/2006) |
| 08/07/2006 | 17 | APPLICATION to Appear Pro Hac Vice by Attorney Candice C Decaire for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.. (ch, ) (Entered: 08/10/2006) |
| 08/07/2006 |  | Pro Hac Vice Filing fee paid by Decaire; Fee: $25, receipt number: 2-1-1763 (ch, ) (Entered: 08/10/2006) |
| 08/07/2006 | 21 | APPLICATION to Appear Pro Hac Vice by Attorney Candice C Decaire for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.APPROVED (poa, ) (Entered: 08/14/2006) |
| 08/07/2006 |  | Pro Hac Vice Filing fee paid by Decaire; Fee: $25, receipt number: 2-1-1763 (poa, ) (Entered: 08/14/2006) |
| 08/09/2006 | 18 | E-GOV SEALED SUMMONS Returned Executed Certified Mail by Rembrandt Technologies, LP. Cox Communications, Inc. served on 8/2/2006, answer due 8/22/2006. (ch, ) (Entered: 08/10/2006) |
| 08/09/2006 | 19 | E-GOV SEALED SUMMONS Returned Executed Certified Mail by Rembrandt Technologies, LP. Coxcom, Inc., served on 8/2/2006, answer due 8/22/2006. (ch, ) (Entered: 08/10/2006) |
| 08/09/2006 | 20 | E-GOV SEALED SUMMONS Returned Executed Certified Mail by Rembrandt Technologies, LP. CSC Holdings, Inc. served on 7/31/2006, answer due 8/21/2006. (ch, ) (Entered: 08/10/2006) |
| 08/17/2006 | 22 | *Defendants' Charter Communications, Inc. and Charter Communications Operating LLC* ANSWER to Complaint , *Affirmative Defenses and*, COUNTERCLAIM against Rembrandt Technologies, LP by Charter Communications, Inc.,, Charter Communications Operating, LLC.(Jones, Michael) (Entered: 08/17/2006) |
| 08/17/2006 | 26 | APPLICATION to Appear Pro Hac Vice by Attorney Bradford P Lyerla for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 |  | Pro Hac Vice Filing fee paid by Lyerla; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |

| 08/17/2006 | 27 | APPLICATION to Appear Pro Hac Vice by Attorney Kevin D Hogg for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Hogg; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | 28 | APPLICATION to Appear Pro Hac Vice by Attorney William Joseph Kramer for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Kramer; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | 29 | APPLICATION to Appear Pro Hac Vice by Attorney Paul Bryan Stephens for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Stephens; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | 30 | APPLICATION to Appear Pro Hac Vice by Attorney Margaret Lynn Begalle for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Begalle; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Begalle; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | 31 | APPLICATION to Appear Pro Hac Vice by Attorney Gregory E Stanton for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Stanton; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | 32 | APPLICATION to Appear Pro Hac Vice by Attorney Charles Edward Juister for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Juister; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | 33 | APPLICATION to Appear Pro Hac Vice by Attorney Jon-Thomas Bloch for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Bloch; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/18/2006 | 23 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Cox Enterprises, Inc,. served on 8/8/2006, answer due 8/28/2006. (ehs, ) (Entered: 08/18/2006) |

| 08/21/2006 | 24 | ***FILED IN ERROR; PLEASE IGNORE***<br><br>MOTION for Extension of Time to File Answer /Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement by Cox Communications, Inc., Cox Enterprises, Inc,., Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order Granting Agreed Motion to Extension of Time to Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement)(Stockwell, Mitchell) Modified on 8/28/2006 (mpv, ). (Entered: 08/21/2006) |
|---|---|---|
| 08/21/2006 | 25 | ***FILED IN ERROR; ATTY USED WRONG EVENT TO DOCKET; PLEASE IGNORE***<br><br>***FILED IN ERROR. Document # 24, Motion for Extension of Time to File Answer/Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement. PLEASE IGNORE.***<br><br>*Agreed Motion for Extension of Time to Respond to Rembrandt Technologies, LP'S Complaint for Patent Infringement* (Attachments: # 1 Text of Proposed Order Granting Agreed Motion for Extension of Time to Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement)(Decaire, Candice) Modified on 8/28/2006 (mpv, ). (Entered: 08/21/2006) |
| 08/21/2006 | 34 | ***REPLACES #24 & #25***<br><br>MOTION for Extension of Time to File Answer/Respond re 1 Complaint, by Cox Communications, Inc., Cox Enterprises, Inc, Coxcom, Inc. (Attachments: # 1 Text of Proposed Order) (mpv, ) Modified on 8/28/2006 (mpv, ). (Entered: 08/28/2006) |
| 08/21/2006 | | ***FILED IN ERROR. Document # 24, MOTION for Extension of Time to File Answer /Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement. PLEASE IGNORE. REPLACED BY #34***<br><br>(mpv, ) (Entered: 08/28/2006) |
| 08/21/2006 | | ***FILED IN ERROR. Document # 25, Agreed Motion for Extension of Time to Respond to Rembrandt Technologies, LP'S Complaint for Patent Infringement. PLEASE IGNORE. DOCKETED INCORRECTLY BY ATTORNEY AS NOTICE OF DOCKET CORRECTION; REPLACED BY #34***<br><br>(mpv, ) (Entered: 08/28/2006) |
| 08/29/2006 | 35 | ORDER granting 34 Motion for Extension of Time to Answer. Dft's Cox Communications, Inc., Coxcom, Inc., and Cox Enterprises, Inc. Deadline to answer Pla's Complaint is 9/27/06 . Signed by Judge Leonard Davis on 8/29/06. (ch, ) (Entered: 08/29/2006) |
| 08/29/2006 | | Answer Due Deadline Updated for Cox Communications, Inc. to |

| | | |
|---|---|---|
| | | 9/27/2006; Cox Enterprises, Inc,. to 9/27/2006; Coxcom, Inc., to 9/27/2006. (ch, ) (Entered: 08/29/2006) |
| 09/06/2006 | 36 | NOTICE of Voluntary Dismissal by Rembrandt Technologies, LP (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 09/06/2006) |
| 09/08/2006 | 37 | CORPORATE DISCLOSURE STATEMENT filed by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 09/08/2006) |
| 09/11/2006 | 38 | *** FILED IN ERROR - PLEASE IGNORE - TO BE REFILED ***ANSWER to Counterclaim, COUNTERCLAIM against Rembrandt Technologies, LP by Rembrandt Technologies, LP.(Baxter, Samuel) Modified on 9/11/2006 (rml, ). (Entered: 09/11/2006) |
| 09/11/2006 | | ***FILED IN ERROR. Document # 38, Answer & Crossclaim. PLEASE IGNORE.*** <br><br> (rml, ) (Entered: 09/11/2006) |
| 09/11/2006 | 39 | ***REPLACES #38*** <br><br> RESPONSE to 22 Answer to Complaint, Counterclaim,, *PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER AND COUNTERCLAIMS* by Rembrandt Technologies, LP. (Baxter, Samuel) Modified on 9/12/2006 (mpv, ). (Entered: 09/11/2006) |
| 09/19/2006 | 40 | ORDER dismissing defts Cox Communications, Inc. and Cox Enterprises, Inc. without prejudice. Signed by Judge Leonard Davis on 9/19/06. (ehs, ) (Entered: 09/19/2006) |
| 09/20/2006 | 41 | ORDER - the court transfers this case to the Honorable T. John Ward. Signed by Judge Leonard Davis on 9/20/06. (ch, ) (Entered: 09/20/2006) |
| 09/21/2006 | 42 | NOTICE of Attorney Appearance by Robert Christopher Bunt on behalf of Rembrandt Technologies, LP (Bunt, Robert) (Entered: 09/21/2006) |
| 09/21/2006 | 43 | NOTICE of Attorney Appearance by Charles Ainsworth on behalf of Rembrandt Technologies, LP (Ainsworth, Charles) (Entered: 09/21/2006) |
| 09/27/2006 | 44 | Second MOTION for Extension of Time to File Answer *to Rembrandt Technologies, LP's Complaint for Patent Infringement* by Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order Granting Motion for Extension of Time to Answer)(Decaire, Candice) (Entered: 09/27/2006) |
| 09/28/2006 | 45 | ORDER granting 44 Motion for Extension of Time to Answer. Deadline extended to 10/6/06 for deft Coxcom, Inc. to answer . Signed by Judge T. John Ward on 9/28/06. (ehs, ) (Entered: 09/28/2006) |
| 09/28/2006 | | Answer Due Deadline Updated for Coxcom, Inc., to 10/6/2006. (ehs, ) (Entered: 09/28/2006) |
| 10/06/2006 | 46 | ANSWER to Complaint *and*, COUNTERCLAIM against Rembrandt Technologies, LP by Coxcom, Inc.,.(Jones, Michael) (Entered: |

