CLOSED, DISCMAG, JURY, PATENT

# U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Marshall)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00223-TJW-CE

Rembrandt Technologies, LP v. Charter Communications, Inc., et al

Assigned to: Judge T. John Ward
Referred to: Magistrate Judge Charles Everingham
Cause: 35:271 Patent Infringement

Date Filed: 06/01/2006
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Rembrandt Technologies, LP**          represented by

**Robert M Parker**
Parker, Bunt & Ainsworth, P.C.
100 E Ferguson
Suite 1114
Tyler, TX 75702
903/531-3535
Fax: 9035339687
Email: rmparker@pbatyler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel Franklin Baxter**
McKool Smith - Marshall
P O Box O
Marshall, TX 75671
US
903/927-2111
Fax: 903/927-2622
Email: sbaxter@mckoolsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Wayne Caldwell**
McKool Smith
300 Crescent Court
Suite 1500
Dallas, TX 75201
214/978-4000
Fax: 2149784044
Email: bcaldwell@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 1114

Tyler, TX 75702
US
903/531-3535
Fax: 903/533-9687
Email: charley@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Franklin Jones, Jr**
Jones & Jones - Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
Fax: 9039383360
Email: maizieh@millerfirm.com
*ATTORNEY TO BE NOTICED*

**Jeffrey A Carter**
McKool Smith - Dallas
300 Crescent Court
Suite 1200
Dallas, TX 75201
214/978-4006
Fax: 12149784044
Email: jcarter@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**John Franklin Garvish, II**
McKool Smith - Austin
300 W 6th St
Ste 1700
Austin, TX 78701
512/692-8731
Fax: 512/692-8744
Email: jgarvish@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
903/531-3535
Fax: 903/533-9687
Email: rcbunt@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Thomas Guy Fasone, III**
McKool Smith
300 Crescent Court
Suite 1500

Dallas, TX 75201
214/978-4000
Email: tfasone@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Travis Gordon White**
McKool Smith
300 W 6th St
Ste 1700
Austin, TX 78701
512/692-8701
Email: gwhite@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Charter Communications, Inc.,**             represented by  **Allen Franklin Gardner**
                                                              Potter Minton PC
                                                              110 N College
                                                              Suite 500
                                                              PO Box 359
                                                              Tyler, TX 75710-0359
                                                              903/597-8311
                                                              Email: allengardner@potterminton.com

                                                              *ATTORNEY TO BE NOTICED*

                                                              **Bradford P Lyerla**
                                                              Marshall Gerstein & Borun
                                                              233 S Wacker Dr
                                                              6300 Sears Tower
                                                              Chicago, IL 60606-6357
                                                              312/474-6300
                                                              Fax: 312/474-0448
                                                              Email: blyerla@marshallip.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Charles Edward Juister**
                                                              Marshall Gerstein & Borun
                                                              233 S Wacker Dr
                                                              6300 Sears Tower
                                                              Chicago, IL 60606-6357
                                                              312/474-6300
                                                              Fax: 312/474-0448
                                                              Email: cjuister@marshallip.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Diane DeVasto**
                                                              Potter Minton

110 N. College Street, Suite 500
Tyler, Tx 75702
US
903-597-8311
Fax: 903-593-0846
Email:
dianedevasto@potterminton.com
*ATTORNEY TO BE NOTICED*

**Gregory E Stanton**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: gstanton@marshallip.com
*ATTORNEY TO BE NOTICED*

**Jon-Thomas Bloch**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: jbloch@marshallip.com
*ATTORNEY TO BE NOTICED*

**Kevin D Hogg**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 317/474-0448
Email: khogg@marshallip.com
*ATTORNEY TO BE NOTICED*

**Margaret Lynn Begalle**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: Mbegalle@marshallip.com
*ATTORNEY TO BE NOTICED*

**Paul Bryan Stephens**

Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: pstephens@marshallip.com
*ATTORNEY TO BE NOTICED*

**William Joseph Kramer**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: wkramer@marshallip.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charter Communications Operating,**            represented by   **Allen Franklin Gardner**
**LLC**                                                           (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Bradford P Lyerla**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Charles Edward Juister**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Diane DeVasto**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Gregory E Stanton**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jon-Thomas Bloch**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Kevin D Hogg**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Margaret Lynn Begalle**
                                                                  (See above for address)

*ATTORNEY TO BE NOTICED*

**Paul Bryan Stephens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Joseph Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cox Communications, Inc.**          represented by   **Candice C Decaire**
*TERMINATED: 09/19/2006*                               Kilpatrick Stockton LLP - Atlanta
                                                       1100 Peachtree St
                                                       Ste 2800
                                                       Atlanta, GA 30309-4530
                                                       404/815-6033
                                                       Fax: 404/541-3218
                                                       Email:
                                                       cdecaire@kilpatrickstockton.com

                                                       **Leroy M Toliver**
                                                       Kilpatrick Stockton
                                                       1100 Peachtree St
                                                       Suite 2800
                                                       Atlanta, GA 30309
                                                       404/815-6483
                                                       Fax: 404/541-3274
                                                       Email: btoliver@kilpatrickstockton.com

                                                       **Michael Edwin Jones**
                                                       Potter Minton PC
                                                       110 N College
                                                       Suite 500
                                                       PO Box 359
                                                       Tyler, TX 75710-0359
                                                       903/597/8311
                                                       Fax: 9035930846
                                                       Email: mikejones@potterminton.com

                                                       **Mitchell G Stockwell**
                                                       Kilpatrick Stockton LLP
                                                       1100 Peachtree St
                                                       Ste 2800
                                                       Atlanta, GA 30309-4530
                                                       404/815-6214
                                                       Fax: 14048156555
                                                       Email:
                                                       mstockwell@kilpatrickstockton.com

**Defendant**

**Cox Enterprises, Inc,.**          represented by  **Candice C Decaire**
*TERMINATED: 09/19/2006*                 (See above for address)

                                          **Leroy M Toliver**
                                          (See above for address)

                                        **Michael Edwin Jones**
                                        (See above for address)

                                        **Mitchell G Stockwell**
                                        (See above for address)

**Defendant**

**Coxcom, Inc.,**               represented by  **Allen Franklin Gardner**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Candice C Decaire**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Diane DeVasto**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Leroy M Toliver**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Michael Edwin Jones**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Mitchell G Stockwell**
                                        (See above for address)
                                        *ATTORNEY TO BE NOTICED*

                                        **Tonya R Deem**
                                        Kilpatrick Stockton LLP NC
                                        1001 W Fourth Street
                                        Winston-Salem, NC 27101
                                        336-607-7485
                                        Fax: 336-607-7500
                                        Email: tdeem@kilpatrickstockton.com
                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**CSC Holdings, Inc.**

**Defendant**

**Cablevision Systems Corporation**

**Defendant**

**All Defendants**

**Movant**

**Coxcom, Inc.,**

**Movant**

**Comcast Cable Communications,
LLC**

**Movant**

**Comcast Corporation**

**Movant**

**Comcast of Plano, LP**

**Counter Claimant**

**Charter Communications, Inc.,**          represented by **Michael Edwin Jones**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Charter Communications Operating,
LLC**                                      represented by **Michael Edwin Jones**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Rembrandt Technologies, LP**

**Counter Claimant**

**Coxcom, Inc.,**

V.

**Counter Defendant**

**Rembrandt Technologies, LP**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/01/2006 | 1 | COMPLAINT against Cablevision Systems Corporation, Charter Communications, Inc.,, Charter Communications Operating, LLC, Cox Communications, Inc., Cox Enterprises, Inc,., Coxcom, Inc.,, CSC |

| | | |
|---|---|---|
| | | Holdings, Inc. (Filing fee $ 350.) , filed by Rembrandt Technologies, LP. (Attachments: # 1 Civil Cover Sheet)(ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 | | DEMAND for Trial by Jury by Rembrandt Technologies, LP. (ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 | 2 | Form mailed to Commissioner of Patents and Trademarks. (ehs, ) (Entered: 06/02/2006) |
| 06/02/2006 | | Filing fee: $ 350.00, receipt number 2-1-1540 (ehs, ) (Entered: 06/06/2006) |
| 06/28/2006 | 3 | NOTICE of Attorney Appearance by Franklin Jones, Jr on behalf of Rembrandt Technologies, LP (Jones, Franklin) (Entered: 06/28/2006) |
| 07/06/2006 | 4 | MOTION to Withdraw as Attorney by Rembrandt Technologies, LP. (Bunt, Robert) Additional attachment(s) added on 7/7/2006 (mll, ). (Entered: 07/06/2006) |
| 07/11/2006 | 5 | ORDER granting 4 Motion to Withdraw Fish & Richardson PC as Attorney. Signed by Judge Leonard Davis on 7/10/06. (fnt, ) (Entered: 07/11/2006) |
| 07/24/2006 | 16 | APPLICATION to Appear Pro Hac Vice by Attorney Leroy M Toliver for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.. (ch, ) (Entered: 08/07/2006) |
| 07/24/2006 | | Pro Hac Vice Filing fee paid by Toliver; Fee: $25, receipt number: 6-1-6091 (ch, ) (Entered: 08/07/2006) |
| 07/24/2006 | | Summons Issued as to All Defendants. (ehs, ) (Entered: 09/06/2006) |
| 07/25/2006 | 6 | NOTICE of Designation of Attorney in Charge to Samuel Franklin Baxter on behalf of Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 07/25/2006) |
| 07/25/2006 | 7 | NOTICE of Attorney Appearance by Travis Gordon White on behalf of Rembrandt Technologies, LP (White, Travis) (Entered: 07/25/2006) |
| 07/25/2006 | 8 | NOTICE of Attorney Appearance by Jeffrey A Carter on behalf of Rembrandt Technologies, LP (Carter, Jeffrey) (Entered: 07/25/2006) |
| 07/25/2006 | 9 | NOTICE of Attorney Appearance by Bradley Wayne Caldwell on behalf of Rembrandt Technologies, LP (Caldwell, Bradley) (Entered: 07/25/2006) |
| 07/25/2006 | 10 | NOTICE of Attorney Appearance by John Franklin Garvish, II on behalf of Rembrandt Technologies, LP (Garvish, John) (Entered: 07/25/2006) |
| 07/26/2006 | 15 | APPLICATION to Appear Pro Hac Vice by Attorney Mitchell G Stockwell for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.. (ch, ) (Entered: 08/07/2006) |
| 07/26/2006 | | Pro Hac Vice Filing fee paid by Stockwell; Fee: $25, receipt number: 2-1-1728 (ch, ) (Entered: 08/07/2006) |

| 08/02/2006 | 12 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Cablevision Systems Corporation served on 7/28/2006, answer due 8/17/2006. (ehs, ) (Entered: 08/04/2006) |
|---|---|---|
| 08/02/2006 | 14 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Charter Communications Operating, LLC served on 7/28/2006, answer due 8/17/2006. (ehs, ) (Entered: 08/04/2006) |
| 08/04/2006 | 11 | NOTICE of Attorney Appearance by Michael Edwin Jones on behalf of Cox Communications, Inc., Cox Enterprises, Inc,., Coxcom, Inc., (Jones, Michael) (Entered: 08/04/2006) |
| 08/04/2006 | 13 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Charter Communications, Inc., served on 7/28/2006, answer due 8/17/2006. (ehs, ) (Entered: 08/04/2006) |
| 08/07/2006 | 17 | APPLICATION to Appear Pro Hac Vice by Attorney Candice C Decaire for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.. (ch, ) (Entered: 08/10/2006) |
| 08/07/2006 | | Pro Hac Vice Filing fee paid by Decaire; Fee: $25, receipt number: 2-1-1763 (ch, ) (Entered: 08/10/2006) |
| 08/07/2006 | 21 | APPLICATION to Appear Pro Hac Vice by Attorney Candice C Decaire for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.APPROVED (poa, ) (Entered: 08/14/2006) |
| 08/07/2006 | | Pro Hac Vice Filing fee paid by Decaire; Fee: $25, receipt number: 2-1-1763 (poa, ) (Entered: 08/14/2006) |
| 08/09/2006 | 18 | E-GOV SEALED SUMMONS Returned Executed Certified Mail by Rembrandt Technologies, LP. Cox Communications, Inc. served on 8/2/2006, answer due 8/22/2006. (ch, ) (Entered: 08/10/2006) |
| 08/09/2006 | 19 | E-GOV SEALED SUMMONS Returned Executed Certified Mail by Rembrandt Technologies, LP. Coxcom, Inc., served on 8/2/2006, answer due 8/22/2006. (ch, ) (Entered: 08/10/2006) |
| 08/09/2006 | 20 | E-GOV SEALED SUMMONS Returned Executed Certified Mail by Rembrandt Technologies, LP. CSC Holdings, Inc. served on 7/31/2006, answer due 8/21/2006. (ch, ) (Entered: 08/10/2006) |
| 08/17/2006 | 22 | *Defendants' Charter Communications, Inc. and Charter Communications Operating LLC* ANSWER to Complaint , *Affirmative Defenses and*, COUNTERCLAIM against Rembrandt Technologies, LP by Charter Communications, Inc.,, Charter Communications Operating, LLC.(Jones, Michael) (Entered: 08/17/2006) |
| 08/17/2006 | 26 | APPLICATION to Appear Pro Hac Vice by Attorney Bradford P Lyerla for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Lyerla; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |

| | | |
|---|---|---|
| 08/17/2006 | 27 | APPLICATION to Appear Pro Hac Vice by Attorney Kevin D Hogg for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Hogg; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | 28 | APPLICATION to Appear Pro Hac Vice by Attorney William Joseph Kramer for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Kramer; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | 29 | APPLICATION to Appear Pro Hac Vice by Attorney Paul Bryan Stephens for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Stephens; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | 30 | APPLICATION to Appear Pro Hac Vice by Attorney Margaret Lynn Begalle for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Begalle; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Begalle; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | 31 | APPLICATION to Appear Pro Hac Vice by Attorney Gregory E Stanton for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Stanton; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | 32 | APPLICATION to Appear Pro Hac Vice by Attorney Charles Edward Juister for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Juister; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | 33 | APPLICATION to Appear Pro Hac Vice by Attorney Jon-Thomas Bloch for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Bloch; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/18/2006 | 23 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Cox Enterprises, Inc,. served on 8/8/2006, answer due 8/28/2006. (ehs, ) (Entered: 08/18/2006) |