| | | 10/06/2006) |
|---|---|---|
| 10/16/2006 | 47 | NOTICE of Voluntary Dismissal by Rembrandt Technologies, LP (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 10/16/2006) |
| 10/18/2006 | 48 | CORPORATE DISCLOSURE STATEMENT filed by Charter Communications, Inc.,, Charter Communications Operating, LLC identifying Charter Communications, Inc. as Corporate Parent. (Jones, Michael) (Entered: 10/18/2006) |
| 10/24/2006 | 49 | CORPORATE DISCLOSURE STATEMENT filed by Coxcom, Inc., identifying Cox Communications, Inc., a wholly owned subsidiary of Cox Enterprises, Inc. as Corporate Parent. (Toliver, Leroy) (Entered: 10/24/2006) |
| 10/27/2006 | 50 | ANSWER to Counterclaim by Rembrandt Technologies, LP.(Baxter, Samuel) (Entered: 10/27/2006) |
| 10/30/2006 | 55 | APPLICATION to Appear Pro Hac Vice by Attorney Tonya R Deem for Cox Communications. (ch, ) (Entered: 01/09/2007) |
| 10/30/2006 | | Pro Hac Vice Filing fee paid by Deem; Fee: $25, receipt number: 1-1-3130 (ch, ) (Entered: 01/09/2007) |
| 11/13/2006 | 51 | ORDER - granting 47 Notice of Voluntary Dismissal. Dft Cablevision Systems Corporation and CSC Holdings, Inc. are dismissed without prejudice. Signed by Judge T. John Ward on 11/13/06. (ch, ) (Entered: 11/13/2006) |
| 12/14/2006 | 52 | MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* by Coxcom, Inc.,. (Attachments: # 1 Exhibit 1 - Order USA Video case# 2 Exhibit 2 - Spalding Declaration# 3 Exhibit 3 - Website# 4 Text of Proposed Order)(Jones, Michael) (Entered: 12/14/2006) |
| 12/21/2006 | 53 | Consent MOTION for Extension of Time to File Response/Reply *MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS OF COXCOM, INC.* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 12/21/2006) |
| 12/29/2006 | 54 | ORDER granting 53 Consent MOTION for Extension of Time to File Response/Reply *MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS OF COXCOM, INC.* Responses due by 1/10/2007. Signed by Judge T. John Ward on 12/29/06. (ch, ) (Entered: 12/29/2006) |
| 01/10/2007 | 56 | RESPONSE in Opposition re 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* filed by Rembrandt Technologies, LP. (Attachments: # 1 Affidavit of Jeffrey A. Carter# 2 Exhibit A# 3 Affidavit of Anthony Joseph Magee# 4 Exhibit A# 5 Exhibit B# 6 Exhibit C# 7 Exhibit D Part 1# 8 Exhibit D Part 2# 9 Exhibit E Part 1# 10 Exhibit E Part 2# 11 Exhibit F# 12 Exhibit G# 13 Exhibit H# 14 Exhibit I# 15 Exhibit J# 16 Exhibit K# 17 Exhibit L# 18 |

| | | |
|---|---|---|
| | | Exhibit M# 19 Exhibit N# 20 Exhibit O# 21 Exhibit P# 22 Exhibit Q# 23 Exhibit R# 24 Exhibit S# 25 Exhibit T# 26 Exhibit U Part 1# 27 Exhibit U Part 2# 28 Exhibit V)(Baxter, Samuel) (Entered: 01/10/2007) |
| 01/22/2007 | 57 | MOTION for Extension of Time to File Response/Reply as to 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* by Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 01/22/2007) |
| 01/23/2007 | 58 | ORDER granting 57 Motion for Extension of Time to File Reply in support of motion to dismiss. Responses due by 1/26/2007. Signed by Judge T. John Ward on 1/23/07. (ehs, ) (Entered: 01/23/2007) |
| 01/26/2007 | 59 | REPLY to Response to Motion re 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* filed by Coxcom, Inc.,. (Attachments: # 1 Supplemental Declaration of J. Spalding# 2 Exhibit 1# 3 Exhibit 2# 4 Exhibit 3# 5 Exhibit 4A-D)(Jones, Michael) (Entered: 01/26/2007) |
| 01/29/2007 | 60 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Charter Communications, Inc.,, Charter Communications Operating, LLC (Gardner, Allen) (Entered: 01/29/2007) |
| 01/29/2007 | 61 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Coxcom, Inc., (Gardner, Allen) (Entered: 01/29/2007) |
| 02/05/2007 | 62 | REPLY to Response to Motion re 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support SURREPLY IN OPPOSITION TO COXCOM INC.'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION* filed by Rembrandt Technologies, LP. (Baxter, Samuel) (Entered: 02/05/2007) |
| 03/02/2007 | 63 | MOTION to Consolidate Cases by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order)(DeVasto, Diane) (Entered: 03/02/2007) |
| 03/08/2007 | 64 | NOTICE of Hearing: Scheduling Conference set for 4/3/2007 at 2:00 PM in Ctrm 106 (Marshall) before Judge T. John Ward. (shd, ) (Entered: 03/08/2007) |
| 03/09/2007 | 65 | NOTICE by Coxcom, Inc., *of Filing Motion for Transfer and Consolidation of Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. 1407* (Attachments: # 1 MDL Motion for Transfer and Consolidation# 2 Motion Ex. A# 3 Motion Ex. B# 4 MDL Memorandum# 5 MDL Exhibit List# 6 MDL Notice of Appearance# 7 MDL Corporate Disclosure# 8 MDL Certificate of Service)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/09/2007 | 66 | Additional Attachments to Main Document: 65 Notice (Other), Notice (Other).. (Attachments: # 1 MDL Ex. 1# 2 MDL Ex. 2# 3 MDL Ex. 3# 4 MDL Ex. 4# 5 MDL Ex. 5# 6 MDL Ex. 6# 7 MDL Ex. 7# 8 MDL Ex. 8# 9 MDL Ex. 9# 10 MDL Ex. 10# 11 MDL Ex. 11# 12 MDL Ex. 12# 13 MDL Ex. 13# 14 MDL Ex. 14# 15 MDL Ex. 15# 16 MDL Ex. 16# 17 |