| 08/21/2006 | 24 | ***FILED IN ERROR; PLEASE IGNORE***<br><br>MOTION for Extension of Time to File Answer *Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement* by Cox Communications, Inc., Cox Enterprises, Inc,., Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order Granting Agreed Motion to Extension of Time to Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement)(Stockwell, Mitchell) Modified on 8/28/2006 (mpv, ). (Entered: 08/21/2006) |
|---|---|---|
| 08/21/2006 | 25 | ***FILED IN ERROR; ATTY USED WRONG EVENT TO DOCKET; PLEASE IGNORE***<br><br>***FILED IN ERROR. Document # 24, Motion for Extension of Time to File Answer/Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement. PLEASE IGNORE.***<br><br>*Agreed Motion for Extension of Time to Respond to Rembrandt Technologies, LP'S Complaint for Patent Infringement* (Attachments: # 1 Text of Proposed Order Granting Agreed Motion for Extension of Time to Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement)(Decaire, Candice) Modified on 8/28/2006 (mpv, ). (Entered: 08/21/2006) |
| 08/21/2006 | 34 | ***REPLACES #24 & #25***<br><br>MOTION for Extension of Time to File Answer/Respond re 1 Complaint, by Cox Communications, Inc., Cox Enterprises, Inc, Coxcom, Inc. (Attachments: # 1 Text of Proposed Order) (mpv, ) Modified on 8/28/2006 (mpv, ). (Entered: 08/28/2006) |
| 08/21/2006 |  | ***FILED IN ERROR. Document # 24, MOTION for Extension of Time to File Answer /Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement. PLEASE IGNORE. REPLACED BY #34***<br><br>(mpv, ) (Entered: 08/28/2006) |
| 08/21/2006 |  | ***FILED IN ERROR. Document # 25, Agreed Motion for Extension of Time to Respond to Rembrandt Technologies, LP'S Complaint for Patent Infringement. PLEASE IGNORE. DOCKETED INCORRECTLY BY ATTORNEY AS NOTICE OF DOCKET CORRECTION; REPLACED BY #34***<br><br>(mpv, ) (Entered: 08/28/2006) |
| 08/29/2006 | 35 | ORDER granting 34 Motion for Extension of Time to Answer. Dft's Cox Communications, Inc., Coxcom, Inc., and Cox Enterprises, Inc. Deadline to answer Pla's Complaint is 9/27/06 . Signed by Judge Leonard Davis on 8/29/06. (ch, ) (Entered: 08/29/2006) |
| 08/29/2006 |  | Answer Due Deadline Updated for Cox Communications, Inc. to |

| | | |
|---|---|---|
| | | 9/27/2006; Cox Enterprises, Inc,. to 9/27/2006; Coxcom, Inc., to 9/27/2006. (ch, ) (Entered: 08/29/2006) |
| 09/06/2006 | 36 | NOTICE of Voluntary Dismissal by Rembrandt Technologies, LP (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 09/06/2006) |
| 09/08/2006 | 37 | CORPORATE DISCLOSURE STATEMENT filed by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 09/08/2006) |
| 09/11/2006 | 38 | *** FILED IN ERROR - PLEASE IGNORE - TO BE REFILED ***ANSWER to Counterclaim, COUNTERCLAIM against Rembrandt Technologies, LP by Rembrandt Technologies, LP.(Baxter, Samuel) Modified on 9/11/2006 (rml, ). (Entered: 09/11/2006) |
| 09/11/2006 | | ***FILED IN ERROR. Document # 38, Answer & Crossclaim. PLEASE IGNORE.*** <br><br> (rml, ) (Entered: 09/11/2006) |
| 09/11/2006 | 39 | ***REPLACES #38*** <br><br> RESPONSE to 22 Answer to Complaint, Counterclaim,, *PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER AND COUNTERCLAIMS* by Rembrandt Technologies, LP. (Baxter, Samuel) Modified on 9/12/2006 (mpv, ). (Entered: 09/11/2006) |
| 09/19/2006 | 40 | ORDER dismissing defts Cox Communications, Inc. and Cox Enterprises, Inc. without prejudice. Signed by Judge Leonard Davis on 9/19/06. (ehs, ) (Entered: 09/19/2006) |
| 09/20/2006 | 41 | ORDER - the court transfers this case to the Honorable T. John Ward. Signed by Judge Leonard Davis on 9/20/06. (ch, ) (Entered: 09/20/2006) |
| 09/21/2006 | 42 | NOTICE of Attorney Appearance by Robert Christopher Bunt on behalf of Rembrandt Technologies, LP (Bunt, Robert) (Entered: 09/21/2006) |
| 09/21/2006 | 43 | NOTICE of Attorney Appearance by Charles Ainsworth on behalf of Rembrandt Technologies, LP (Ainsworth, Charles) (Entered: 09/21/2006) |
| 09/27/2006 | 44 | Second MOTION for Extension of Time to File Answer *to Rembrandt Technologies, LP's Complaint for Patent Infringement* by Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order Granting Motion for Extension of Time to Answer)(Decaire, Candice) (Entered: 09/27/2006) |
| 09/28/2006 | 45 | ORDER granting 44 Motion for Extension of Time to Answer. Deadline extended to 10/6/06 for deft Coxcom, Inc. to answer . Signed by Judge T. John Ward on 9/28/06. (ehs, ) (Entered: 09/28/2006) |
| 09/28/2006 | | Answer Due Deadline Updated for Coxcom, Inc., to 10/6/2006. (ehs, ) (Entered: 09/28/2006) |
| 10/06/2006 | 46 | ANSWER to Complaint *and*, COUNTERCLAIM against Rembrandt Technologies, LP by Coxcom, Inc.,.(Jones, Michael) (Entered: |

| | | 10/06/2006) |
|---|---|---|
| 10/16/2006 | 47 | NOTICE of Voluntary Dismissal by Rembrandt Technologies, LP (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 10/16/2006) |
| 10/18/2006 | 48 | CORPORATE DISCLOSURE STATEMENT filed by Charter Communications, Inc.,, Charter Communications Operating, LLC identifying Charter Communications, Inc. as Corporate Parent. (Jones, Michael) (Entered: 10/18/2006) |
| 10/24/2006 | 49 | CORPORATE DISCLOSURE STATEMENT filed by Coxcom, Inc., identifying Cox Communications, Inc., a wholly owned subsidiary of Cox Enterprises, Inc. as Corporate Parent. (Toliver, Leroy) (Entered: 10/24/2006) |
| 10/27/2006 | 50 | ANSWER to Counterclaim by Rembrandt Technologies, LP.(Baxter, Samuel) (Entered: 10/27/2006) |
| 10/30/2006 | 55 | APPLICATION to Appear Pro Hac Vice by Attorney Tonya R Deem for Cox Communications. (ch, ) (Entered: 01/09/2007) |
| 10/30/2006 | | Pro Hac Vice Filing fee paid by Deem; Fee: $25, receipt number: 1-1-3130 (ch, ) (Entered: 01/09/2007) |
| 11/13/2006 | 51 | ORDER - granting 47 Notice of Voluntary Dismissal. Dft Cablevision Systems Corporation and CSC Holdings, Inc. are dismissed without prejudice. Signed by Judge T. John Ward on 11/13/06. (ch, ) (Entered: 11/13/2006) |
| 12/14/2006 | 52 | MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* by Coxcom, Inc.,. (Attachments: # 1 Exhibit 1 - Order USA Video case# 2 Exhibit 2 - Spalding Declaration# 3 Exhibit 3 - Website# 4 Text of Proposed Order)(Jones, Michael) (Entered: 12/14/2006) |
| 12/21/2006 | 53 | Consent MOTION for Extension of Time to File Response/Reply *MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS OF COXCOM, INC.* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 12/21/2006) |
| 12/29/2006 | 54 | ORDER granting 53 Consent MOTION for Extension of Time to File Response/Reply *MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS OF COXCOM, INC.* Responses due by 1/10/2007. Signed by Judge T. John Ward on 12/29/06. (ch, ) (Entered: 12/29/2006) |
| 01/10/2007 | 56 | RESPONSE in Opposition re 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* filed by Rembrandt Technologies, LP. (Attachments: # 1 Affidavit of Jeffrey A. Carter# 2 Exhibit A# 3 Affidavit of Anthony Joseph Magee# 4 Exhibit A# 5 Exhibit B# 6 Exhibit C# 7 Exhibit D Part 1# 8 Exhibit D Part 2# 9 Exhibit E Part 1# 10 Exhibit E Part 2# 11 Exhibit F# 12 Exhibit G# 13 Exhibit H# 14 Exhibit I# 15 Exhibit J# 16 Exhibit K# 17 Exhibit L# 18 |

| | | |
|---|---|---|
| | | Exhibit M# 19 Exhibit N# 20 Exhibit O# 21 Exhibit P# 22 Exhibit Q# 23 Exhibit R# 24 Exhibit S# 25 Exhibit T# 26 Exhibit U Part 1# 27 Exhibit U Part 2# 28 Exhibit V)(Baxter, Samuel) (Entered: 01/10/2007) |
| 01/22/2007 | 57 | MOTION for Extension of Time to File Response/Reply as to 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* by Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 01/22/2007) |
| 01/23/2007 | 58 | ORDER granting 57 Motion for Extension of Time to File Reply in support of motion to dismiss. Responses due by 1/26/2007. Signed by Judge T. John Ward on 1/23/07. (ehs, ) (Entered: 01/23/2007) |
| 01/26/2007 | 59 | REPLY to Response to Motion re 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* filed by Coxcom, Inc.,. (Attachments: # 1 Supplemental Declaration of J. Spalding# 2 Exhibit 1# 3 Exhibit 2# 4 Exhibit 3# 5 Exhibit 4A-D)(Jones, Michael) (Entered: 01/26/2007) |
| 01/29/2007 | 60 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Charter Communications, Inc.,, Charter Communications Operating, LLC (Gardner, Allen) (Entered: 01/29/2007) |
| 01/29/2007 | 61 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Coxcom, Inc., (Gardner, Allen) (Entered: 01/29/2007) |
| 02/05/2007 | 62 | REPLY to Response to Motion re 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support SURREPLY IN OPPOSITION TO COXCOM INC.'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION* filed by Rembrandt Technologies, LP. (Baxter, Samuel) (Entered: 02/05/2007) |
| 03/02/2007 | 63 | MOTION to Consolidate Cases by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order)(DeVasto, Diane) (Entered: 03/02/2007) |
| 03/08/2007 | 64 | NOTICE of Hearing: Scheduling Conference set for 4/3/2007 at 2:00 PM in Ctrm 106 (Marshall) before Judge T. John Ward. (shd, ) (Entered: 03/08/2007) |
| 03/09/2007 | 65 | NOTICE by Coxcom, Inc., *of Filing Motion for Transfer and Consolidation of Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. 1407* (Attachments: # 1 MDL Motion for Transfer and Consolidation# 2 Motion Ex. A# 3 Motion Ex. B# 4 MDL Memorandum# 5 MDL Exhibit List# 6 MDL Notice of Appearance# 7 MDL Corporate Disclosure# 8 MDL Certificate of Service)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/09/2007 | 66 | Additional Attachments to Main Document: 65 Notice (Other), Notice (Other).. (Attachments: # 1 MDL Ex. 1# 2 MDL Ex. 2# 3 MDL Ex. 3# 4 MDL Ex. 4# 5 MDL Ex. 5# 6 MDL Ex. 6# 7 MDL Ex. 7# 8 MDL Ex. 8# 9 MDL Ex. 9# 10 MDL Ex. 10# 11 MDL Ex. 11# 12 MDL Ex. 12# 13 MDL Ex. 13# 14 MDL Ex. 14# 15 MDL Ex. 15# 16 MDL Ex. 16# 17 |

|  |  |  |
|---|---|---|
|  |  | MDL Ex. 17# [18](#) MDL Ex. 18# [19](#) MDL Ex. 19# [20](#) MDL Ex. 20# [21](#) MDL Ex. 21# [22](#) MDL Ex. 22# [23](#) MDL Ex. 23# [24](#) MDL Ex. 24# [25](#) MDL Ex. 25# [26](#) MDL Ex. 26# [27](#) MDL Ex. 27# [28](#) MDL Ex. 28# [29](#) MDL Ex. 29# [30](#) MDL Ex. 30# [31](#) MDL EX. 31# [32](#) MDL Ex. 32# [33](#) MDL Ex. 33# [34](#) MDL Ex. 34# [35](#) MDL Ex. 35# [36](#) MDL Ex. 36# [37](#) MDL Ex. 37# [38](#) MDL Ex. 38# [39](#) MDL Ex. 39# [40](#) MDL Ex. 40# [41](#) MDL Ex. 41# [42](#) MDL Ex. 42# [43](#) MDL Ex. 43)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/14/2007 | [67](#) | NOTICE of Scheduling conference, proposed deadlines for docket control order and discovery. Scheduling Conference set for 4/3/07 at 2:00 pm, in Marshall, Tx (djh, ) (Entered: 03/14/2007) |
| 03/19/2007 | [68](#) | RESPONSE in Opposition re [63](#) MOTION to Consolidate Cases *filed by Rembrandt Technologies, LP*. (Baxter, Samuel) (Entered: 03/19/2007) |
| 03/26/2007 | [69](#) | Consent MOTION for Leave to File Excess Pages by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc.,. (Attachments: # [1](#) Text of Proposed Order # [2](#) Exhibit 1) (DeVasto, Diane) (Entered: 03/26/2007) |
| 03/29/2007 | [70](#) | NOTICE by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc., *of Developments in Related Cases* (Attachments: # [1](#) Order Staying Civil Actions)(Jones, Michael) (Entered: 03/29/2007) |
| 03/30/2007 | [71](#) | NOTICE by Rembrandt Technologies, LP *Joint Notice of Conference Regarding Proposed Discovery Order and Docket Control Order* (Attachments: # [1](#) Text of Proposed Order Proposed Discovery Order and Docket Control Order)(Carter, Jeffrey) (Entered: 03/30/2007) |
| 04/02/2007 | [72](#) | ORDER granting [69](#) Motion for Leave to File Excess Pages concerning deft's reply memorandum in support of motion to consolidate cases for pretrial proceedings. Signed by Judge T. John Ward on 4/2/07. (ehs, ) (Entered: 04/02/2007) |
| 04/02/2007 | [73](#) | REPLY to Response to Motion re [63](#) MOTION to Consolidate Cases *filed by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc.,*. (DeVasto, Diane) (Entered: 04/02/2007) |
| 04/03/2007 | [74](#) | ORDER referring case to Magistrate Judge Charles Everingham in accordance with the assignments made by General Order 07-03. The magistrate judge shall conduct pre-trial proceedings pursuant to 28 USC 636. Signed by Judge T. John Ward on 4/2/07. (ch, ) (Entered: 04/03/2007) |
| 04/05/2007 | [75](#) | NOTICE by Rembrandt Technologies, LP *NOTICE OF FILING OPPOSITION TO COXCOM'S MOTION FOR TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION* (Attachments: # [1](#) Reasons Why Oral Argument Should be Heard in Opposition to CoxCom's Motion for Transfer and Consolidation# [2](#) Response to CoxCom's Motion for Transfer and Consolidation# [3](#) Rembrandt's Brief in Opposition to CoxCom's Motion |