| | | |
|---|---|---|
| | | MDL Ex. 17# 18 MDL Ex. 18# 19 MDL Ex. 19# 20 MDL Ex. 20# 21 MDL Ex. 21# 22 MDL Ex. 22# 23 MDL Ex. 23# 24 MDL Ex. 24# 25 MDL Ex. 25# 26 MDL Ex. 26# 27 MDL Ex. 27# 28 MDL Ex. 28# 29 MDL Ex. 29# 30 MDL Ex. 30# 31 MDL EX. 31# 32 MDL Ex. 32# 33 MDL Ex. 33# 34 MDL Ex. 34# 35 MDL Ex. 35# 36 MDL Ex. 36# 37 MDL Ex. 37# 38 MDL Ex. 38# 39 MDL Ex. 39# 40 MDL Ex. 40# 41 MDL Ex. 41# 42 MDL Ex. 42# 43 MDL Ex. 43)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/14/2007 | 67 | NOTICE of Scheduling conference, proposed deadlines for docket control order and discovery. Scheduling Conference set for 4/3/07 at 2:00 pm, in Marshall, Tx (djh, ) (Entered: 03/14/2007) |
| 03/19/2007 | 68 | RESPONSE in Opposition re 63 MOTION to Consolidate Cases *filed by Rembrandt Technologies, LP.* (Baxter, Samuel) (Entered: 03/19/2007) |
| 03/26/2007 | 69 | Consent MOTION for Leave to File Excess Pages by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order # 2 Exhibit 1) (DeVasto, Diane) (Entered: 03/26/2007) |
| 03/29/2007 | 70 | NOTICE by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc., *of Developments in Related Cases* (Attachments: # 1 Order Staying Civil Actions)(Jones, Michael) (Entered: 03/29/2007) |
| 03/30/2007 | 71 | NOTICE by Rembrandt Technologies, LP *Joint Notice of Conference Regarding Proposed Discovery Order and Docket Control Order* (Attachments: # 1 Text of Proposed Order Proposed Discovery Order and Docket Control Order)(Carter, Jeffrey) (Entered: 03/30/2007) |
| 04/02/2007 | 72 | ORDER granting 69 Motion for Leave to File Excess Pages concerning deft's reply memorandum in support of motion to consolidate cases for pretrial proceedings. Signed by Judge T. John Ward on 4/2/07. (ehs, ) (Entered: 04/02/2007) |
| 04/02/2007 | 73 | REPLY to Response to Motion re 63 MOTION to Consolidate Cases *filed by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc.,.* (DeVasto, Diane) (Entered: 04/02/2007) |
| 04/03/2007 | 74 | ORDER referring case to Magistrate Judge Charles Everingham in accordance with the assignments made by General Order 07-03. The magistrate judge shall conduct pre-trial proceedings pursuant to 28 USC 636. Signed by Judge T. John Ward on 4/2/07. (ch, ) (Entered: 04/03/2007) |
| 04/05/2007 | 75 | NOTICE by Rembrandt Technologies, LP *NOTICE OF FILING OPPOSITION TO COXCOM'S MOTION FOR TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION* (Attachments: # 1 Reasons Why Oral Argument Should be Heard in Opposition to CoxCom's Motion for Transfer and Consolidation# 2 Response to CoxCom's Motion for Transfer and Consolidation# 3 Rembrandt's Brief in Opposition to CoxCom's Motion |

| | | |
|---|---|---|
| | | for Transfer and Consolidation# 4 Exhibit List# 5 Exhibit 1# 6 Exhibit 2# 7 Exhibit 3# 8 Exhibit 4# 9 Exhibit 5# 10 Exhibit 6# 11 Exhibit 7# 12 Exhibit 8# 13 Exhibit 9# 14 Exhibit 10# 15 Exhibit 11# 16 Exhibit 12# 17 Exhibit 13# 18 Proof of Service)(Baxter, Samuel) (Entered: 04/05/2007) |
| 04/12/2007 | 76 | RESPONSE to 65 Notice (Other), Notice (Other) *Response to the Motion to Consolidate Cases* by Comcast Cable Communications, LLC, Comcast Corporation, Comcast of Plano, LP. (Doan, Jennifer) Amended Certificate of Service added on 4/13/2007 (mpv, ). Modified on 4/13/2007 (mpv, ). (Entered: 04/12/2007) |
| 04/12/2007 | 77 | SUR-REPLY to Reply to Response to Motion re 63 MOTION to Consolidate Cases *filed by Rembrandt Technologies, LP*. (Baxter, Samuel) (Entered: 04/12/2007) |
| 04/18/2007 | 78 | NOTICE by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc., *Notice of Development* (Attachments: # 1 Notice of Hearing)(Gardner, Allen) (Entered: 04/18/2007) |
| 04/19/2007 | 79 | ORDER REGARDING THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION. Signed by Judge Charles Everingham on 4/18/07. (ch, ) (Entered: 04/19/2007) |
| 04/19/2007 | 80 | DOCKET CONTROL ORDER Respond to Amendeding Pleadings 11/30/07. Amended Pleadings due by 11/16/2007. Discovery due by 5/14/2008. Joinder of Parties due by 5/3/2007.Claims Construction Hearing set for 2/13/2008 - 2/14/08 9:00 AM before Judge T. John Ward. Motions in limine due by 7/21/2008. Proposed Pretrial Order due by 7/21/2008. Jury Selection set for 8/4/2008 9:00AM before Judge T. John Ward. Pretrial Conference set for 7/24/2008 9:30 AM before Judge T. John Ward. Privilege Logs to be exchanged by parties 6/4/07. All other deadlines are set forth herein. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
| 04/24/2007 | 81 | NOTICE by Rembrandt Technologies, LP *NOTICE REGARDING THE PROTECTIVE ORDER* (Attachments: # 1 Attachment A)(Baxter, Samuel) CORRECTED PROPOSED ORDER added on 4/25/2007 (mpv, ). Modified on 4/25/2007 (mpv, ). (Entered: 04/24/2007) |
| 04/24/2007 | 82 | NOTICE by Rembrandt Technologies, LP *NOTICE REGARDING ELECTRONIC PRODUCTION* (Baxter, Samuel) (Entered: 04/24/2007) |
| 04/25/2007 | | NOTICE re 81 Notice (Other) CORRECTED PROPOSED PROTECTIVE ORDER NOW ATTACHED. (mpv, ) (Entered: 04/25/2007) |
| 04/30/2007 | 83 | Minute Entry for proceedings held before Judge Charles Everingham : Scheduling Conference held on 4/30/2007. (Court Reporter Debbie Latham.)(delat, ) (Entered: 04/30/2007) |
| 05/03/2007 | | TRANSCRIPT of Proceedings held on 4/3/07 before Judge Chad Everingham. Court Reporter: Transcriber/Susan Simmons. (lss) (Entered: |