|  |  |  |
|---|---|---|
|  |  | for Transfer and Consolidation# 4 Exhibit List# 5 Exhibit 1# 6 Exhibit 2# 7 Exhibit 3# 8 Exhibit 4# 9 Exhibit 5# 10 Exhibit 6# 11 Exhibit 7# 12 Exhibit 8# 13 Exhibit 9# 14 Exhibit 10# 15 Exhibit 11# 16 Exhibit 12# 17 Exhibit 13# 18 Proof of Service)(Baxter, Samuel) (Entered: 04/05/2007) |
| 04/12/2007 | 76 | RESPONSE to 65 Notice (Other), Notice (Other) *Response to the Motion to Consolidate Cases* by Comcast Cable Communications, LLC, Comcast Corporation, Comcast of Plano, LP. (Doan, Jennifer) Amended Certificate of Service added on 4/13/2007 (mpv, ). Modified on 4/13/2007 (mpv, ). (Entered: 04/12/2007) |
| 04/12/2007 | 77 | SUR-REPLY to Reply to Response to Motion re 63 MOTION to Consolidate Cases *filed by Rembrandt Technologies, LP*. (Baxter, Samuel) (Entered: 04/12/2007) |
| 04/18/2007 | 78 | NOTICE by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc., *Notice of Development* (Attachments: # 1 Notice of Hearing)(Gardner, Allen) (Entered: 04/18/2007) |
| 04/19/2007 | 79 | ORDER REGARDING THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION. Signed by Judge Charles Everingham on 4/18/07. (ch, ) (Entered: 04/19/2007) |
| 04/19/2007 | 80 | DOCKET CONTROL ORDER Respond to Amendeding Pleadings 11/30/07. Amended Pleadings due by 11/16/2007. Discovery due by 5/14/2008. Joinder of Parties due by 5/3/2007.Claims Construction Hearing set for 2/13/2008 - 2/14/08 9:00 AM before Judge T. John Ward. Motions in limine due by 7/21/2008. Proposed Pretrial Order due by 7/21/2008. Jury Selection set for 8/4/2008 9:00AM before Judge T. John Ward. Pretrial Conference set for 7/24/2008 9:30 AM before Judge T. John Ward. Privilege Logs to be exchanged by parties 6/4/07. All other deadlines are set forth herein. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
| 04/24/2007 | 81 | NOTICE by Rembrandt Technologies, LP *NOTICE REGARDING THE PROTECTIVE ORDER* (Attachments: # 1 Attachment A)(Baxter, Samuel) CORRECTED PROPOSED ORDER added on 4/25/2007 (mpv, ). Modified on 4/25/2007 (mpv, ). (Entered: 04/24/2007) |
| 04/24/2007 | 82 | NOTICE by Rembrandt Technologies, LP *NOTICE REGARDING ELECTRONIC PRODUCTION* (Baxter, Samuel) (Entered: 04/24/2007) |
| 04/25/2007 |  | NOTICE re 81 Notice (Other) CORRECTED PROPOSED PROTECTIVE ORDER NOW ATTACHED. (mpv, ) (Entered: 04/25/2007) |
| 04/30/2007 | 83 | Minute Entry for proceedings held before Judge Charles Everingham : Scheduling Conference held on 4/30/2007. (Court Reporter Debbie Latham.)(delat, ) (Entered: 04/30/2007) |
| 05/03/2007 |  | TRANSCRIPT of Proceedings held on 4/3/07 before Judge Chad Everingham. Court Reporter: Transcriber/Susan Simmons. (lss) (Entered: |

| | | |
|---|---|---|
| | | 05/03/2007) |
| 05/03/2007 | 85 | NOTICE by Rembrandt Technologies, LP *PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF COMPLIANCE WITH PATENT RULES 3-1 AND 3-2* (Baxter, Samuel) (Entered: 05/03/2007) |
| 05/03/2007 | 86 | NOTICE by Charter Communications, Inc.,, Charter Communications Operating, LLC *of Disclosures* (Gardner, Allen) (Entered: 05/03/2007) |
| 05/04/2007 | 87 | NOTICE of Disclosure by Coxcom, Inc.,, Coxcom, Inc.,, Coxcom, Inc., *Notice of Service of Initial Disclosures* (Stockwell, Mitchell) (Entered: 05/04/2007) |
| 05/04/2007 | 88 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 05/04/2007) |
| 05/04/2007 | 89 | PROTECTIVE ORDER. Signed by Judge Charles Everingham on 5/4/07. (ehs, ) (Entered: 05/04/2007) |
| 05/18/2007 | 90 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 05/18/2007) |
| 06/04/2007 | 91 | Joint MOTION to Amend/Correct *the Docket Control Order to Move the Date for Exchanging Privilege Logs* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Carter, Jeffrey) (Entered: 06/04/2007) |
| 06/06/2007 | 92 | ORDER granting 91 Motion to Amend/Correct. Docket Control Order is amended to move the date for parties to exchange privilege logs to 7/10/07. Signed by Judge Charles Everingham on 6/5/07. (ch, ) (Entered: 06/06/2007) |
| 06/08/2007 | 93 | NOTICE of Attorney Appearance by Thomas Guy Fasone, III on behalf of Rembrandt Technologies, LP (Fasone, Thomas) (Entered: 06/08/2007) |
| 06/12/2007 | 94 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 06/12/2007) |
| 06/14/2007 | 95 | NOTICE of Disclosure by Charter Communications, Inc.,, Charter Communications Operating, LLC *P.R. 3-3 and P.R. 3-4* (Gardner, Allen) (Entered: 06/14/2007) |
| 06/14/2007 | 96 | NOTICE of Disclosure by Coxcom, Inc., *P.R. 3-3 and P.R. 3-4* (Gardner, Allen) (Entered: 06/14/2007) |
| 06/21/2007 | 97 | NOTICE by All Defendants *of Multi-District Litigation Developments Pursuant to Local Rule CV-42* (Attachments: # 1 Exhibit A)(Gardner, Allen) (Entered: 06/21/2007) |
| 06/27/2007 | 98 | Interdistrict transfer to the District of Delaware, Wilmington, De. Purusant to letter Elizabeth Dinan was notified. Certified copy of Docket Sheet, Complaint, Transfer Order and Letter were mailed to the Federal Blding, Lockbox 18, 844 N. King Street Wilmington, DE(ch, ) Additional attachment(s) added on 6/28/2007 (ch, ). Modified on 6/28/2007 (ch, ). (Entered: 06/27/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/02/2007 13:26:08 | | | |
| **PACER Login:** | ud0037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-00223-TJW-CE |
| **Billable Pages:** | 10 | **Cost:** | 0.80 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO.  2:06 CV 223 |
| | § | PATENT CASE |
| CHARTER COMMUNICATIONS, | § | |
| INC., et al. | § | |
| | § | |
| Defendant | § | |

## ORDER

The Court **TRANSFERS** this case to the Honorable T. John Ward.


**So ORDERED and SIGNED this 20th day of September, 2006.**


_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP<br><br>       Plaintiff,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, INC.,<br>CHARTER COMMUNICATIONS<br>OPERATING, LLC, COX<br>COMMUNICATIONS, INC., COXCOM,<br>INC., COX ENTERPRISES, INC., CSC<br>HOLDINGS, INC., and CABLEVISION<br>SYSTEMS CORPORATION,<br><br>       Defendants. | Case No. 2:06-cv-00223 (TJW)<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF APPEARANCE

Notice is hereby given that attorney Robert Christopher Bunt enters his appearance in this matter as additional counsel for Plaintiff Rembrandt Technologies, LP for the purpose of receiving notices from the Court.

Dated: September 21, 2006                    Respectfully submitted,

                                             */s/ Robert Christopher Bunt*
                                             Robert Christopher Bunt
                                             State Bar No.  00787165
                                             Robert M. Parker
                                             State Bar No. 15498000
                                             Charles Ainsworth
                                             State Bar No. 00783521
                                             **PARKER, BUNT & AINSWORTH, P.C.**
                                             100 E. Ferguson, Suite 1114
                                             Tyler, Texas 75702
                                             903/531-3535
                                             903/533-9687 - Facsimile
                                             E-mail: rmparker@pbatyler.com
                                             E-mail: rcbunt@pbatyler.com
                                             E-mail: charley@pbatyler.com

## CERTIFICATE OF SERVICE

I hereby certify that the all counsel of record, who are deemed to have consented to electronic service are being served this September 21, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).   Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                             */s/ Robert Christopher Bunt*
                                             Robert Christopher Bunt

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP

       Plaintiff,

  v.

CHARTER COMMUNICATIONS, INC.,
CHARTER COMMUNICATIONS
OPERATING, LLC, COX
COMMUNICATIONS, INC., COXCOM,
INC., COX ENTERPRISES, INC., CSC
HOLDINGS, INC., and CABLEVISION
SYSTEMS CORPORATION,

       Defendants.

Case No. 2:06-cv-00223 (TJW)

**JURY TRIAL DEMANDED**

## NOTICE OF APPEARANCE

Notice is hereby given that attorney Charles Ainsworth enters his appearance in this matter as additional counsel for Plaintiff Rembrandt Technologies, LP for the purpose of receiving notices from the Court.

Dated: September 21, 2006          Respectfully submitted,

                                   */s/ Charles Ainsworth*
                                   Charles Ainsworth
                                   State Bar No. 00783521
                                   Robert Christopher Bunt
                                   State Bar No.  00787165
                                   Robert M. Parker
                                   State Bar No. 15498000
                                   **PARKER, BUNT & AINSWORTH, P.C.**
                                   100 E. Ferguson, Suite 1114
                                   Tyler, Texas 75702
                                   903/531-3535
                                   903/533-9687 - Facsimile
                                   E-mail: rmparker@pbatyler.com
                                   E-mail: rcbunt@pbatyler.com
                                   E-mail: charley@pbatyler.com

                                   Attorneys for Plaintiff
                                   Rembrandt Technologies, LP

## CERTIFICATE OF SERVICE

       I hereby certify that the all counsel of record, who are deemed to have consented to electronic service are being served this September 21, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).   Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                   */s/ Charles Ainsworth*
                                   Charles Ainsworth

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP )<br><br>Plaintiff, )<br><br>v. )<br><br>CHARTER COMMUNICATIONS, INC., )<br>CHARTER COMMUNICATIONS )<br>OPERATING, LLC, COXCOM, )<br>INC., CSC HOLDINGS, INC., )<br>and CABLEVISION )<br>SYSTEMS CORPORATION )<br>_____ ) | Case No. 2-06CV-223 LED |

## AGREED MOTION FOR EXTENSION OF TIME
## TO RESPOND TO REMBRANDT TECHNOLOGIES, LP'S
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Rembrandt Technologies, LP, by its counsel Mr. Jeffrey A. Carter, has agreed that Defendant Coxcom, Inc. may move the Court to enlarge the period of time for Defendant's response to Plaintiff's Complaint for Patent Infringement by seven (7) days, that is, up to and including October 6, 2006.

Good cause exists for granting this motion. Coxcom has a motion pending in a related case that may inform its answer, and the additional time requested could avoid a request to amend.

Accordingly, Defendant Coxcom, Inc. respectfully requests that the Court enlarge the time for Defendant to respond to Plaintiff's Complaint for Patent Infringement up until and including October 6, 2006.

1

US2000 9513268.1

Respectfully submitted, this 27th day of September, 2006.

/s/ Candice C. Decaire

Candice C. Decaire
Georgia Bar No. 209815
KILPATRICK STOCKTON LLP
1100 Peachtree St NE
Suite 2800
Atlanta GA 30309-4530
Telephone: 404-815-6214
Facsimile: 404-815-6555

Michael Edwin Jones
POTTER MINTON PC
110 N. College, Suite 500
P.O. Box 359
Tyler, TX 75710-0359
Telephone: 903-597-8311
Facsimile: 903-593-0846

**Attorneys for Coxcom, Inc.**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 2-06CV-223 LED |
| v. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | |
| OPERATING, LLC, COXCOM, | ) | |
| INC., CSC HOLDINGS, INC., | ) | |
| and CABLEVISION | ) | |
| SYSTEMS CORPORATION | ) | |

## <u>CERTIFICATE OF CONFERENCE</u>

The undersigned certifies that counsel for Defendant Coxcom, Inc. has conferred

with counsel for Plaintiff, Jeffrey A. Carter, Esq., and counsel for Plaintiff does not

oppose Defendant's motion for extension of time to respond to Plaintiff's Complaint for

Patent Infringement.

                     */s/ Candice C. Decaire*
                     Candice C. Decaire

US2000 9513268.1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2-06CV-223 LED |
| v. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | |
| OPERATING, LLC, COXCOM, | ) | |
| INC., CSC HOLDINGS, INC., | ) | |
| and CABLEVISION | ) | |
| SYSTEMS CORPORATION | ) | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of this AGREED MOTION FOR

EXTENSION OF TIME TO RESPOND TO REMBRANDT TECHNOLOGIES, LP'S

COMPLAINT FOR PATENT INFRINGEMENT was filed electronically in compliance

with Local Rule CV-5(a) and contemporaneously served upon all counsel who have

consented to electronic service.  Other counsel shall be served by first class mail.