| | | 05/03/2007) |
|---|---|---|
| 05/03/2007 | 85 | NOTICE by Rembrandt Technologies, LP *PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF COMPLIANCE WITH PATENT RULES 3-1 AND 3-2* (Baxter, Samuel) (Entered: 05/03/2007) |
| 05/03/2007 | 86 | NOTICE by Charter Communications, Inc.,, Charter Communications Operating, LLC *of Disclosures* (Gardner, Allen) (Entered: 05/03/2007) |
| 05/04/2007 | 87 | NOTICE of Disclosure by Coxcom, Inc.,, Coxcom, Inc.,, Coxcom, Inc.,, *Notice of Service of Initial Disclosures* (Stockwell, Mitchell) (Entered: 05/04/2007) |
| 05/04/2007 | 88 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 05/04/2007) |
| 05/04/2007 | 89 | PROTECTIVE ORDER. Signed by Judge Charles Everingham on 5/4/07. (ehs, ) (Entered: 05/04/2007) |
| 05/18/2007 | 90 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 05/18/2007) |
| 06/04/2007 | 91 | Joint MOTION to Amend/Correct *the Docket Control Order to Move the Date for Exchanging Privilege Logs* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Carter, Jeffrey) (Entered: 06/04/2007) |
| 06/06/2007 | 92 | ORDER granting 91 Motion to Amend/Correct. Docket Control Order is amended to move the date for parties to exchange privilege logs to 7/10/07. Signed by Judge Charles Everingham on 6/5/07. (ch, ) (Entered: 06/06/2007) |
| 06/08/2007 | 93 | NOTICE of Attorney Appearance by Thomas Guy Fasone, III on behalf of Rembrandt Technologies, LP (Fasone, Thomas) (Entered: 06/08/2007) |
| 06/12/2007 | 94 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 06/12/2007) |
| 06/14/2007 | 95 | NOTICE of Disclosure by Charter Communications, Inc.,, Charter Communications Operating, LLC *P.R. 3-3 and P.R. 3-4* (Gardner, Allen) (Entered: 06/14/2007) |
| 06/14/2007 | 96 | NOTICE of Disclosure by Coxcom, Inc., *P.R. 3-3 and P.R. 3-4* (Gardner, Allen) (Entered: 06/14/2007) |
| 06/21/2007 | 97 | NOTICE by All Defendants *of Multi-District Litigation Developments Pursuant to Local Rule CV-42* (Attachments: # 1 Exhibit A)(Gardner, Allen) (Entered: 06/21/2007) |
| 06/27/2007 | 98 | Interdistrict transfer to the District of Delaware, Wilmington, De. Purusant to letter Elizabeth Dinan was notified. Certified copy of Docket Sheet, Complaint, Transfer Order and Letter were mailed to the Federal Blding, Lockbox 18, 844 N. King Street Wilmington, DE(ch, ) Additional attachment(s) added on 6/28/2007 (ch, ). Modified on 6/28/2007 (ch, ). (Entered: 06/27/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/02/2007 13:26:08 | | | |
| **PACER Login:** | ud0037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-00223-TJW-CE |
| **Billable Pages:** | 10 | **Cost:** | 0.80 |

**Appendix K**

Revised: 12/3/03

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
## Marshall DIVISION
## APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case #_____2:06-CV-233-LED____

Style: __Rembrandt Technologies LP v. Charter Communications, Inc., et al.____

2. Applicant is representing the following party/ies:

__Cox Communications, Inc., Cox Com, Inc., Cox Enterprises, Inc.__

3. Applicant was admitted to practice in __Georgia__ (state) on _____1/14/2000_____ (date)

4. Applicant is in good standing and is otherwise eligible to practice law before this court

5. Applicant is not currently suspended or disbarred in any other court

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language) If so, give complete information on a separate page

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle) If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle) If so, give complete information on a separate page

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant

11. Applicant has been admitted to practice in the following courts:

Georgia (2000), Northern District of Georgia (2000); Middle District of Georgia (2003); District of Colorado (2003); U S Court of Appeals for the Eleventh Circuit (2003); and Federal Court of Appeals (2005).

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule A T-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only

**Application Oath:**

I, __Candice C. Decaire__ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States

Date __8/4/06__          Signature __Candice Decaire__

Name (please print) __Candice C. Decaire__

State Bar Number ___209815___

Firm Name: ___Kilpatrick Stockton LLP___

Address/P.O. Box: __1100 Peachtree Street, Suite 2800__

City/State/Zip: ___Atlanta, GA 30309-4530___

Telephone #: ___404-815-6033___

Fax #: ___404-541-3218___

E-mail Address: __cdecaire@kilpatrickstockton.com__

Secondary E-mail Address: __N/A__

Applicant is authorized to enter an appearance as counsel for the party/parties listed above  This application has been approved for the court this ___ day of _____, 2006

David J Maland, Clerk

U.S. District Court, Eastern District of Texas

By _____

Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-223 |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | Judge Leonard E. Davis |
| CHARTER COMMUNICATIONS | ) | |
| OPERATING, LLC, COX | ) | JURY TRIAL DEMANDED |
| COMMUNICATIONS, INC., COXCOM, INC., | ) | |
| COX ENTERPRISES, INC., CSC HOLDINGS, | ) | |
| INC. AND CABLEVISION SYSTEMS | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANTS' CHARTER COMMUNICATIONS, INC.
### AND CHARTER COMMUNICATIONS OPERATING LLC
### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Charter Communications, Inc. and Charter Communications Operating LLC (collectively "Charter"), answers Rembrandt Technologies, LP's ("Rembrandt") Complaint For Patent Infringement as follows:

### The Parties

1.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and demands strict proof thereof.

2.      Charter admits the allegations of paragraph 2 for purposes of this litigation only.

3.      Charter admits the allegations of paragraph 3.

4.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.      Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

### Jurisdiction and Venue

9.      Charter admits that this action invokes the United States patent laws.

10.     Charter admits that this Court has subject matter jurisdiction over patent law claims.

11.     Charter denies the allegations of paragraph 11.

12.     Charter admits the allegations of paragraph 12 for purposes of this litigation only.

### Count 1 – Infringement of U.S. Patent No. 5,243,627

13.     Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-12.

14.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and demands strict proof thereof.

15.     Charter admits that the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 5,243,627 ("the '627 patent") on September 7, 1993.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15.

16.     Charter admits the allegations of paragraph 16.

2

17.    Charter denies the allegations of paragraph 17.

18.    Charter denies the allegations of paragraph 18.

### Count II – Infringement of U.S. Patent No. 5,852,631

19.    Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-18.

20.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and demands strict proof thereof.

21.    Charter admits that the USPTO issued U.S. Patent No. 5,852,631 ("the '631 patent") on December 22, 1998.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21.

22.    Charter denies the allegations of paragraph 22.

23.    Charter denies the allegations of paragraph 23.

24.    Charter denies the allegations of paragraph 24.

### Count III – Infringement of U.S. Patent No. 5,719,858

25.    Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-24.

26.    Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and demands strict proof thereof.

27.    Charter admits that the USPTO issued U.S. Patent No. 5,719,858 (the '858 patent") on February 17, 1998.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27.

28.    Charter denies the allegations of paragraph 28.

29.    Charter denies the allegations of paragraph 29.

30.    Charter denies the allegations of paragraph 30.

## Count IV – Infringement of U.S. Patent No. 4,937,819

31.     Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-30.

32.     Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and demands strict proof thereof.

33.     Charter admits that the USPTO issued U.S. Patent No. 4,937,819 ("the '819 patent") on June 26, 1990.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33.

34.     Charter denies the allegations of paragraph 34.

35.     Charter denies the allegations of paragraph 35.

36.     Charter denies the allegations of paragraph 36.

## AFFIRMATIVE DEFENSES

1.     The claims of the '627 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

2.     The claims of the '631 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

3.     The claims of the '858 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

4.     The claims of the '819 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

5.     The claims are barred, in whole or in part, by the doctrines of laches or estoppel.

## COUNTERCLAIMS

Defendant Charter, for its Counterclaims against Rembrandt, states as follows:

### Jurisdiction

1.      These Counterclaims arise under the United States patent laws and the declaratory judgment statute.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 1367, 1400, 2201 and 2202.

### Factual Background

2.      In its Complaint, Rembrandt asserts that Charter has infringed and does infringe the '627, '631, '858 and '819 patents, directly and/or indirectly.

3.      The '627, '631, '858 and '819 patents are invalid, and have not been and are not infringed by Charter, either directly or indirectly.

4.      Consequently, there is an actual case or controversy between the parties over the infringement, validity, and/or enforceability of the '627, '631, '858 and '819 patents.

### First Counterclaim

5.      Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

6.      Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '627 patent.