      _/s/ Candice C. Decaire_____
Candice C. Decaire

4

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP     )
                               )
        Plaintiff,             )
                               )   Case No. 2-06CV-223 LED
v.                             )
                               )
CHARTER COMMUNICATIONS, INC.,  )
CHARTER COMMUNICATIONS         )
OPERATING, LLC, COXCOM,        )
INC., CSC HOLDINGS, INC.,      )
and CABLEVISION                )
SYSTEMS CORPORATION            )

**ORDER GRANTING AGREED MOTION FOR EXTENSION
OF TIME TO RESPOND TO REMBRANDT TECHNOLOGIES, LP'S
COMPLAINT FOR PATENT INFRINGEMENT**

Upon reviewing the Agreed Motion for Extension of Time to Respond to

Rembrandt Technologies, LP's Complaint for Patent Infringement filed by Defendant

Coxcom, Inc., this Court finds that there is good cause for a seven (7) day enlargement of

time for Defendant to respond to Plaintiff's complaint and accordingly GRANTS the

Agreed Motion.

It is hereby ORDERED that Defendant Coxcom, Inc. shall be required to respond

to Plaintiff's Complaint for Patent Infringement on or before October 6, 2006.

5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2-06CV-223 TJW |
| v. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | |
| OPERATING, LLC, COXCOM, | ) | |
| INC., CSC HOLDINGS, INC., | ) | |
| and CABLEVISION | ) | |
| SYSTEMS CORPORATION | ) | |

**ORDER GRANTING AGREED MOTION FOR EXTENSION
OF TIME TO RESPOND TO REMBRANDT TECHNOLOGIES, LP'S
COMPLAINT FOR PATENT INFRINGEMENT**

Upon reviewing the Agreed Motion for Extension of Time to Respond to

Rembrandt Technologies, LP's Complaint for Patent Infringement filed by Defendant

Coxcom, Inc., this Court finds that there is good cause for a seven (7) day enlargement of

time for Defendant to respond to Plaintiff's complaint and accordingly GRANTS the

Agreed Motion.

It is hereby ORDERED that Defendant Coxcom, Inc. shall be required to respond

to Plaintiff's Complaint for Patent Infringement on or before October 6, 2006.

SIGNED this 28th day of September, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

5

US2000 9513268.1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-223 TJW |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | |
| OPERATING, LLC, COX | ) | |
| COMMUNICATIONS, INC., COXCOM, | ) | |
| INC., COX ENTERPRISES, INC., CSC | ) | |
| HOLDINGS, INC., and CABLEVISION | ) | |
| SYSTEMS CORPORATION | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## ANSWER AND COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 12(b) Defendant CoxCom, Inc. ("CoxCom") asserts that this Court lacks personal jurisdiction over CoxCom, Plaintiff's service of process over CoxCom was improper in the absence of this Court's personal jurisdiction over CoxCom, and venue in the United States District Court for the Eastern District of Texas is improper. Subject to the above Rule 12(b) objections, CoxCom responds to the allegations of Plaintiff's Complaint for Patent Infringement ("Complaint") as follows:

### THE PARTIES

1.      CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 1 of the Complaint.

2.       CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 2 of the Complaint.

3.     CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 3 of the  Complaint.

4.     CoxCom admits the allegations of Paragraph 4 of the Complaint.

5.     CoxCom admits the allegations of Paragraph 5 of the Complaint.

6.     CoxCom admits the allegations of Paragraph 6 of the Complaint.

7.     CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 7 of the Complaint.

8.     CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9.     CoxCom admits that Plaintiff purports to allege an action for patent infringement arising under the laws of the United States, 35 U.S.C. §§1, et seq., but otherwise denies the allegations of Paragraph 9 of the Complaint.

10.     CoxCom admits that subject matter jurisdiction over claims of patent infringement is proper under 28 U.S.C. §§1331 and 1338(a), but otherwise denies the allegations of Paragraph 10 of the Complaint.

11.     CoxCom denies the allegations of Paragraph 11 of the Complaint.

12.     CoxCom denies the allegations of Paragraph 12 of the Complaint.

## COUNT I

13.     CoxCom restates and incorporates by reference its responses to the allegations of Paragraphs 1 through 12 of the Complaint.

14.     CoxCom is without knowledge or information sufficient to admit or deny the allegations of Paragraph 14 of the Complaint and accordingly denies those allegations.

2

15.     CoxCom admits that the U.S. Patent and Trademark Office issued the '627 patent on September 7, 1993, but otherwise denies the allegations of Paragraph 15 of the Complaint.

16.     CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 16 as it relates to other Defendants.  CoxCom admits that it owns and operates some cable television systems in the United States, but otherwise denies the allegations of Paragraph 16 of the Complaint.

17.     CoxCom denies the allegations of Paragraph 17 of the Complaint.

18.     CoxCom denies the allegations of Paragraph 18 of the Complaint.

## COUNT II

19.     CoxCom restates and incorporates by reference its responses to the allegations of Paragraphs 1 through 18 of the Complaint.

20.     CoxCom is without knowledge or information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint and accordingly denies those allegations.

21.     CoxCom admits that the U.S. Patent and Trademark Office issued the '631 patent on December 22, 1998, but otherwise denies the allegations of Paragraph 21 of the Complaint.

22.     CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 22 as it relates to other Defendants.  CoxCom admits that it owns and operates some cable television systems and provides Internet service in the United States, but otherwise denies the allegations of Paragraph 22 of the Complaint.

23.     CoxCom denies the allegations of Paragraph 23 of the Complaint.

24.     CoxCom denies the allegations of Paragraph 24 of the Complaint.

## COUNT III

25.     CoxCom restates and incorporates by reference its responses to the allegations of Paragraphs 1 through 24 of the Complaint.

26.     CoxCom is without knowledge or information sufficient to admit or deny the allegations of Paragraph 26 of the Complaint and accordingly denies those allegations.

27.     CoxCom admits that the U.S. Patent and Trademark Office issued the '858 patent on February 17, 1998, but otherwise denies the allegations of Paragraph 27 of the Complaint.

28.     CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 28 as it relates to other Defendants.  CoxCom admits that it owns and operates some cable television systems and provides Internet services in the United States, but otherwise denies the allegations of Paragraph 28 of the Complaint.

29.     CoxCom denies the allegations of Paragraph 29 of the Complaint.

30.     CoxCom denies the allegations of Paragraph 30 of the Complaint.

## COUNT IV

31.     CoxCom restates and incorporates by reference its responses to the allegations of Paragraphs 1 through 30 of the Complaint.

32.     CoxCom is without knowledge or information sufficient to admit or deny the allegations of Paragraph 32 of the Complaint and accordingly denies those allegations.

33.     CoxCom admits that the U.S. Patent and Trademark Office issued the '819 patent on June 26, 1990, but otherwise denies the allegations of Paragraph 33 of the Complaint.

34.     CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 34 as it relates to other Defendants.  CoxCom admits that

it owns and operates some cable television systems and provides Internet services in the United States, but otherwise denies the allegations of Paragraph 34 of the Complaint.

35. CoxCom denies the allegations of Paragraph 35 of the Complaint.

36. CoxCom denies the allegations of Paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Court lacks personal jurisdiction over CoxCom. Plaintiff's service of process over CoxCom was improper in the absence of this Court's personal jurisdiction over CoxCom. Venue in the United States District Court for the Eastern District of Texas is improper.

### Second Affirmative Defense

Plaintiff has failed to state a claim for which relief may be granted.

### Third Affirmative Defense

Defendant has not infringed, contributed to infringement of, or induced infringement of the Patents asserted by Plaintiff.

### Fourth Affirmative Defense

The Patents asserted by Plaintiff are invalid under one or more provisions of the United States Code, Title 35.

### Fifth Affirmative Defense

Plaintiff's claims are barred by waiver, laches, acquiescence, and/or estoppel.

### Sixth Affirmative Defense

Plaintiff cannot recover any damages for any alleged infringement of the Patents before filing of the Complaint because the Plaintiff and other entities associated with the Plaintiffs had

US2000 9513323.1

made, offered for sale, or sold in the United States or imported into the United States, products covered by these patents without properly marking them according to 35 U.S.C. § 287.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, CoxCom asserts counterclaims as follows:

1. Plaintiff Rembrandt Technologies, L.P. ("Rembrandt") alleges in this action that CoxCom has infringed, directly or indirectly, and continues to infringe the '627, '631, '858, and '819 patents (the "Rembrandt Patents").  CoxCom denies that it has directly or indirectly infringed and denies that it continues directly or indirectly to infringe any valid and/or enforceable claim of the Rembrandt Patents.

2. CoxCom seeks a declaration by the Court that none of the Rembrandt Patents are infringed by CoxCom.

3. On information and belief, each of the Rembrandt Patents is invalid under one or more provisions of the United States Code, including 35 U.S.C. §§ 102, 103, and 112.

4. CoxCom seeks a declaration by the Court that each of the Rembrandt Patents is invalid.

## PARTIES, JURISDICTION, AND VENUE

5. CoxCom is a Delaware corporation, with its principal place of business at 140 Lake Hearn Drive, Atlanta, Georgia, 30319.

6. On information and belief, Plaintiff Rembrandt Technologies, L.P. ("Rembrandt") is a New Jersey limited partnership with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania 1904.

6

7.     Jurisdiction over Coxcom's counterclaims for declaratory judgment under 28 U.S.C. §§ 2201 *et seq.* is proper under 28 U.S.C. §§ 1331 and 1338(a).

8.     Venue is proper in this judicial district under 28 U.S.C. § 1391.

## COUNT ONE

Declaratory Judgment of Noninfringement, 28 U.S.C. §§ 2201-2202

9.     CoxCom repeats and realleges Paragraphs 1 through 8 of its Counterclaims set out above.

10.     Rembrandt has alleged in this action that CoxCom has infringed, directly or indirectly, and continues to infringe the claims of the Rembrandt Patents.  CoxCom denies that it has directly or indirectly infringed, and denies that it continues directly or indirectly to infringe, any of the Rembrandt Patents.

11.     There is an actual, immediate, and justiciable controversy between CoxCom and Rembrandt as to noninfringement of the Rembrandt Patents.

12.     CoxCom is entitled to a declaration by the Court that CoxCom has not infringed any of the Rembrandt Patents.

13.     CoxCom is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT TWO

Declaratory Judgment of Invalidity And/Or Unenforceability,
28 U.S.C. §§ 2201-2202

14.     CoxCom repeats and realleges Paragraphs 1 through 8 of its Counterclaims set out above.

US2000 9513323.1

15.     Rembrandt has alleged in this action that CoxCom has infringed and continues to infringe each of the Rembrandt Patents.  CoxCom asserts, however, that some or all of the claims of each of the Rembrandt Patents are invalid and/or unenforceable.

16.     There is an actual, immediate, and justiciable controversy between CoxCom and Rembrandt as to the invalidity and/or unenforceability of each of the Rembrandt Patents.

17.     CoxCom is entitled to a declaration by the Court that each of the Rembrandt Patents is invalid and/or unenforceable.

18.     CoxCom is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

CoxCom respectfully prays that the Court:

A.     Declare that CoxCom has not infringed any of the Rembrandt Patents, as requested by Count One of CoxCom's Counterclaims;

B.     Declare that each of the Rembrandt Patents is invalid and/or unenforceable, as requested by Count Two of CoxCom's Counterclaims;

C.     Award CoxCom its costs, including attorneys' fees, in connection with these counterclaims pursuant to 35 U.S.C. § 285; and

D.     Award CoxCom such other relief as the Court deems just and appropriate.

Respectfully submitted, this 6th day of October, 2006.

8

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
KILPATRICK STOCKTON LLP
1100 Peachtree St NE
Suite 2800
Atlanta GA  30309-4530
Telephone:  404-815-6214
Facsimile:   404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas  75710
(903) 597-8311
(903) 593-0846 (Facsimile)

**Attorneys for CoxCom, Inc.**


## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this **ANSWER AND COUNTERCLAIMS** was filed electronically in compliance with Local Rule CV-5(a) and contemporaneously served upon all counsel who have consented to electronic service.  Other counsel shall be served by first class mail.


/s/ Michael E. Jones
Michael E. Jones

US2000 9513323.1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 2:06-CV-223 TJW** |
| | § | |
| **CHARTER COMMUNICATIONS, INC.;** | § | |
| **CHARTER COMMUNICATIONS OPERATING,** | § | |
| **LLC; COX COMMUNICATIONS, INC.;** | § | **JURY TRIAL REQUESTED** |
| **COX ENTERPRISES, INC.; COXCOM, INC.;** | § | |
| **CSC HOLDINGS, INC. and CABLEVISION** | § | |
| **SYSTEMS CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)

Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, Plaintiff voluntarily dismisses without prejudice its allegations against Defendants Cablevision Systems Corporation and CSC Holdings, Inc. Neither Cablevision Systems Corporation nor CSC Holdings, Inc., has filed an answer or a motion for summary judgment in this action.

Respectfully submitted, this 16th day of October, 2006.

_/s/ Sam Baxter_____
Sam Baxter
State Bar No. 01938000
MCKOOL SMITH, P.C.
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: 903-927-2111
Facsimile: 903-927-2622

**Attorneys for Plaintiff**
**Rembrandt Technologies, LP**

**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE,**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a (1) - PAGE 1**

Dallas 226959v1

Robert M. Parker
State Bar #15498000
Robert C. Bunt
State Bar #00787165
PARKER & BUNT P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Tel:  903-533-9288
Fax:  903-533-9687

**Attorneys for Plaintiff**
**Rembrandt Technologies, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this **NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)** was filed electronically in compliance with Local Rule CV-5(a), contemporaneously served upon all counsel who have consented to electronic service and served by first class mail on other counsel on this the 16th day of October, 2006.