7.      This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Second Counterclaim

8.      Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

9.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '631 patent.

10.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Third Counterclaim

11.    Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

12.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '858 patent.

13.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Fourth Counterclaim

14.    Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

15.    Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '819 patent.

16.    This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Fifth Counterclaim

17.    Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

18.    The claims of the '627 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

19.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Sixth Counterclaim

20.     Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

21.     The claims of the '631 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

22.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Seventh Counterclaim

23.     Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

24.     The claims of the '858 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

25.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Eighth Counterclaim

26.     Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

27.     The claims of the '819 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

28.     This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Charter respectfully requests that this Court order judgment in its favor

on each and every Counterclaim set forth above, and award it relief including, but not limited to,

the following:

(a) Dismissal of all of Rembrandt's claims against Charter with prejudice;

(b) Entry of judgment declaring that the claims of the '627, '631, '858 and '819 patents are not infringed by Charter;

(c) Entry of judgment declaring that the claims of the '627, '631, '858 and '819 patents are invalid;

(d) An injunction permanently enjoining Rembrandt and its officers, agents, servants, attorneys, and all persons in active concert or participation with them, from bringing or threatening to bring any suit or charge against Charter relating to alleged infringement of the '627, '631, '858 and '819 patents;

(e) A declaration that this action is an exceptional case under 35 U.S.C. § 285 and an award to Charter of its attorneys' fees incurred in defending this action; and

(f) Such other and further relief as this Court may deem just and proper under the circumstances.

Dated: August 17, 2006

Respectfully submitted,

CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC

By: */s/ Bradford P. Lyerla, by permission*
*Michael E. Jones*
Bradford P. Lyerla, *Attorney in Charge*
*Pro Hac Vice Pending*
Email: blyerla@marshallip.com
Kevin D. Hogg
*Pro Hac Vice Pending*
Email: khogg@marshallip.com
William J. Kramer
*Pro Hac Vice Pending*
Email: wkramer@marshallip.com
Paul B. Stephens
*Pro Hac Vice Pending*
Email: pstephens@marshallip.com

MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: (312) 474-6300
Fax: (312) 474-0448

Michael E. Jones
State Bar No. 10929400
POTTER MINTON, PC
110 North College
500 Plaza Tower
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846
Email: mikejones@potterminton.com

Attorneys for Defendants,
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS OPERATING,
LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded via the Court's CM/ECF Filing System or via first class mail to each attorney/party of record on August 17, 2006.

/s/ Michael E. Jones

# SEALED

# DOCUMENT

# FILED

# IN

# ERROR

FILED

IN

ERROR

6-1-639

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
Revised 03/05

AUG 17 2006

DAVID J. MALAND, CLERK
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

## APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # __2:06 CV 223__
Style: __Rembrandt Technologies, LP vs. Charter Communications, Inc., et al__

2. Applicant is representing the following party/ies:
__Charter Communications, Inc. and Charter Communications Operating, LLC__

3. Applicant was admitted to practice in __Illinois__ (state) on __October 29, 1980__ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:
*Please see separate insert._____

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

Application Oath:

I, ____Bradford P. Lyerla_____ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date __8-16-06__ Signature _____

Name (please print) _____ Bradford P. Lyerla _____

State Bar Number _____ ARDC # 3127392 _____

Firm Name: _Marshall, Gerstein & Borun LLP _____

Address/P.O. Box: __233 South Wacker Drive, 6300 Sears Tower_

City/State/Zip: _____ Chicago, Illinois 60606 _____

Telephone #: ____(312) 474-6300 _____

Fax #: _____(312) 474-0448 _____

E-mail Address: __Blyerla@marshallip.com _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this ⎤7⎤ day of _Au_____ , 20⎤6⎤

David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By _____
    Deputy Clerk

**INSERT**

**Response to No. 11 of the**
**Application to Appear Pro Hac Vice**
**for Bradford P. Lyerla in Case # 2:06 CV 223**

Whereas applicant has been admitted to practice in the following courts:

Supreme Court of Illinois

U.S. District Court, Northern District of Illinois

U.S. Supreme Court

U.S. Court of Appeals for the Seventh Circuit

U.S. Court of Appeals for the Second Circuit

U.S. Court of Appeals for the Federal Circuit

U.S. District Court, District of Nebraska

U.S. District Court, Northern District of California, San Jose Division

U.S. District Court, Northern District of Ohio

U.S. District Court, District of Minnesota

U.S. District Court, District of Colorado

U.S. District Court, Central District of Illinois

U.S. District Court, Eastern District of Wisconsin

6-1-6



F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Revised 1/3/02 AUG 1 5 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

### APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case #__2:06 CV 223___
Style:___Rembrandt Technologies, LP vs. Charter Communications, Inc., et al_____

2. Applicant is representing the following party/ies:
___Charter Communications, Inc. and Charter Communications Operating, LLC_____

3. Applicant was admitted to practice in __Illinois___ (state) on __December 19, 1984__ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle) If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant

11. Applicant has been admitted to practice in the following courts:
* Please see attached insert._____

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d))

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

Application Oath:

I, ____Kevin D. Hogg_____ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date _August 15, 2006_ Signature _____

Name (please print) ____ Kevin D. Hogg _____

State Bar Number _____ ARDC # 6188146 _____

Firm Name: _ Marshall, Gerstein & Borun LLP _____

Address/P.O. Box: __ 233 South Wacker Drive, 6300 Sears Tower_

City/State/Zip: _____ Chicago, Illinois 60606 _____

Telephone #: ___ (312) 474-6300 _____

Fax #: _____ (312) 474-0448 _____

E-mail Address: __ Khogg@marshallip.com _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this /7day of _Cecy_____, 20 06

David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By _____
Deputy Clerk

**INSERT**

### Response to No. 11 of the
### Application to Appear Pro Hac Vice
### for Kevin D. Hogg in Case # 2:06 CV 223

Whereas applicant has been admitted to practice in the following courts:

Supreme Court of Illinois

U.S. District Court, Northern District of Illinois

U.S. Court of Appeals for the Federal Circuit

Supreme Court of Ohio

U.S. District Court, District of Colorado

U.S. District Court, Northern District of California, San Jose Division

U.S. District Court, District of Minnesota

$6-1-6391$



F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Revised: 12/3/03 AUG 1 7 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

## APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # __2:06 CV 223_____
Style: __Rembrandt Technologies, LP vs. Charter Communications, Inc., et al_____

2. Applicant is representing the following party/ies:
___Charter Communications, Inc. and Charter Communications Operating, LLC_____

3. Applicant was admitted to practice in __Illinois___ (state) on __November 5, 1992___ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:
Northern District of Illinois _____

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d))

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

Application Oath:

I, ____William Joseph Kramer_____ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date _August 16, 2006_ Signature _W J Kramer_____

Name (please print) _____ William Joseph Kramer _____

State Bar Number _____ ARDC # 6211052 _____

Firm Name: _Marshall, Gerstein & Borun LLP _____

Address/P.O. Box: __233 South Wacker Drive, 6300 Sears Tower_

City/State/Zip: _____ Chicago, Illinois 60606 _____

Telephone #: ___(312) 474-6300 _____

Fax #: _____ (312) 474-0448 _____

E-mail Address: __Wkramer@marshallip.com _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this _17_ day of _Culy_ ___, 20_06_

David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By _____
Deputy Clerk

6-1-639



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Revised: AUG 1 7 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

**APPLICATION TO APPEAR PRO HAC VICE**

1. This application is being made for the following: Case # __2:06 CV 223__
Style: __Rembrandt Technologies, LP vs. Charter Communications, Inc., et al__