/s/ Sam Baxter
Sam Baxter

**NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE,**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a (1) - PAGE 2**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 2:06-CV-223 TJW |
| | § | |
| CHARTER COMMUNICATIONS, INC.; | § | |
| CHARTER COMMUNICATIONS OPERATING, | § | |
| LLC; COX COMMUNICATIONS, INC.; | § | **JURY TRIAL REQUESTED** |
| COX ENTERPRISES, INC.; COXCOM, INC.; | § | |
| CSC HOLDINGS, INC. and CABLEVISION | § | |
| SYSTEMS CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## ORDER
## DISMISSING WITHOUT PREJUDICE DEFENDANTS
## <u>CABLEVISION SYSTEMS CORPORATION AND CSC HOLDINGS, INC.</u>

Plaintiff Rembrandt Technologies, LP ("Rembrandt") filed a "Notice of Voluntary Dismissal Without Prejudice, Pursuant to Federal Rule of Civil Procedure 41(a)(1)" to dismiss Defendants Cablevision Systems Corporation and CSC Holdings, Inc. from this action. After considering the Notice and finding that neither Cablevision Systems Corporation nor CSC Holdings, Inc., has filed an answer or a motion for summary judgment in this action, the Court hereby dismisses, without prejudice, the allegations against Cablevision Systems Corporation and CSC Holdings, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-223 |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | Judge T. John Ward |
| OPERATING, LLC, COX | ) | |
| COMMUNICATIONS, INC., COXCOM, INC., | ) | |
| COX ENTERPRISES, INC., CSC HOLDINGS, | ) | |
| INC., and CABLEVISION SYSTEMS | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendants, Charter

Communications, Inc. and Charter Communications Operating, LLC, provide the following

Corporate Disclosure Statement.

1.  Identity of Defendant's parent corporation: Defendant, Charter Communications, Inc.

is the ultimate parent corporation of Defendant, Charter Communications Operating, LLC.

Charter Communications, Inc. has no parent corporations.

2.  Charter Communications Operating, LLC has no subsidiaries that are not ultimately

wholly owned by Charter Communications Operating, LLC.  Charter Communications, Inc.

owns ten percent (10%) or more of Charter Communications Operating, LLC.

3.  There are no subsidiaries not ultimately wholly owned by Charter Communications, Inc., nor any publicly held company that owns ten percent (10%) or more of Charter Communications, Inc.

Dated: October 18, 2006                    Respectfully submitted,

                                           CHARTER COMMUNICATIONS, INC.
                                           CHARTER COMMUNICATIONS
                                           OPERATING, LLC

                                           By: */s/ Michael E. Jones*
                                                Bradford P. Lyerla, Attorney in Charge
                                                Kevin D. Hogg
                                                William J. Kramer
                                                Paul B. Stephens
                                                MARSHALL, GERSTEIN & BORUN LLP
                                                6300 Sears Tower
                                                233 South Wacker Drive
                                                Chicago, IL 60606-6357
                                                Tel: (312) 474-6300
                                                Fax: (312) 474-0448

                                                Michael E. Jones
                                                State Bar No. 10929400
                                                POTTER MINTON, PC
                                                110 North College
                                                500 Plaza Tower
                                                Tyler, Texas 75702
                                                Tel: (903) 597-8311
                                                Fax: (903) 593-0846
                                                Email: mikejones@potterminton.com

                                                Attorneys for Defendants
                                                CHARTER COMMUNICATIONS, INC.
                                                CHARTER COMMUNICATIONS OPERATING,
                                                LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and contemporaneously served upon all counsel who have consented to electronic service, on this 18th day of October, 2006. All other counsel shall be served by first class mail.


*/s/ Michael E. Jones*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2-06CV-223-TJW |
| | ) |
| CHARTER COMMUNICATIONS, INC., | ) |
| CHARTER COMMUNICATIONS | ) |
| OPERATING, LLC, COXCOM, | ) |
| INC., CSC HOLDINGS, INC., and | ) |
| CABLEVISION | ) |
| SYSTEMS CORPORATION | ) |
| _____ | ) |

## DEFENDANT COXCOM, INC.'S CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedures, Defendant Coxcom, Inc.,

provides the following Corporate Disclosure Statement.

1.      CoxCom, Inc., is wholly owned by Cox Communications, Inc.  Cox

Communications, Inc. is a private company with all of its stock held privately by Cox

Enterprises, Inc.

2.      There is no publicly held corporation that holds more than 10% of CoxCom Inc.'s

stock.

DATED this 24th day of October, 2006.

Leroy M. Toliver
Georgia Bar No. 714277
KILPATRICK STOCKTON LLP
1100 Peachtree St NE
Suite 2800
Atlanta GA  30309-4530
Telephone:  404-815-6214
Facsimile:   404-815-6555

Michael Edwin Jones
POTTER MINTON PC
110 N. College, Suite 500
P.O. Box 359
Tyler, TX  75710-0359
Telephone:  903-597-8311
Facsimile:  903-593-0846

**Attorneys for Coxcom, Inc.**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES,, LP** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2-06CV-223 TJW** |
| **v.** | ) | |
| | ) | |
| **CHARTER COMMUNICATIONS, INC.,** | ) | |
| **CHARTER COMMUNICATIONS** | ) | |
| **OPERATING, LLC, COXCOM,** | ) | |
| **INC., CSCHOLDINGS, INC., and** | ) | |
| **CABLEVISION** | ) | |
| **SYSTEMS CORPORATION** | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this DEFENDANT COXCOM, INC.'S

CORPORATE DISCLOSURE STATEMENT was filed electronically in compliance with

Local Rule CV-5(a) and contemporaneously served upon all counsel who have consented to

electronic service.  Other counsel shall be served by first class mail.


_____/s/ Leroy M. Toliver_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CASE NO. 2:06-CV-223 [LED]** |
| | § | **JURY TRIAL REQUESTED** |
| **COXCOM COMMUNICATIONS, INC.,** | § | |
| **COXCOM COMMUNICATIONS** | § | |
| **OPERATING, LLC, COX** | § | |
| **COMMUNICATIONS, INC., COXCOM,** | § | |
| **INC., COX ENTERPRISES, INC., CSC** | § | |
| **HOLDINGS, INC. AND CABLEVISION** | § | |
| **SYSTEMS CORPORATION** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S REPLY TO DEFENDANT COXCOM, INC.'S
## ANSWER AND COUNTERCLAIMS

Plaintiff Rembrandt Technologies, LP ("Rembrandt") respectfully submits this Reply to the Answer and Counterclaims of Defendant CoxCom, Inc. ("CoxCom").

## COUNTERCLAIMS

1.      Rembrandt admits that it alleges that CoxCom has infringed, directly or indirectly, and continues to infringe the Rembrandt Patents and admits that CoxCom purports to deny its infringement, but denies that CoxCom has a basis for its assertion that it does not infringe the Rembrandt Patents.

2.      Rembrandt admits that CoxCom purports through its counterclaims to seek a declaration of noninfringement, but denies that CoxCom is entitled to its requested relief.

3.      Denied.

4.      Rembrandt admits that CoxCom purports through its counterclaims to seek a declaration of invalidity, but denies that CoxCom is entitled to its requested relief.

## PARTIES, JURISDICTION AND VENUE

5.      Admitted.

6.      Admitted.

7.      Rembrandt admits that CoxCom purports to seek a declaratory judgment pursuant to 28 U.S.C. §§2201 *et seq.* and admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but denies that CoxCom is entitled to its requested relief.

8.      Admitted.

## COUNT ONE

9.      Rembrandt repeats and re-alleges its response to paragraphs 1-8 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

10.      Rembrandt admits that it alleges that CoxCom has infringed, directly or indirectly, and continues to infringe the Rembrandt Patents and admits that CoxCom purports to deny its infringement, but denies that CoxCom has a basis for its assertion that it does not infringe the Rembrandt Patents.

11.      Rembrandt admits that there is an actual, immediate and justiciable controversy between CoxCom and Rembrandt, but denies that it is for the reason alleged by CoxCom.

12.      Denied.

13.      Denied.

## COUNT TWO

14.      Rembrandt repeats and re-alleges its response to paragraphs 1-8 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

Austin 31438v1

15.     Rembrandt admits the parties have made the stated allegations, but denies that there is any basis for CoxCom's assertion that some or all of the claims of each of the Rembrandt Patents are invalid and/or unenforceable.

16.     Rembrandt admits that there is an actual, immediate and justiciable controversy between CoxCom and Rembrandt, but denies that it is for the reason alleged by CoxCom.

17.     Denied.

18.     Denied.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that the Court deny in all respects CoxCom's prayer for relief, that the Court enter judgment against CoxCom on all claims alleged by CoxCom, and that the Court enter on behalf of Rembrandt:

(a)     a judgment that CoxCom has infringed the Rembrandt patents-in-suit directly and/or indirectly by way of inducing infringement and/or contributing to the infringement of those patents;

(b)     a permanent injunction enjoining and restraining CoxCom and its agents, servants, employees, affiliates, divisions and subsidiaries, and those in association therewith, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

(c)     a judgment and order requiring CoxCom to pay Rembrandt damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting as needed;

3

(d)        a judgment and order requiring CoxCom to pay Rembrandt pre-judgment

and post-judgment interest on the damages awarded;

(e)        a judgment and order finding this to be an exceptional case and requiring

CoxCom to pay the costs of this action (including all disbursements) and attorney's

fees as provided by 35 U.S.C. § 285; and

(f)        such other and further relief as the Court deems just and equitable.


DATED:  October 27, 2006                        Respectfully submitted,



                                                /s/ Sam Baxter_____
                                                Sam Baxter
                                                State Bar No. 01938000
                                                **McKOOL SMITH, P.C.**
                                                505 E. Travis, Suite 105
                                                Marshall, Texas  75670
                                                Telephone:  (903) 927-2111
                                                Telecopier:  (903) 927-2622
                                                sbaxter@mckoolsmith.com

                                                Jeffrey A. Carter
                                                State Bar No. 03919400
                                                **McKOOL SMITH, P.C.**
                                                300 Crescent Court, Suite 1500
                                                Dallas, Texas  75201
                                                Telephone:  (214) 978-4006
                                                Telecopier:  (214) 978-4044
                                                jcarter@mckoolsmith.com

                                                Travis Gordon White
                                                State Bar No. 21333000
                                                **McKOOL SMITH, P.C.**
                                                300 W. 6th Street, Suite 1700
                                                Austin, Texas  78701
                                                Telephone:  (512) 692-8700
                                                Telecopier:  (512) 692-8744
                                                gwhite@mckoolsmith.com

4

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P.O. Drawer 1249
Marshall, Texas  75670
Telephone:  (903) 938-4395
Telecopier:  (903) 938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

5

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 27th day of October, 2006.


___/s/ Sam Baxter_____
Sam Baxter

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION


REMBRANDT TECHNOLOGIES, LP      §

Vs.                                    §           CIVIL ACTION NO. 2:06-CV-223

CHARTER COMMUNICATIONS, INC.,     §
ET AL.


## ORDER

Pursuant to the Notice of Voluntary Dismissal (#47), it is ordered that Plaintiff's allegations

against Defendants Cablevision Systems Corporation and CSC Holdings, Inc. are dismissed without

prejudice.

SIGNED this 13th day of November, 2006.


_____

T. JOHN WARD

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP,

                Plaintiff,

     v.

CHARTER COMMUNICATIONS, INC.,        CASE NO. 2-06CV-223 TJW
CHARTER COMMUNICATIONS
OPERATING, LLC, COXCOM, INC., CSC
HOLDINGS, INC., and CABLEVISION
SYSTEMS CORPORATION,

                Defendants.

## DEFENDANT COXCOM, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(2) AND BRIEF IN SUPPORT THEREOF

Defendant CoxCom, Inc. ("CoxCom") moves, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss Plaintiff Rembrandt Technologies, LP's claims against it on the grounds that this Court lacks personal jurisdiction.

## I.    INTRODUCTION

This is an action for alleged patent infringement of patents purportedly owned by Plaintiff Rembrandt Technologies, LP ("Rembrandt").

CoxCom, a Delaware corporation with its principal place of business in Atlanta, Georgia, is not registered to do business in Texas and does not do business in Texas such that it would be subject to this Court's general personal jurisdiction. Moreover, CoxCom does not own or operate any cable systems or provide high-speed Internet services in Texas such that it would be subject to this Court's specific personal jurisdiction. In fact, CoxCom's only

contact with Texas is a point of presence ("POP") node consisting of servers and routing equipment which is located in leased space in Dallas and which is unrelated to the accused methods and systems at issue in this case.

Indeed, this Court has recently held that it lacks jurisdiction over CoxCom.  In a matter pending before Judge Clark in the Eastern District of Texas (USA Video Technology Corporation v. Time Warner Cable, Inc., *et al*; civil action number 2:06-CV-239-RHC), the Court held that CoxCom did not have the minimum contacts with Texas sufficient to support the exercise of personal jurisdiction even after having granted the plaintiff jurisdictional discovery.[1]  Defendant CoxCom respectfully requests that this Court similarly find that CoxCom has insufficient contacts with Texas to support jurisdiction and dismiss Plaintiff's Complaint as to Defendant CoxCom.

## II.   UNDISPUTED MATERIAL FACTS

1.      CoxCom is incorporated in Delaware, with a principal place of business in Atlanta, Georgia.  (Declaration of John Spalding in Support of Defendant CoxCom, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(2) ¶ 2 [hereinafter Spalding Decl.].)[2]

2.      CoxCom has no corporate presence in Texas.  CoxCom is not registered to do business in Texas and does not maintain any place of business, maintain any office, or keep any corporate books or records in Texas.  (*Id.* ¶ 3.)  CoxCom does not provide goods or services to any customers in Texas, and does not derive revenues from Texas.  (*Id.* ¶ 4.)

3.      CoxCom is an operational entity that owns and operates cable systems. However, CoxCom does not currently own or operate any cable systems in Texas and does

---

[1]   A copy of Judge Clark's order is attached hereto as Exhibit 1.

[2]   A copy of Mr. Spalding's declaration is attached hereto as Exhibit 2.

not provide any cable television, internet, or telephone services in Texas.  (*Id.*)  That is, CoxCom does not make, use or sell the accused technology in Texas.