2. Applicant is representing the following party/ies:
__Charter Communications, Inc. and Charter Communications Operating, LLC__

3. Applicant was admitted to practice in __Illinois__ (state) on __November 5, 1998__ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:
Northern District of Illinois; Court of Appeals for the Federal Circuit

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

Application Oath:

I, __Paul Bryan Stephens__ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date __Aug 16, 2006__ Signature __[signature]__

Name (please print) _____ Paul Bryan Stephens _____

State Bar Number _____ ARDC # 6256729 _____

Firm Name: _Marshall, Gerstein & Borun LLP _____

Address/P.O. Box: __233 South Wacker Drive, 6300 Sears Tower

City/State/Zip: _____ Chicago, Illinois 60606 _____

Telephone #: ___(312) 474-6300 _____

Fax #: _____ (312) 474-0448 _____

E-mail Address: __Pstephens@marshallip.com _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this _17_ day of ___ _Aug_ ___, 20_06_

David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By _____

Deputy Clerk

6-1-6311

F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 17 2006

Revised: 12/3/03
DAVID J. MALAND, CLERK
BY
DEPUTY

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

### APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # __2:06 CV 223__
Style: __Rembrandt Technologies, LP vs. Charter Communications, Inc., et al__

2. Applicant is representing the following party/ies:
___Charter Communications, Inc. and Charter Communications Operating, LLC___

3. Applicant was admitted to practice in __New York__ (state) on __May 8, 2003__ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language) If so, give complete information on a separate page

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle) If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:
U.S. District Court for the Southern District of New York; U.S. District Court for the Eastern District of New York

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

Application Oath:

I, __Margaret Lynn Begalle__ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date __8-15-06__ Signature _____

Name (please print) _____Margaret Lynn Begalle_____

State Bar Number _____MB 3908_____

Firm Name: _Marshall, Gerstein & Borun LLP_____

Address/P.O. Box: __233 South Wacker Drive, 6300 Sears Tower

City/State/Zip: _____Chicago, Illinois 60606_____

Telephone #: ___(312) 474-6300_____

Fax #: _____(312) 474-0448_____

E-mail Address: __Mbegalle@marshallip.com_____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this $\Box$ day of _Clug_____, 20$\bigcirc$$\diagup$

David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By _____
Deputy Clerk

**INSERT**

**Response to No. 9 of the
Application to Appear Pro Hac Vice
for Margaret Lynn Begalle in Case # 2:06 CV 223**


On September 21, 1997, while in college in Iowa City, Iowa, an officer arrived at an apartment

where my roommates and I were playing loud music. They issued a citation for disorderly house (simple

misdemeanor). A court appearance was required and a $50 fine (plus costs) was paid.

U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 17 2006

DAVID J. MALAND, CLERK
BY
DEPUTY

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

### APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case #___2:06 CV 223_____
Style:___Rembrandt Technologies, LP vs. Charter Communications, Inc., et al_____

2. Applicant is representing the following party/ies:
___Charter Communications, Inc. and Charter Communications Operating, LLC_____

3. Applicant was admitted to practice in __IL; CA___ (state) on __5/6/2004; 12/6/1999_____ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:
Supreme Court of Illinois; U.S. District Court of the Northern District of Illinois; Supreme Court of California; U.S. District Court of Northern District of California_____

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

Application Oath:

I,____Gregory E. Stanton_____ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date __8/15/2006__ Signature _____

Name (please print) _____ Gregory E. Stanton _____
State Bar Number _____ ARDC # 6282142; CA 203495 _____
Firm Name: _Marshall, Gerstein & Borun LLP_____
Address/P.O. Box: __233 South Wacker Drive, 6300 Sears Tower_
City/State/Zip: _____ Chicago, Illinois 60606 _____
Telephone #: ___(312) 474-6300_____
Fax #: _____(312) 474-0448_____
E-mail Address: __Gstanton@marshallip.com_____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this _17_day of _Aug_____, 20_06_

David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By _____
Deputy Clerk

6-1-639

F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 17 2006

Revised: 12/3/03
DAVID J. MALAND, CLERK
BY
DEPUTY

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

## APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # __2:06 CV 223__
Style: __Rembrandt Technologies, LP vs. Charter Communications, Inc., et al__

2. Applicant is representing the following party/ies:
__Charter Communications, Inc. and Charter Communications Operating, LLC__

3. Applicant was admitted to practice in __Illinois__ (state) on __November 8, 2001__ (date)

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:
Supreme Court of Illinois; U.S. District Court of the Northern District of Illinois

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d))

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

Application Oath:

I, __Charles Edward Juister__ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date __8/15/06__ Signature _____

Name (please print) _____ Charles Edward Juister _____

State Bar Number _____ ARDC # 6275220 _____

Firm Name: _ Marshall, Gerstein & Borun LLP _____

Address/P O Box: __233 South Wacker Drive, 6300 Sears Tower_

City/State/Zip: _____ Chicago, Illinois 60606 _____

Telephone #: ____ (312) 474-6300 _____

Fax #: _____ (312) 474-0448 _____

E-mail Address: __ Cjuister@marshallip.com _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this /7 day of _Aug_____, 20 06

David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By _____
Deputy Clerk

6-1-639

F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 17 2006
Revised: 12/3/03

DAVID J. MALAND, CLERK
BY
DEPUTY

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

### APPLICATION TO APPEAR PRO HAC VICE

1. This application is being made for the following: Case # __2:06 CV 223__
Style: __Rembrandt Technologies, LP vs. Charter Communications, Inc., et al__

2. Applicant is representing the following party/ies:
   __Charter Communications, Inc. and Charter Communications Operating, LLC__

3. Applicant was admitted to practice in __Illinois__ (state) on __November 30, 2004__ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

_____

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

Application Oath:

I, __Jon-Thomas Bloch__ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date _8/15/06_ Signature _____

Name (please print) ___ Jon-Thomas Bloch _____

State Bar Number ____ 6282541 _____

Firm Name: _Marshall, Gerstein & Borun LLP _____

Address/P.O. Box: __ 233 South Wacker Drive, 6300 Sears Tower

City/State/Zip: _____ Chicago, Illinois 60606 _____

Telephone #: ____ (312) 474-6300 _____

Fax #: _____ (312) 474-0448 _____

E-mail Address: __Jbloch@marshallip.com ___ _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court this ⌐7 day of _____ _____ , 20 _06_

David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP    )
    )
    **Plaintiff,**    )
    )   **Case No. 2-06CV-223 LED**
**v.**    )
    )
CHARTER COMMUNICATIONS, INC.,    )
CHARTER COMMUNICATIONS    )
OPERATING, LLC, COX    )
COMMUNICATIONS, INC., COXCOM,    )
INC., COX ENTERPRISES, INC., CSC    )
HOLDINGS, INC., and CABLEVISION    )
SYSTEMS CORPORATION    )
_____ )

## AGREED MOTION FOR EXTENSION OF TIME
## TO RESPOND TO REMBRANDT TECHNOLOGIES, LP'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Rembrandt Technologies, LP, by its counsel Mr. Robert Chris Bunt, has agreed that Defendants Cox Communications, Inc., Coxcom, Inc., and Cox Enterprises, Inc. may move the Court to enlarge the period of time for Defendants' response to Plaintiff's Complaint for Patent Infringement by thirty (30) days, that is – up to and including September 27, 2006.

Good cause exists for granting this motion, which is made on the ground that additional time is necessary to allow Defendants' counsel sufficiently to confer with their clients and appropriately to respond to Plaintiff's Complaint for Patent Infringement.