4.      CoxCom's only contact with Texas is an internet backbone node.  (*Id.* ¶ 5.) The node consists of servers and routing equipment located in leased space in Dallas.  (*Id.*) This Point of Presence (POP) carries internet protocol traffic and is not related to the accused methods and systems.  (*Id.*)

5.      There are no employees of CoxCom located in Texas.  (*Id.* ¶ 6.)  All CoxCom engineers and service technicians for the node are located outside of Texas.  (*Id.*)

6.      With the exception of the node, all assets of CoxCom that were located in Texas were sold to Cox Southwest Holdings, L.P. ("Cox Southwest") on or about December 31, 2003 (*Id.* ¶ 7.)  Thereafter, with the sole exception of a cable television franchise located in Henderson, Texas, Cox Southwest sold all of its assets to Cebridge Acquisition, L.P. ("Cebridge").  (*Id.*)  Cox Southwest is an entity separate from CoxCom and maintains its own corporate formalities, including books, records, boards and corporate structure.  (*Id.*)

7.       Cox Communications was named a defendant in an action filed by USA Video Technology Corporation ("USA Video") pending before Judge Ron Clark of the Eastern District of Texas, Marshall Division (civil action number 2:06-CV-239-RHC).  Cox Communications moved to dismiss the action as to it on the grounds that the court lacked personal jurisdiction.  USA Video opposed the motion and moved to amend its complaint to add CoxCom as an additional defendant.  CoxCom opposed the motion to amend on the grounds that the court lacked personal jurisdiction.  After granting plaintiff jurisdictional discovery, Judge Clark issued an order finding that the court lacked personal jurisdiction over both Cox Communications and CoxCom and ordered that the claims asserted against

3

US2000 9510654.6 C8490-331049

Cox Communications be severed and transferred to the United States District Court for the District of Delaware and that USA Video's motion to amend to add CoxCom be denied. *See* Exhibit 1.

8.      Plaintiff Rembrandt is a limited partnership organized under the laws of the State of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania. (First Am. Compl. ¶ 1.)

9.      In June 2006, Plaintiff filed this suit in the Eastern District of Texas, Marshall Division against CoxCom and other cable television service providers, contending that the Defendants' systems and services infringed United States Patent Nos. 5,243,627; 5,852,631; 5,719,858; and 4,937,819 (collectively the "patents in suit").

10.     Plaintiff contends that CoxCom has committed acts of patent infringement in the Eastern District of Texas or is otherwise present or doing business in this district. (First Am. Compl. ¶ 11.)

11.     Plaintiff contends that CoxCom employs the inventions of, and therefore infringes, each of the patents in suit by receiving and transmitting digital terrestrial broadcast signals over the cable television systems it operates and by providing high speed internet service, such as VoIP. (First Am. Compl. ¶¶ 17, 23, 29 35.)

12.     Rembrandt is a company that invests in patents, but does not practice them. Instead, it acquires rights to patents and sues entities it believes infringe upon those patents. Rembrandt apparently maintains or is associated with a website at http://www.rembrandtfund.com.[3] According to its website, Rembrandt "shoulders the legal,

---

[3] Attached hereto as Exhibit 3 is a true and correct copy of excerpts from Rembrandt's website.

financial, and business risks associated with pursuing patent pirates and provides the capital and expertise required to litigate complex patent infringements." *Id*. at 2.  To pursue such patent infringement litigation, Rembrandt maintains a "staff of in-house professionals and outside consultants" that "includes scientists, inventors, financial analysts, lawyers, and researchers who are expert at identifying the validity and market value of patents and Intellectual Property (IP), and securing revenue for these inventors and companies as well as Rembrandt's investors." *Id*.

13.    Rembrandt's business is thus to initiate lawsuits to enforce patent rights. Rembrandt is engaged in the enforcement of patents it has acquired in a number of different industries.

14.    Rembrandt has pursued its business of enforcing patent rights through litigation in Delaware.  On October 13, 2006, Rembrandt filed a patent infringement action against Cablevision Systems Corporation, et al., that is captioned *Rembrandt Technologies, L.P. v. Cablevision Systems Corporation and CSC Holdings, Inc.*, Case No. 1:06-CV-00635-GMS (D. Del.) ("Cablevision Action").  In the Cablevision Action, Rembrandt asserts the same patents that are at issue in this action, as well as one additional patent.  Rembrandt has also brought multiple other suits in Delaware to enforce one of the patents in suit, United States Patent No. 5,243,627, against CBS, ABC, NBC and Fox.  Those actions were filed in the District of Delaware on December 1, 2006, and are styled as: *Rembrandt Technologies, L.P. v. CBS Corporation*, Case No. 1:06-00727; *Rembrandt Technologies, L.P. v. NBC Universal, Inc.*, Case No. 1:06-00729; *Rembrandt Technologies, L.P. v. ABC, Inc.*, Case No.

5

1:06-00730; *Rembrandt Technologies, L.P. v. Fox Entertainment Group, Inc. and Fox Broadcasting Company*, Case No. 1:06-00731.[4]

## III.    ISSUE PRESENTED

Are there sufficient "minimum contacts" between CoxCom and Texas to justify the exercise of personal jurisdiction over CoxCom?

## IV.    ARGUMENT

### A.    Legal Standard.

Determining whether personal jurisdiction exists over a non-resident defendant involves two inquiries:  whether personal jurisdiction exists under the forum's long-arm statute and, if so, whether the exercise of personal jurisdiction comports with due process. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1279 (Fed. Cir. 2005). If the forum's long-arm statute is coextensive with the limits of due process, "the two inquires collapse into a single inquiry:  whether jurisdiction comports with due process." *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266, 1270 (Fed. Cir. 1998).  While Federal Circuit precedent controls the due process analysis, the law of the forum governs the interpretation of the forum's long-arm statute.  *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307 (Fed. Cir. 1999); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998) ("While we defer to the interpretation of a state's long-arm statute given by that state's highest court, particularly whether or not the statute is intended to reach the limit of federal due process, when analyzing personal jurisdiction for purposes of compliance with federal

---

[4] The Court can take judicial notice under Fed.R.Evid. 201 of the pendency of these proceedings.

US2000 9510654.6 C8490-331049

due process, Federal Circuit law, rather than regional circuit law applies.") (internal citations omitted).

Due process concerns mandate that a court may only exercise personal jurisdiction over a non-resident defendant where that defendant "has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (internal citations and quotations omitted). This is because the defendant has a liberty interest in not being subject to the judgments of a forum with which it has no meaningful minimum "contacts, ties or relations" and, out of fairness, defendants should not be "haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 475 (1985) (internal quotations omitted). Personal jurisdiction may be either general or specific. *See Helicopteros*, 466 U.S. at 414, n.9.

In reviewing a motion to dismiss, a court must assume the truth of all factual allegations made in the complaint and construe all inferences from them in the light most favorable to the plaintiff. *Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003); *U.S. v. Smithfield Foods, Inc.*, 332 F. Supp. 2d 55, 59 (D.D.C. 2004). At the same time, however, jurisdiction may not be invoked solely on "bare allegations or conclusory statements." *Smithfield Foods*, 332 F. Supp. at 60. When personal jurisdiction is challenged, the plaintiff must "allege specific facts connecting [the] defendant with the forum." *Id.*

7

As demonstrated below, Defendant CoxCom's contacts with the Eastern District of Texas are insufficient to establish either general jurisdiction or specific jurisdiction. Accordingly, Plaintiff's Complaint should be dismissed.

### B. CoxCom Does Not Have Sufficient "Substantial and Continuous" Contacts With Texas to Justify the Exercise of General Jurisdiction.

This Court's personal jurisdiction over a non-resident corporate defendant such as CoxCom is appropriate only if authorized by the Texas Long Arm Statute, which has been construed to be coextensive with constitutional due process requirements. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 17.04. Therefore, the analysis of general jurisdiction is one of federal due process.

In determining whether a defendant has "continuous and systematic" contacts with the forum, a court will consider factors such as whether the defendant maintains an office in the forum, has been licensed to conduct business in the forum, has employees or agents in the forum, uses bank accounts in the forum, or markets or sells products in the forum. *See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) (holding there was no general jurisdiction where defendant did not have a place of business in the forum, was not licensed to do business in the forum and its only contacts consisted of sending an officer to the forum for a contract-negotiation session, accepting checks drawn on a bank in the forum, purchasing products and services from the forum, and sending personnel to the forum for training). None of these factors are present in this case.

CoxCom is a Delaware corporation that is not registered or qualified to do business in Texas because it does no business in Texas. (Spalding Decl. ¶¶ 3, 4.) CoxCom does not

8

provide goods or services to any customers in Texas, and, therefore, does not derive revenues from any Texas transactions, activities, or connections.  (*Id.* ¶ 4. )  CoxCom does not maintain any place of business, maintain any office, or keep any corporate books or records in Texas.  (*Id.* ¶ 3.)  Finally, Judge Clark, in addressing exactly this issue just weeks ago, found that CoxCom had insufficient contacts with Texas to justify the exercise of general personal jurisdiction over CoxCom.  Exhibit 1 at 1.

### C.    The Exercise of Specific Jurisdiction Over CoxCom Would Not Comport With Due Process Given That CoxCom Has No Contacts with Texas Related to Plaintiff's Claims.

The Federal Circuit has developed a three-prong test to determine whether the exercise of specific jurisdiction over a nonresident comports with due process:

(1)    whether the defendant purposefully directed its activities at the residents of the forum;

(2)    whether the claim arises out of or is related to those activities, and

(3)    whether assertion of personal jurisdiction is reasonable and fair.

*Akro Corp. v. Luker*, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995); *HollyAnne Corp. v. TFT, Inc.*, 199 F.3d 1304, 1307-08 (Fed. Cir. 1999).  The plaintiff must prove all three prongs to establish jurisdiction.  *Akro*, 45 F.3d at 1545.  None are satisfied in this case.

CoxCom's sole contact with Texas is an internet node that carries internet traffic for CoxCom's cable systems, which are located outside of Texas.  The internet node is not related to the DOCSIS communications that occur between a cable modem and the cable modem termination system in the head-end (Spalding Decl. ¶ 5), which are the methods and systems at issue in this litigation.  (*See* First Am. Compl. ¶¶ 9, 11, 14, 16, 19, 21, 24, 26 (describing the patents in suit)).  The purpose of the node, which is implemented by

9

computer servers in leased space in Dallas, is to connect with CoxCom's national internet backbone to carry traffic from and to its cable systems that are located in several (non-Texas) metro areas through the country. Citizens to which those activities are directed reside in the other states in which CoxCom offers high speed internet and cable services—services it does not offer in Texas. (Spalding Decl. ¶ 4.) *Compare Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005) (criticizing plaintiff's reliance on website for jurisdiction because the "website is not directed at customers in the District of Columbia, but instead is available to all customers throughout the country"); *3D Sys., Inc. v. Aarotech Labs., Inc*., 160 F.3d 1373, 1380 (Fed. Cir. 1998) (though defendant maintained a website viewable in California and forwarded e-mail responses to that site, court found "Aarotech directed no activity toward the residents of California").

Moreover, interconnecting national or international networks through assets in Texas does not support personal jurisdiction. *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717-718 (5th Cir. 1999). In *Access Telecom*, Telmex interconnected its Mexican lines with American lines and even leased lines from Texas to Arizona. Holding that the line leasing was "for the purpose of connecting two points in Mexico and [did] not constitute doing business in Texas," the *Access Telecom* court reiterated that it was "bound by *Applewhite v. Metro Aviation, Inc*., 875 F.2d 491 (5th Cir. 1989), in which such interconnections, even though crossing the border into a forum, were held insufficient to confer general jurisdiction under the Due Process Clause." 197 F. 3d at 717-18 (citation omitted). *Applewhite* held that a Mississippi court could not exercise jurisdiction over Alabama Power despite extensive interconnection and interoperation arrangements it had with Mississippi Power.

10

CoxCom's POP node is not directed to any Texas resident.  As to the computer servers themselves or purchasing related services such as space for locating the servers, controlling Supreme Court authority has held that purchases and ownership of assets (even real property) is not enough to support jurisdiction.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) ("mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of  . . . jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions"); *Shaffer v. Heitner*, 433 U.S. 186, 213 (1977) (ownership of property in forum state unrelated to claim did not support jurisdiction).

CoxCom does not offer or otherwise provide in Texas the cable television services, high speed Internet services, or voice over internet protocol ("VoIP") services alleged to infringe the patents at suit.  (Spalding Decl. ¶¶ 4-5.)  That is, CoxCom does not make, use or sell the accused technology in Texas.  Plaintiff, therefore, cannot demonstrate any facts that could meet its burden of showing that its claims arise out of or relate to CoxCom's alleged, but unproven, actions in Texas.  As a result, there can be no specific personal jurisdiction.

Finally, the Court must consider the reasonableness and fairness of subjecting CoxCom to jurisdiction in this case under the circumstances presented.  CoxCom simply does not operate its business or provide cable services in Texas.  Its witnesses and documents are located in other states where its operations are conducted.  By contrast, Rembrandt's only business is to purchase and enforce patents.  It has acted to enforce such patent rights in various districts, including by filing five lawsuits involving all or one of the patents in suit in the District of Delaware – the place of CoxCom's incorporation.  Dismissal of this case is

11

US2000 9510654.6 C8490-331049

thus fair and reasonable under circumstances where Rembrandt can press its claims in

Delaware or another venue where CoxCom's operations are actually located.

## V.     CONCLUSION

For the reasons stated above, Defendant CoxCom, Inc. respectfully requests that the

Court grant its Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(2).

Dated:  December 14, 2006                Respectfully submitted,

*/s/ Mitchell G. Stockwell*
<u>with permission Michael E. Jones</u>
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
MStockwell@KilpatrickStockton.com
KILPATRICK STOCKTON LLP
1100 Peachtree St NE
Suite 2800
Atlanta GA  30309-4530
Telephone:  404-815-6214
Facsimile:   404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
PO Box 359
Tyler, Texas  75710
Telephone:  903-597-8311
Facsimile:  903-593-0846

**Attorneys for CoxCom, Inc.**

12

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of DEFENDANT COXCOM, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(2) AND BRIEF IN SUPPORT THEREOF was filed electronically in compliance with Local Rule CV-5(a) and contemporaneously served upon all counsel who have consented to electronic service on this the 14th day of December, 2006. Other counsel shall be served by first class mail.

_/s/ Michael E. Jones_

Michael E. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| USA VIDEO TECHNOLOGY CORPORATION, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 2:06-CV-239 |
| v. | § § | JUDGE RON CLARK |
| TIME WARNER CABLE, INC.; COX COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS, INC.; COMCAST CABLE COMMUNICATIONS, LLC; COMCAST OF RICHARDSON, LP; COMCAST OF PLANO, LP; COMCAST OF DALLAS, LP, | § § § § § § § § | |
| *Defendants*. | § | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND PLAINTIFF'S MOTION TO AMEND**

Defendant Cox Communications, Inc. ("Cox") filed a Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue to the District of Delaware [Doc. # 32]. In response, Plaintiff argued that it needed limited discovery on the issue of personal jurisdiction. Plaintiff also filed a Motion for Leave to Amend [Doc. # 42] to join a subsidiary of Cox, CoxCom, Inc. ("CoxCom"), and asked for discovery on the relationship between Cox and CoxCom.