1

Accordingly, Defendants Cox Communications, Inc., Coxcom, Inc., and Cox Enterprises, Inc. respectfully request that the Court enlarge the time for Defendants to respond to Plaintiff's Complaint for Patent Infringement up until and including September 27, 2006.

Respectfully submitted, this 21st day of August, 2006.


_____/s/_____

Candice C. Decaire
Georgia Bar No. 209815
KILPATRICK STOCKTON LLP
1100 Peachtree St NE
Suite 2800
Atlanta GA  30309-4530
Telephone:  404-815-6214
Facsimile:   404-815-6555

Michael Edwin Jones
POTTER MINTON PC
110 N. College, Suite 500
P.O. Box 359
Tyler, TX  75710-0359
Telephone:  903-597-8311
Facsimile:  903-593-0846

**Attorneys for Cox Communications, Inc.,
Coxcom, Inc., and Cox Enterprises, Inc.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP    )
    )
       Plaintiff,    )
    )  Case No. 2-06CV-223 LED
v.    )
    )
CHARTER COMMUNICATIONS, INC.,    )
CHARTER COMMUNICATIONS    )
OPERATING, LLC, COX    )
COMMUNICATIONS, INC., COXCOM,    )
INC., COX ENTERPRISES, INC., CSC    )
HOLDINGS, INC., and CABLEVISION    )
SYSTEMS CORPORATION    )

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Defendants Cox Communications, Inc., Coxcom, Inc., and Cox Enterprises, Inc. conferred with counsel for Plaintiff, Robert Chris Bunt, Esq., and counsel for Plaintiff does not oppose Defendants' motion for extension of time to respond to Plaintiff's Complaint for Patent Infringement.

_____/s/_____
Candice C. Decaire

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES,, LP | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 2-06CV-223 LED |
| v. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | |
| OPERATING, LLC, COX | ) | |
| COMMUNICATIONS, INC., COXCOM, | ) | |
| INC., COX ENTERPRISES, INC., CSC | ) | |
| HOLDINGS, INC., and CABLEVISION | ) | |
| SYSTEMS CORPORATION | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this AGREED MOTION FOR

EXTENSION OF TIME TO RESPOND TO REMBRANDT TECHNOLOGIES,

LP'S COMPLAINT FOR PATENT INFRINGEMENT was filed electronically in

compliance with Local Rule CV-5(a) and contemporaneously served upon all counsel

who have consented to electronic service. Other counsel shall be served by first class

mail.


_____*/s/*_____
Candice C. Decaire

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 2-06CV-223 LED |
| v. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | |
| OPERATING, LLC, COX | ) | |
| COMMUNICATIONS, INC., COXCOM, | ) | |
| INC., COX ENTERPRISES, INC., CSC | ) | |
| HOLDINGS, INC., and CABLEVISION | ) | |
| SYSTEMS CORPORATION | ) | |

**ORDER GRANTING AGREED MOTION FOR EXTENSION
OF TIME TO RESPOND TO REMBRANDT TECHNOLOGIES, LP'S
COMPLAINT FOR PATENT INFRINGEMENT**

Upon reviewing the Agreed Motion for Extension of Time to Respond to

Rembrandt Technologies, LP's Complaint for Patent Infringement filed by

Defendants Cox Communications, Inc., Coxcom, Inc., and Cox Enterprises, Inc., this

Court finds that there is good cause for a thirty (30) day enlargement of time for

Defendants to respond to Plaintiff's complaint and accordingly GRANTS the Agreed

Motion.

It is hereby ORDERED that Defendants Cox Communications, Inc., Coxcom,

Inc., and Cox Enterprises, Inc. shall be required to respond to Plaintiff's Complaint

for Patent Infringement on or before September 27, 2006.

_____
United States District Court, E.D. Texas

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 2-06CV-223 LED |
| v. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | |
| OPERATING, LLC, COX | ) | |
| COMMUNICATIONS, INC., COXCOM, | ) | |
| INC., COX ENTERPRISES, INC., CSC | ) | |
| HOLDINGS, INC., and CABLEVISION | ) | |
| SYSTEMS CORPORATION | ) | |

**ORDER GRANTING AGREED MOTION FOR EXTENSION
OF TIME TO RESPOND TO REMBRANDT TECHNOLOGIES, LP'S
COMPLAINT FOR PATENT INFRINGEMENT**

Upon reviewing the Agreed Motion for Extension of Time to Respond to

Rembrandt Technologies, LP's Complaint for Patent Infringement filed by

Defendants Cox Communications, Inc., Coxcom, Inc., and Cox Enterprises, Inc., this

Court finds that there is good cause for a thirty (30) day enlargement of time for

Defendants to respond to Plaintiff's complaint and accordingly GRANTS the Agreed

Motion.

It is hereby ORDERED that Defendants Cox Communications, Inc., Coxcom,

Inc., and Cox Enterprises, Inc. shall be required to respond to Plaintiff's Complaint

for Patent Infringement on or before September 27, 2006.

So ORDERED and SIGNED this 29th day of August, 2006.



LEONARD DAVIS
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) **Case No. 2-06CV-223 LED** | |
| | ) | |
| **CHARTER COMMUNICATIONS, INC.,** | ) | |
| **CHARTER COMMUNICATIONS** | ) | |
| **OPERATING, LLC, COX** | ) | |
| **COMMUNICATIONS, INC., COXCOM,** | ) | |
| **INC., COX ENTERPRISES, INC., CSC** | ) | |
| **HOLDINGS, INC., and CABLEVISION** | ) | |
| **SYSTEMS CORPORATION** | ) | |
| _____ | ) | |

### NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)

Pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff voluntarily dismisses

without prejudice its allegations against Defendants Cox Enterprises, Inc. and Cox

Communications, Inc.

Respectfully submitted, this 6th day of September, 2006.


_/s/ Sam Baxter_____      /s/ Mitchell G. Stockwell (by SFB w/permission)

| | |
|---|---|
| Sam Baxter | Mitchell G. Stockwell |
| State Bar No. 01938000 | Lead Attorney |
| MCKOOL SMITH, P.C. | Georgia Bar No. 682912 |
| 505 E. Travis, Suite 105 | Candice C. Decaire |
| Marshall, Texas  75670 | Georgia Bar No. 209815 |
| Telephone:  903-927-2111 | KILPATRICK STOCKTON LLP |
| Facsimile:  903-927-2622 | 1100 Peachtree St NE, Suit 2800 |
| | Atlanta GA  30309-4530 |
| **Attorneys for Plaintiff** | Telephone:  404-815-6214 |
| **Rembrandt Technologies, LP** | Facsimile:   404-815-6555 |

**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE,**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a (1) - PAGE 1**

Robert M. Parker
State Bar #15498000
Robert C. Bunt
State Bar #00787165
PARKER & BUNT P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Tel: 903-533-9288
Fax: 903-533-9687

**Attorneys for Plaintiff
Rembrandt Technologies, LP**

Michael Edwin Jones
POTTER MINTON PC
110 N. College, Suite 500
P.O. Box 359
Tyler, TX 75710-0359
Telephone: 903-597-8311
Facsimile: 903-593-0846

**Attorneys for Cox Communications, Inc.,
Coxcom, Inc., and Cox Enterprises, Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this **NOTICE OF VOLUNTARY DISMISSAL**

**WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE**

**41(A)(1)** was filed electronically in compliance with Local Rule CV-5(a) and

contemporaneously served upon all counsel who have consented to electronic service. Other

counsel shall be served by first class mail on this the 6th day of September, 2006.