This court allowed limited discovery on these issues. *See* Order on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. # 53]. Both parties have submitted supplemental briefing on these motions. Based on the evidence presented, Cox and CoxCom lack sufficient contacts with Texas for this court to exercise jurisdiction over them. Normally,

1

EXHIBIT 1

when the court lacks personal jurisdiction over a party, the court can dismiss the party or transfer

to a court which has personal jurisdiction. Cox requests that this case be transferred to Delaware.

The court will sever Plaintiff's claims against Cox and grant Cox's request to transfer to

the District of Delaware. The court also finds that the joinder of CoxCom is not warranted.

## I. Background

Plaintiff USA Video Technology ("USVO") alleges that the Defendants infringe Claim 1

of U.S. Patent No. 5,130,792 (the `792 patent). The `792 patent teaches a method for

communicating video programs to remote locations over selected commercial telephone

networks. This "video-on-demand" process allows a customer to obtain a video program

whenever a customer requests it.

Cox maintains that Plaintiff has sued the wrong company because Cox does not provide

"video-on-demand" services and Cox does not own or operate a cable system in Texas. Cox also

states that its affiliate CoxCom does not sell or market any products in Texas. After suit was

filed here, CoxCom filed a declaratory judgment action in Delaware against USVO. Cox itself

has not joined in the action in Delaware.

## II. Law and Analysis

**A. Personal Jurisdiction over Cox**

<u>1. Standard of Review for Personal Jurisdiction</u>

Because this a patent case, this court applies the law of the Federal Circuit, rather than

that of regional circuits, to determine whether personal jurisdiction exists. *Electronics For

Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). There are two types of personal

jurisdiction – specific and general. *Id.* at 1349. Under general jurisdiction, the exercise of

2

jurisdiction is proper where the defendant has continuous and systematic contacts with the forum state, even if those contacts are not related to the cause of action. *Id.* at 1349. However, these contacts must be "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely different from those activities." *International Shoe Co. v. Washington*, 326 U.S. 310, 318, 66 S.Ct. 154, 159 (1945).

Determining whether specific personal jurisdiction over a nonresident defendant is proper entails two inquiries: (1) whether the long-arm statute of the forum state confers personal jurisdiction over the defendant; and (2) whether the exercise of such jurisdiction by the forum state is consistent with due process. *Id* at 1349.[1] Texas' long arm statute has been interpreted to extend to the limits of due process. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Therefore, the question is whether Defendant's contacts with the State are sufficient to satisfy due process. *Electronics For Imaging, Inc.*, 340 F.3d at 1350.

Whether due process is satisfied requires the court to consider whether Defendant has certain "minimum contacts" with the forum state, and whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *Electronics For Imaging, Inc.*, 340 F.3d at 1350. In making this determination, the Federal Circuit has stated that three factors must be considered: (1) whether the defendant purposefully directed its activities at the residents of the forum state, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair. *Id.* The first two factors correspond with

---

[1]The Federal Circuit has stated "the question of which Due Process Clause controls the personal jurisdiction inquiry becomes purely academic because this court, though professing reliance on the Fifth Amendment, applies the Fourteenth Amendment state-contacts test of *International Shoe*." *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 n.*. (Fed. Cir. 1998).

3

the "minium contacts" analysis and the third factor corresponds with the traditional notions of

fair play and substantial justice.  *Id.*  Plaintiff bears the initial burden to prove a prima facie case

that Defendant has minimum contacts with the forum state.  *Id.* Defendant bears the burden to

show that the exercise of jurisdiction would violate the traditional notations of fair play and

substantial justice.  *Id.*

        2. Cox's Contacts

        In this court's prior order allowing Plaintiff discovery on the issue of personal

jurisdiction, the court pointed out that Plaintiff had failed to show the nature and extent of Cox's

contacts with Texas.  After limited discovery, Plaintiff still has not presented any evidence which

suggests that Cox has continuous and systematic contacts with Texas (for general jurisdiction), or

that Cox marketed or sold any of the accused services or products in Texas (for specific

jurisdiction).  In fact, Plaintiff admits that Cox appears to have no ties to Texas.

        Plaintiff suggests that the contacts of Cox's affiliates may be attributed to Cox for the

purposes of establishing minimum contacts with Texas.  Contacts may be attributed when a

parent company totally dominates and controls its subsidiary, operating the subsidiary as its

business conduit or agent.  *See U.S. v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691 (5th Cir. 1985).[2]

Even assuming that one of Cox's affiliates has sufficient contacts with Texas to establish a basis

for jurisdiction, Plaintiff has not argued, or come forward with any evidence to show, that Cox

totally dominates and controls any of its subsidiaries or affiliates.  Plaintiff has not suggested that

any additional discovery is needed.  The court will grant Cox's request to transfer.

_____

        [2]In analyzing whether the contacts of an affiliate are imputed to another entity, the Federal
Circuit follows the law of other courts of appeals.  *Insituform Techs., Inc. v. CAT Contracting,
Inc.*, 385 F.3d 1380, 1380 (Fed. Cir. 2004).

**C. Joinder of CoxCom**

1. Standard of Review for Joinder

Under Fed. R. Civ. P. 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." In applying Rule 21, the court is governed by the liberal amendment standards of Rule 15(a). *See McLellan v. Miss. Power & Light*, 526 F.2d 870, 873 (5th Cir. 1976).[3] Under Rule 15(a), the court should grant leave "freely" and there is a strong bias in favor of granting leave to amend. *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). A district court may consider various factors in determining whether to allow leave to amend. *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). These factors include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by an amendment previously allowed, undue prejudice to the other party, and futility of the amendment. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Denial may be based upon futility alone. *Id.* at 320.

2. Futility of Joinder

Cox argues that joinder of CoxCom is futile because the evidence before the court shows that this court cannot exercise personal jurisdiction over CoxCom.

*a. General Jurisdiction*

Plaintiff states that CoxCom has continuous and systematic general business contacts

———

[3]The Federal Circuit has stated that a decision on whether to grant or deny a motion for leave to join a party is governed by the law of the regional circuit. *See Insituform Technologies, Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004).

with Texas because CoxCom owns and operates a Point of Presence ("POP") in Dallas, Texas. This POP is a transport backbone node for a national IP network and is located in leased office space in Dallas. The POP consists of a network of circuits and equipment for connecting internet protocol traffic traveling across the nation to and from CoxCom's systems located outside of Texas. It is undisputed that the node operates only to carry internet protocol traffic through Texas, not to any Texas residents. In fact, there is no evidence to suggest that CoxCom does any business in Texas at all.

While the Federal Circuit has not directly addressed this issue, the Fifth Circuit has stated that interconnections, even though crossing the border into a forum, are insufficient by themselves to confer general jurisdiction. *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 718 (5th Cir. 1999). The court finds this reasoning persuasive. The POP only operates to transfer digitized packets of information as part of a national network, and is not directly related to any business activity in Texas. This is not the type of activity which is so substantial and of such a nature to justify the exercise of general jurisdiction. S*ee International Shoe*, 326 U.S. at 318, 66 S.Ct. at 159.

Moreover, there are no permanent employees in Dallas, and CoxCom employees only occasionally service the equipment in Dallas. These occasional visits by employees are insufficient to establish a basis for general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-18, 104 S.Ct. 1868, 1872-74 (1984). Additionally, the mere renting or ownership of property in a forum is not enough to confer jurisdiction when that property is not used to conduct business in the forum. *See Shaffer v. Heitner*, 433 U.S. 186, 212, 97 S.Ct. 2569, 2584 (1977). Plaintiff has not argued, and there is no evidence to suggest, that the

6

property in Dallas (i.e. servers and routers) was used to conduct business in Texas. On the record before it, the court finds that the POP is insufficient to establish a basis for general jurisdiction.

### b. Specific Jurisdiction

To establish specific jurisdiction, there must be some evidence that the claims arise out of or relate to the contacts with Texas. *Electronics For Imaging, Inc.*, 340 F.3d at 1350. Plaintiff has accused Defendants' "video on demand" cable television services as infringing on the ` 792 patent. It is undisputed that CoxCom no longer offers "video on demand" services in Texas, and that the POP is not part of CoxCom's cable television services. Therefore, the alleged contact with Texas, internet traffic passing through a POP, cannot be related to Plaintiff's claims of offering "video on demand" services to Texas residents. The court concludes that there is no basis for specific jurisdiction over CoxCom.

Plaintiff has not asked for any additional discovery or suggested that any other contacts with Texas exist. Because the evidence before the court shows that this court lacks personal jurisdiction over CoxCom, the court concludes that joinder would be futile and is not warranted. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563, 1570 (1999)(personal jurisdiction is an essential element of the jurisdiction of a district court "without which the court is powerless to proceed to an adjudication.").

### III. Conclusion

After discovery, Plaintiff failed to come forward with any evidence to show that this court could exercise jurisdiction over Cox Communications, Inc. The evidence before the court also shows that the joinder of CoxCom, Inc. would be futile because CoxCom, Inc. does not have sufficient contacts with Texas such that this court can exercise jurisdiction over it.

IT IS THEREFORE ORDERED that Defendant Cox Communications, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue to the District of Delaware [**Doc. # 32**] is **GRANTED IN PART**.  USA Video Technology's claims against Cox Communications, Inc. are **SEVERED** and **TRANSFERRED** to the United States District Court for the District of Delaware.  The Clerk shall send a copy of this Order to the Clerk of the United States District Court for the District of Delaware

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend **[Doc. # 42]** is **DENIED**.

So **ORDERED** and **SIGNED** this **1**  day of **November, 2006.**


_____
Ron Clark, United States District Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP.

|  |  |
|---|---|
| Plaintiff, | |
| v. | CASE NO. 2-06CV-223 TJW |
| CHARTER COMMUNICATIONS. INC., CHARTER COMMUNICATIONS OPERATING, LLC. COXCOM. INC., CSC HOLDINGS. INC.. and CABLEVISION SYSTEMS CORPORATION, | |
| Defendants. | |

## DECLARATION OF JOHN SPALDING IN SUPPORT OF DEFENDANT COXCOM, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)

1.      I, John Spalding. am a Vice President of CoxCom. Inc.  My responsibilities include oversight of government affairs matters.

2.      CoxCom is incorporated in Delaware and maintains its principal place of business in Atlanta, Georgia.  CoxCom is a subsidiary/affiliate of Cox Communications. Inc.

3.      CoxCom is not registered to do business in Texas.  CoxCom does not maintain any place of business. maintain any office. or keep any corporate books or records in Texas.

4.      CoxCom is an operational entity which owns and operates cable systems.  However, it does not currently own or operate any cable systems in Texas and does not provide any cable television. internet, or telephone services in Texas.  CoxCom does not

EXHIBIT 2

provide goods or services to any customers in Texas, and does not derive revenues from Texas.

5.     CoxCom's only contact with Texas is an internet backbone node.  This Point of Presence (POP) node consists of servers and routing equipment located in leased space in Dallas.  The node carries internet protocol traffic for the company's national network.  The POP node does not relate to the DOCSIS communications that occur between a cable modem and the cable modem termination system (CMTS) in the headend.

6.     CoxCom has no employees based in Texas.  All CoxCom engineers and service technicians for the POP node are located outside of Texas.

7.     With the exception of the POP node, all assets of CoxCom that were located in Texas were assigned to Cox Southwest Holdings, L.P. ("Cox Southwest") on or about December 31, 2003/January 1, 2004.  Thereafter, with the sole exception of a cable television franchise located in Henderson, Texas, Cox Southwest sold all of its assets to Cebridge Acquisition, L.P. ("Cebridge").  Cox Southwest is an entity separate from CoxCom and maintains its own corporate formalities, including books, records, boards and corporate structure.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 14th day of December 2006.

_____
John Spalding

2



About     The Acquisition Process     The Rembrandt Story     Meet our Peopl

FAQs     Famous Patent Infringement Cases     Working with Rembrandt

## Patent Infringement Solutions



Rembrandt: *Drawn to Invention.*
We offer supreme service and ample funding to pursue
exploitation and licensing of Intellectual Property for
companies and inventors that require solid resources.

About | The Acquisition Process | The Rembrandt Story | Meet our People | FAQs | Famous Patent Infringement Cases
Working with Rembrandt | Contact Rembrandt | Site Map

Copyright © 2006 Rembrandt IP Management, LLC

EXHIBIT 3







**REMBRANDT**
*Drawn to Invention*

➡ **About**

**The Acquisition Process**

**The Rembrandt Story**

**Meet our People**

**FAQs**

**Famous Patent Infringement Cases**

**Working with Rembrandt**

## About

### Rembrandt
*Drawn to Invention*

Rembrandt delivers value for an inventor's invention. The company shoulders the leg financial, and business risks associated with pursuing patent pirates and provides the capital and expertise required to litigate complex patent infringements.

Rembrandt acquires promising patents from inventors and innovative companies that can't defend their patents against infringement because of the cost of litigation or the threat of business or legal retaliation.

The firm's staff of in-house professionals and outside consultants includes scientists, inventors, financial analysts, lawyers, and researchers who are expert at identifying t validity and market value of patents and Intellectual Property (IP), and securing revenue for these inventors and companies as well as Rembrandt's investors.

Rembrandt invests its capital to acquire patents and pursue infringement. The compa distinguishes itself through the quality of patents it acquires and the ability to pursue patent infringement, regardless of the size or sophistication of the infringer. The company has raised $150 million to acquire patents and litigate patent infringement.

Rembrandt's financial resources, deep expertise, and commitment to innovation prov inventors and companies the ability to level the patent playing field and see value fro their inspiration, ideas and IP.

About | The Acquisition Process | The Rembrandt Story | Meet our People | FAQs | Famous Patent Infringement Cases
Working with Rembrandt | Contact Rembrandt | Site Map

Copyright © 2006 Rembrandt IP Management, LLC



## R

**REMBRANDT**
*Drawn to Invention*



*fig. 2*

**About**

➡ **The Acquisition Process**

**The Rembrandt Story**

**Meet our People**

**FAQs**

**Famous Patent Infringement Cases**

**Working with Rembrandt**

## The Acquisition Process

Rembrandt works as a partner to help inventors realize value for their inventions. The people who comprise Rembrandt are unique in that they understand the psyche of inventors and work intimately with them to defend their innovations and secure reve for their efforts.