/s/ Sam Baxter
Sam Baxter

**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE,
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a (1) - PAGE 2**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **Case No. 2:06-CV-223 LED** |
| | § | |
| CHARTER COMMUNICATIONS, INC.; | § | |
| CHARTER COMMUNICATIONS OPERATING, | § | |
| LLC; COX COMMUNICATIONS, INC.; | § | **JURY TRIAL REQUESTED** |
| COX ENTERPRISES, INC.; COXCOM, INC.; | § | |
| CSC HOLDINGS, INC. and CABLEVISION | § | |
| SYSTEMS CORPORATION, | § | |
| | § | |
| **Defendants.** | § | |

**ORDER
DISMISSING WITHOUT PREJUDICE DEFENDANTS
COX ENTERPRISES INC. AND COX COMMUNICATIONS, INC.**

Plaintiff Rembrandt Technologies, LP ("Rembrandt") filed a "Notice of Voluntary Dismissal Without Prejudice, Pursuant to Federal Rule of Civil Procedure 41(a)(1)" to dismiss Defendants Cox Enterprises, Inc. and Cox Communications, Inc. from this action. After considering the Notice and finding that neither Cox Enterprises, Inc. nor Cox Communications, Inc., has filed an answer or a motion for summary judgment in this action, the Court hereby dismisses, without prejudice, the allegations against Cox Enterprises, Inc. and Cox Communications, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CASE NO. 2:06-CV-223 [LED]** |
| | § | **JURY TRIAL REQUESTED** |
| **CHARTER COMMUNICATIONS, INC.,** | § | |
| **CHARTER COMMUNICATIONS** | § | |
| **OPERATING, LLC, COX** | § | |
| **COMMUNICATIONS, INC., COXCOM,** | § | |
| **INC., COX ENTERPRISES, INC., CSC** | § | |
| **HOLDINGS, INC. AND CABLEVISION** | § | |
| **SYSTEMS CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

**REMBRANDT TECHNOLOGIES, LP'S CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), hereby advises the Court that Rembrandt, a New Jersey limited partnership, has no parent corporation, nor is there any publicly held corporation that has a 10% or more ownership interest in Rembrandt.

DATED:  September 8, 2006

Respectfully submitted,

____/s/ Sam Baxter_____
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P.O. Drawer 1249
Marshall, Texas  75670
Telephone:  (903) 938-4395
Telecopier:  (903) 938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF**
**REMBRANDT TECHNOLOGIES, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 8th day of September, 2006.

/s/ Sam Baxter
Sam Baxter

FILED

IN

ERROR

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CASE NO. 2:06-CV-223 [LED]** |
| | § | **JURY TRIAL REQUESTED** |
| CHARTER COMMUNICATIONS, INC., | § | |
| CHARTER COMMUNICATIONS | § | |
| OPERATING, LLC, COX | § | |
| COMMUNICATIONS, INC., COXCOM, | § | |
| INC., COX ENTERPRISES, INC., CSC | § | |
| HOLDINGS, INC. AND CABLEVISION | § | |
| SYSTEMS CORPORATION | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER AND COUNTERCLAIMS

Plaintiff Rembrandt Technologies, LP ("Rembrandt") respectfully submits this Reply to the Answer and Counterclaims of Defendants Charter Communications, Inc. and Charter Communications Operating LLC (collectively "Charter") filed August 17, 2006:

## JURISDICTION

1.      Rembrandt admits that Charter purports to seek declaratory relief under the Declaratory Judgment Act and the patent laws of the United States, and that this Court has jurisdiction over such claims, but denies that Charter is entitled to its requested relief.

## FACTUAL BACKGROUND

2.      Admitted.

3.      Denied.

4.      Rembrandt admits that there is an actual case or controversy between the parties, but denies that it is for the reason alleged by Charter.

## FIRST COUNTERCLAIM

5.      Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

6.      Denied.

7.      Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## SECOND COUNTERCLAIM

8.      Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

9.      Denied.

10.     Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## THIRD COUNTERCLAIM

11.     Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

12.     Denied.

13.     Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## FOURTH COUNTERCLAIM

14.     Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

15.     Denied.

16.     Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## FIFTH COUNTERCLAIM

17.     Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

18.     Denied.

19.     Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## SIXTH COUNTERCLAIM

20.     Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

21.     Denied.

22.     Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## SEVENTH COUNTERCLAIM

23.     Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

24.     Denied.

25.     Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## EIGHTH COUNTERCLAIM

26.     Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

27.     Denied.

28.     Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that the Court deny in all respects Charter's prayer for relief, that the Court enter judgment against Charter on all claims alleged by Charter, and that the Court enter on behalf of Rembrandt:

(a)     a judgment that Charter has infringed the Rembrandt patents-in-suit directly and/or indirectly by way of inducing infringement and/or contributing to the infringement of those patents;

(b)     a permanent injunction enjoining and restraining Charter and its agents, servants, employees, affiliates, divisions and subsidiaries, and those in association therewith, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

(c)     a judgment and order requiring Charter to pay Rembrandt damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35

4

U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting as needed;

(d)     a judgment and order requiring Charter to pay Rembrandt pre-judgment and post-judgment interest on the damages awarded;

(e)     a judgment and order finding this to be an exceptional case and requiring Charter to pay the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285; and

(f)     such other and further relief as the Court deems just and equitable.

DATED:  September 11, 2006                Respectfully submitted,

                                          /s/ Sam Baxter_____
                                          Sam Baxter
                                          State Bar No. 01938000
                                          **McKOOL SMITH, P.C.**
                                          505 E. Travis, Suite 105
                                          Marshall, Texas  75670
                                          Telephone:  (903) 927-2111
                                          Telecopier:  (903) 927-2622
                                          sbaxter@mckoolsmith.com

                                          Jeffrey A. Carter
                                          State Bar No. 03919400
                                          **McKOOL SMITH, P.C.**
                                          300 Crescent Court, Suite 1500
                                          Dallas, Texas  75201
                                          Telephone:  (214) 978-4006
                                          Telecopier:  (214) 978-4044
                                          jcarter@mckoolsmith.com

                                          Travis Gordon White
                                          State Bar No. 21333000
                                          **McKOOL SMITH, P.C.**
                                          300 W. 6th Street, Suite 1700
                                          Austin, Texas  78701
                                          Telephone:  (512) 692-8700
                                          Telecopier:  (512) 692-8744
                                          gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P.O. Drawer 1249
Marshall, Texas  75670
Telephone:  (903) 938-4395
Telecopier:  (903) 938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

6

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 11th day of September, 2006.


/s/ Sam Baxter_____
Sam Baxter

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 2:06-CV-223 LED** |
| | § | |
| **CHARTER COMMUNICATIONS, INC.;** | § | |
| **CHARTER COMMUNICATIONS OPERATING,** | § | |
| **LLC; COX COMMUNICATIONS, INC.;** | § | **JURY TRIAL REQUESTED** |
| **COX ENTERPRISES, INC.; COXCOM, INC.;** | § | |
| **CSC HOLDINGS, INC. and CABLEVISION** | § | |
| **SYSTEMS CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER
### DISMISSING WITHOUT PREJUDICE DEFENDANTS
### COX ENTERPRISES INC. AND COX COMMUNICATIONS, INC.

Plaintiff Rembrandt Technologies, LP ("Rembrandt") filed a "Notice of Voluntary Dismissal Without Prejudice, Pursuant to Federal Rule of Civil Procedure 41(a)(1)" to dismiss Defendants Cox Enterprises, Inc. and Cox Communications, Inc. from this action. After considering the Notice and finding that neither Cox Enterprises, Inc. nor Cox Communications, Inc., has filed an answer or a motion for summary judgment in this action, the Court hereby dismisses, without prejudice, the allegations against Cox Enterprises, Inc. and Cox Communications, Inc.

**So ORDERED and SIGNED this 18th day of September, 2006.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

Dallas 224931v1