The process begins with a scientific and legal review of a patent. The Rembrandt business model is to acquire strong patents that hold real market promise. Rembrand accepts a small percentage of the patents it reviews.

Prior to being acquired, all patents are reviewed by Rembrandt's executive staff, hea by the company's Chief Executive Officer Paul B. Schneck, Ph.D. An internationally acclaimed scientist, Dr. Schneck has 40 years of experience in applied and theoretica sciences in fields as diverse as aerospace, supercomputing, parallel processing, and digital IP anti-pirating technologies. For his laboratory's work for The National Securi Agency, Dr. Schneck was awarded the Foreign Intelligence Community's Seal Medalli for exceptional contribution.

Once a patent qualifies, Rembrandt then works with the owner to structure the acquisition. When inventors sell patents or patent portfolios to Rembrandt, they bene from legal, scientific, and business expertise, which Rembrandt deploys to build, strengthen, articulate, and focus the claim.

Where appropriate, Rembrandt then pursues revenue opportunities by initiating pate litigation against infringing companies. As part of that effort, Rembrandt invests its o capital to retain top-tier legal counsel from firms located across the country, typically a non-contingency basis. Non-contingency relationships align interests and provide th staying power and focus needed to fully pursue legitimate legal claims.

The revenue Rembrandt secures from infringers of the acquired patent is typically shared with the former patent owner, Rembrandt investors and The Rembrandt Foundation, a charitable organization dedicated to improving primary education throughout America.

---

About | The Acquisition Process | The Rembrandt Story | Meet our People | FAQs | Famous Patent Infringement Cases
Working with Rembrandt | Contact Rembrandt | Site Map

Copyright © 2006 Rembrandt IP Management, LLC

Rembrandt Management Group



# R

**REMBRANDT**
*Drawn to Invention*



*Fig. 2*

**About**

**The Acquisition Process**

➡ **The Rembrandt Story**

**Meet our People**

**FAQs**

**Famous Patent Infringement Cases**

**Working with Rembrandt**

## The Rembrandt Story

Founded in 2004, Rembrandt was started by scientists, investors and businesspeople who realized that for myriad reasons many inventors and companies are unable to obtain the true value of their innovations and the patents that protect them.

Costly and lengthy litigation, coupled with business or legal retaliation, has tilted the playing field against small inventors and patent holders in favor of infringers. The situation threatens the very foundation of U.S. patent law, as established in Article 1 Section 8 of the U.S. Constitution.

Under U.S. patent law, inventors agree to disclose their innovations to the public in exchange for a period of exclusivity, during which time others cannot market the invention without permission, i.e. a license.

Infringers or patent pirates use public disclosure to discover and steal new ideas and unjustly benefit from these innovations at the very time the inventor is most at risk. patent holders cannot monetize their invention when competition is restricted, they r never recoup their investment or see revenue once exclusivity expires.

Patent pirates rob others of the fruits of their ingenuity, eliminate incentives to inven and wrongly reward those not responsible for the invention. Long term, the Americar economy suffers. Without protection, inventors will opt to either keep their invention: secret, which denies others access to their innovation, or they simply will stop invent due to the lack of compensation for their ideas and innovations.

Rembrandt provides the means for inventors and companies to secure the value of tl innovations, and realize the great promise extended to them in the U.S. Constitution that inventors will receive exclusivity in exchange for disclosing their invention throu a patent.

Under the direction of Dr. Paul B. Schneck, Rembrandt identifies and acquires patent that hold great market potential, pursues and secures revenue from these innovatior as established by the U.S. Constitution.

The founding director of the Supercomputing Research Center, Dr. Schneck is an internationally accomplished scientist, an Elected ACM and IEEE Fellow as well as an inventor with two issued patents, whose areas of scientific expertise range from supercomputing to digital IP anti-pirating technologies.

About | The Acquisition Process | The Rembrandt Story | Meet our People | FAQs | Famous Patent Infringement Cases Working with Rembrandt | Contact Rembrandt | Site Map

Copyright © 2006 Rembrandt IP Management, LLC



R

**REMBRANDT**
*Drawn to Invention*



About

The Acquisition
Process

The Rembrandt
Story

Meet our People

FAQs

Famous Patent
Infringement Cases

➡ Working with
Rembrandt

## Working with Rembrandt

If your patent or portfolio of patents is being infringed, Rembrandts stands ready to pursue the infringement and allow you to see the real value of your invention. Our process is comprehensive. There is no fee to patent holders. Simply:

1. Click here to notify one of our market analysts of the nature of the infringeme infringement@rembrandtfund.com or call us at 888-736-4947.

2. Once you notify us, we will immediately issue you a non-disclosure so that we can begin to collaborate with regard to the nature of the infringement.

3. After review, we will notify you of our opinion regarding your patent and the implications of the infringement. All patents are reviewed by Rembrandt's executive staff, headed by the company's Chief Executive Officer Paul B. Schneck, Ph.D.

4. If your patent is accepted, we will work with you to acquire the patent and structure the terms of the deal.

5. Once acquired, Rembrandt's in-house staff and outside consultants go to work building, strengthening, articulating and focusing the claim.

6. Throughout the procedure, Rembrandt collaborates closely with inventors to keep them apprised of the process.

7. Rembrandt invests its own capital to retain non-contingency legal support in order to pursue patent pirates and deliver the value of an invention to an inventor.

8. Rembrandt attorneys bring litigation against patent pirates and support the cl through litigation including possible appeals.

9. Awards and settlements are shared with the inventor, Rembrandts investors the Rembrandt charity.

---

About | The Acquisition Process | The Rembrandt Story | Meet our People | FAQs | Famous Patent Infringement Cases
Working with Rembrandt | Contact Rembrandt | Site Map

Copyright © 2006 Rembrandt IP Management, LLC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP, <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, COXCOM, INC., CSC HOLDINGS, INC., and CABLEVISION SYSTEMS CORPORATION, <br><br> Defendants. | CASE NO. 2-06CV-223 TJW |

**ORDER GRANTING DEFENDANT COXCOM, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(2)**

ON THIS DAY, came on to be considered CoxCom's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support in the above-styled and numbered cause. After considering said motion and briefing, the Court is of the opinion that said motion should be GRANTED.

IT IS THEREFORE ORDERED that CoxCom's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(2) is hereby GRANTED.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CASE NO. 2:06-CV-223 [TJW] |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | JURY TRIAL DEMANDED |
| CHARTER COMMUNICATIONS | § | |
| OPERATING, LLC, COX | § | |
| COMMUNICATIONS, INC., COXCOM, | § | |
| INC., COX ENTERPRISES, INC., CSC | § | |
| HOLDINGS, INC. AND CABLEVISION | § | |
| SYSTEMS CORPORATION, | § | |
| | § | |
| **Defendants.** | § | |

## MOTION OF REMBRANDT, INC.
## TO EXTEND TIME TO RESPOND TO
## MOTION TO DISMISS OF COXCOM, INC.

Plaintiff Rembrandt, Inc. ("Rembrandt") moves the Court for an extension of time to respond to "Defendant CoxCom, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support Thereof" ("Motion to Dismiss"). CoxCom filed its Motion to Dismiss on Thursday, December 14, 2006 and served it electronically on the same day. Rembrandt's response is currently due on Friday, December 29, 2006. Rembrandt requests an extension of its response date to Wednesday, January 10, 2007. Counsel for Rembrandt has discussed the extension with counsel for CoxCom, Inc. CoxCom does not oppose this motion. Rembrandt seeks the extension to allow it sufficient time during the holidays to complete its response and coordinate its internal review. Accordingly, Rembrandt moves the Court to extend its time to respond to the Motion to Dismiss to Wednesday, January 10, 2007.

DATED:  December 21, 2006                    Respectfully submitted,


                                  /s/ Sam Baxter_____
                                  Sam Baxter
                                  State Bar No. 01938000
                                  **McKOOL SMITH, P.C.**
                                  505 E. Travis, Suite 105
                                  Marshall, Texas  75670
                                  Telephone:  (903) 927-2111
                                  Telecopier:  (903) 927-2622
                                  sbaxter@mckoolsmith.com

                                  Jeffrey A. Carter
                                  State Bar No. 03919400
                                  **McKOOL SMITH, P.C.**
                                  300 Crescent Court, Suite 1500
                                  Dallas, Texas  75201
                                  Telephone:  (214) 978-4006
                                  Telecopier:  (214) 978-4044
                                  jcarter@mckoolsmith.com

                                  Travis Gordon White
                                  State Bar No. 21333000
                                  **McKOOL SMITH, P.C.**
                                  300 W. 6th Street, Suite 1700
                                  Austin, Texas  78701
                                  Telephone:  (512) 692-8700
                                  Telecopier:  (512) 692-8744
                                  gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P.O. Drawer 1249
Marshall, Texas  75670
Telephone:  (903) 938-4395
Telecopier:  (903) 938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

3

## CERTIFICATE OF CONFERENCE

On Tuesday, December 19, 2006 the undersigned conferred with counsel for Defendant CoxCom, Inc., Mitchell Stockwell. CoxCom, Inc. does not oppose Rembrandt's motion to move its date for responding to CoxCom's Motion to Dismiss to Wednesday, January 10, 2007.

  /s/ Jeffrey A. Carter_____
Jeffrey A. Carter

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 21st day of December, 2006.

  /s/ Sam Baxter_____
Sam Baxter

Dallas 230177v1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CASE NO. 2:06-CV-223 [TJW]** |
| | § | |
| **CHARTER COMMUNICATIONS, INC.,** | § | **JURY TRIAL DEMANDED** |
| **CHARTER COMMUNICATIONS** | § | |
| **OPERATING, LLC, COX** | § | |
| **COMMUNICATIONS, INC., COXCOM,** | § | |
| **INC., COX ENTERPRISES, INC., CSC** | § | |
| **HOLDINGS, INC. AND CABLEVISION** | § | |
| **SYSTEMS CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER GRANTING REMBRANDT'S
UNOPPOSED MOTION FOR AN EXTENSION
OF TIME TO RESPOND TO COXCOM'S MOTION TO DISMISS**

Plaintiff Rembrandt, Inc. ("Rembrandt") moves the Court for an extension of time to respond to CoxCom's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(2). Rembrandt seeks an extension of its response date from Friday, December 29, 2006 to Wednesday, January 10, 2007. Rembrandt represents that Defendant CoxCom, Inc. does not oppose the extension Rembrandt seeks. The Court finds that the extension will not delay the case. Accordingly, the Court hereby

**ORDERS** that the date for Plaintiff Rembrandt, Inc., to respond to the Motion to Dismiss filed by Defendant CoxCom is moved from December 29, 2006 to January 10, 2007.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CASE NO. 2:06-CV-223 [TJW]** |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | **JURY TRIAL DEMANDED** |
| CHARTER COMMUNICATIONS | § | |
| OPERATING, LLC, COX | § | |
| COMMUNICATIONS, INC., COXCOM, | § | |
| INC., COX ENTERPRISES, INC., CSC | § | |
| HOLDINGS, INC. AND CABLEVISION | § | |
| SYSTEMS CORPORATION, | § | |
| | § | |
| **Defendants.** | § | |

### ORDER GRANTING REMBRANDT'S
### UNOPPOSED MOTION FOR AN EXTENSION
### OF TIME TO RESPOND TO COXCOM'S MOTION TO DISMISS

Plaintiff Rembrandt, Inc. ("Rembrandt") moves the Court for an extension of time to respond to CoxCom's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(2). Rembrandt seeks an extension of its response date from Friday, December 29, 2006 to Wednesday, January 10, 2007. Rembrandt represents that Defendant CoxCom, Inc. does not oppose the extension Rembrandt seeks. The Court finds that the extension will not delay the case. Accordingly, the Court hereby

**ORDERS** that the date for Plaintiff Rembrandt, Inc., to respond to the Motion to Dismiss filed by Defendant CoxCom is moved from December 29, 2006 to January 10, 2007.

SIGNED this 29th day of December, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE

Dallas 230181v1

FEE PAID
# 25.00
10-30-06
Receipt #
1-1-3130

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

**APPLICATION TO APPEAR PRO HAC VICE**

OCT 30 2006

DAVID J. MALAND, CLERK

DEPUTY

1  This application is being made for the following: Case # _____2:06-cv-00223-TJW_____

Style: ___REMBRANDT TECHNOLOGIES, LP V. CHARTER COMMUNICATIONS, INC. ET AL___

2  Applicant is representing the following party/ies: _____COX COMMUNICATIONS, INC._____

3  Applicant was admitted to practice in __North Carolina__ (state) on _____08/24/96_____ (date).

4  Applicant is in good standing and is otherwise eligible to practice law before this court

5  Applicant is not currently suspended or disbarred in any other court

6  Applicant has/**has not** had an application for admission to practice before another court denied (please circle appropriate language)  If so, give complete information on a separate page

7  Applicant has/**has not** ever had the privilege to practice before another court suspended (please circle)  If so, give complete information on a separate page

8  Applicant has/**has not** been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle)  If so, give complete information on a separate page

9  Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you Omit minor traffic offenses  **None.**

10  There are no pending grievances or criminal matters pending against the applicant

11  Applicant has been admitted to practice in the following courts:

_____Please see attached_____

12  Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys"

13  Applicant has included the requisite $25 fee (see Local Rule AT-1(d))

14  Applicant understands that he is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, _____Tonya R. Deem___ do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date Oct. 20, 2006

Signature _____

Name (please print) _____Tonya R. Deem_____

State Bar Number _____23075_____

Firm Name _____Kilpatrick Stockton LLP_____

Address/P O Box:__1001 W. Fourth Street__

US2000 9549662 1 56474-320080

City/State/Zip: _____ Winston-Salem, NC  27101-2400 _____

Telephone #: ___ (336) 607-7485 _____

Fax #: _____ (336) 734-2653 _____

E-mail Address: _IDeem@kilpatrickstockton.com _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above  This application has been approved for the court this _____ 70 day of ___ Oct _____, 2006

David J  Maland, Clerk

U S  District Court, Eastern District of Texas

By          _____

Deputy Clerk

Tonya R Deem
Courts Admitted to Practice

United States District Court for the Middle District of North Carolina - 1996
United States District Court for the Eastern District of North Carolina - 1996
United States District Court for the Western District of North Carolina - 1996