CLOSED, DISCMAG, JURY, PATENT

# U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Marshall)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00223-TJW-CE

Rembrandt Technologies, LP v. Charter Communications, Inc., et al

Assigned to: Judge T. John Ward

Referred to: Magistrate Judge Charles Everingham

Cause: 35:271 Patent Infringement

Date Filed: 06/01/2006

Jury Demand: Plaintiff

Nature of Suit: 830 Patent

Jurisdiction: Federal Question

**Plaintiff**

**Rembrandt Technologies, LP**     represented by     **Robert M Parker**
Parker, Bunt & Ainsworth, P.C.
100 E Ferguson
Suite 1114
Tyler, TX 75702
903/531-3535
Fax: 9035339687
Email: rmparker@pbatyler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel Franklin Baxter**
McKool Smith - Marshall
P O Box O
Marshall, TX 75671
US
903/927-2111
Fax: 903/927-2622
Email: sbaxter@mckoolsmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bradley Wayne Caldwell**
McKool Smith
300 Crescent Court
Suite 1500
Dallas, TX 75201
214/978-4000
Fax: 2149784044
Email: bcaldwell@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Charles Ainsworth**
Parker Bunt & Ainsworth
100 E Ferguson
Suite 1114

Tyler, TX 75702
US
903/531-3535
Fax: 903/533-9687
Email: charley@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Franklin Jones, Jr**
Jones & Jones - Marshall
201 W Houston St
PO Drawer 1249
Marshall, TX 75670
903/938-4395
Fax: 9039383360
Email: maizieh@millerfirm.com
*ATTORNEY TO BE NOTICED*

**Jeffrey A Carter**
McKool Smith - Dallas
300 Crescent Court
Suite 1200
Dallas, TX 75201
214/978-4006
Fax: 12149784044
Email: jcarter@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**John Franklin Garvish, II**
McKool Smith - Austin
300 W 6th St
Ste 1700
Austin, TX 78701
512/692-8731
Fax: 512/692-8744
Email: jgarvish@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Robert Christopher Bunt**
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Ste. 1114
Tyler, TX 75702
903/531-3535
Fax: 903/533-9687
Email: rcbunt@pbatyler.com
*ATTORNEY TO BE NOTICED*

**Thomas Guy Fasone, III**
McKool Smith
300 Crescent Court
Suite 1500

Dallas, TX 75201
214/978-4000
Email: tfasone@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

**Travis Gordon White**
McKool Smith
300 W 6th St
Ste 1700
Austin, TX 78701
512/692-8701
Email: gwhite@mckoolsmith.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Charter Communications, Inc.,**    represented by    **Allen Franklin Gardner**
Potter Minton PC
110 N College
Suite 500
PO Box 359
Tyler, TX 75710-0359
903/597-8311
Email: allengardner@potterminton.com

*ATTORNEY TO BE NOTICED*

**Bradford P Lyerla**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: blyerla@marshallip.com
*ATTORNEY TO BE NOTICED*

**Charles Edward Juister**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: cjuister@marshallip.com
*ATTORNEY TO BE NOTICED*

**Diane DeVasto**
Potter Minton

110 N. College Street, Suite 500
Tyler, Tx 75702
US
903-597-8311
Fax: 903-593-0846
Email:
dianedevasto@potterminton.com
*ATTORNEY TO BE NOTICED*

**Gregory E Stanton**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: gstanton@marshallip.com
*ATTORNEY TO BE NOTICED*

**Jon-Thomas Bloch**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: jbloch@marshallip.com
*ATTORNEY TO BE NOTICED*

**Kevin D Hogg**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 317/474-0448
Email: khogg@marshallip.com
*ATTORNEY TO BE NOTICED*

**Margaret Lynn Begalle**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: Mbegalle@marshallip.com
*ATTORNEY TO BE NOTICED*

**Paul Bryan Stephens**

Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: pstephens@marshallip.com
*ATTORNEY TO BE NOTICED*

**William Joseph Kramer**
Marshall Gerstein & Borun
233 S Wacker Dr
6300 Sears Tower
Chicago, IL 60606-6357
312/474-6300
Fax: 312/474-0448
Email: wkramer@marshallip.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Charter Communications Operating, LLC**      represented by   **Allen Franklin Gardner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bradford P Lyerla**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles Edward Juister**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Diane DeVasto**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory E Stanton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon-Thomas Bloch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin D Hogg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Margaret Lynn Begalle**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Paul Bryan Stephens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William Joseph Kramer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cox Communications, Inc.**              represented by  **Candice C Decaire**
*TERMINATED: 09/19/2006*                                 Kilpatrick Stockton LLP - Atlanta
                                                         1100 Peachtree St
                                                         Ste 2800
                                                         Atlanta, GA 30309-4530
                                                         404/815-6033
                                                         Fax: 404/541-3218
                                                         Email:
                                                         cdecaire@kilpatrickstockton.com

                                                         **Leroy M Toliver**
                                                         Kilpatrick Stockton
                                                         1100 Peachtree St
                                                         Suite 2800
                                                         Atlanta, GA 30309
                                                         404/815-6483
                                                         Fax: 404/541-3274
                                                         Email: btoliver@kilpatrickstockton.com

                                                         **Michael Edwin Jones**
                                                         Potter Minton PC
                                                         110 N College
                                                         Suite 500
                                                         PO Box 359
                                                         Tyler, TX 75710-0359
                                                         903/597/8311
                                                         Fax: 9035930846
                                                         Email: mikejones@potterminton.com

                                                         **Mitchell G Stockwell**
                                                         Kilpatrick Stockton LLP
                                                         1100 Peachtree St
                                                         Ste 2800
                                                         Atlanta, GA 30309-4530
                                                         404/815-6214
                                                         Fax: 14048156555
                                                         Email:
                                                         mstockwell@kilpatrickstockton.com

**Defendant**

**Cox Enterprises, Inc,.**                  represented by  **Candice C Decaire**
*TERMINATED: 09/19/2006*                                    (See above for address)

                                                            **Leroy M Toliver**
                                                            (See above for address)

                                                            **Michael Edwin Jones**
                                                            (See above for address)

                                                            **Mitchell G Stockwell**
                                                            (See above for address)

**Defendant**

**Coxcom, Inc.,**                           represented by  **Allen Franklin Gardner**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Candice C Decaire**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Diane DeVasto**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Leroy M Toliver**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Michael Edwin Jones**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Mitchell G Stockwell**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Tonya R Deem**
                                                            Kilpatrick Stockton LLP NC
                                                            1001 W Fourth Street
                                                            Winston-Salem, NC 27101
                                                            336-607-7485
                                                            Fax: 336-607-7500
                                                            Email: tdeem@kilpatrickstockton.com
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**CSC Holdings, Inc.**

**Defendant**

**Cablevision Systems Corporation**

**Defendant**

**All Defendants**

**Movant**

**Coxcom, Inc.,**

**Movant**

**Comcast Cable Communications, LLC**

**Movant**

**Comcast Corporation**

**Movant**

**Comcast of Plano, LP**

**Counter Claimant**

**Charter Communications, Inc.,**               represented by **Michael Edwin Jones**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Charter Communications Operating, LLC**       represented by **Michael Edwin Jones**
                                                (See above for address)
                                                *ATTORNEY TO BE NOTICED*


V.

**Counter Defendant**

**Rembrandt Technologies, LP**

**Counter Claimant**

**Coxcom, Inc.,**


V.

**Counter Defendant**

**Rembrandt Technologies, LP**

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 06/01/2006 | 1 | COMPLAINT against Cablevision Systems Corporation, Charter Communications, Inc.,, Charter Communications Operating, LLC, Cox Communications, Inc., Cox Enterprises, Inc.,, Coxcom, Inc.,, CSC |

| | | |
|---|---|---|
| | | Holdings, Inc. (Filing fee $ 350.) , filed by Rembrandt Technologies, LP. (Attachments: # 1 Civil Cover Sheet)(ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 | | DEMAND for Trial by Jury by Rembrandt Technologies, LP. (ehs, ) (Entered: 06/02/2006) |
| 06/01/2006 | 2 | Form mailed to Commissioner of Patents and Trademarks. (ehs, ) (Entered: 06/02/2006) |
| 06/02/2006 | | Filing fee: $ 350.00, receipt number 2-1-1540 (ehs, ) (Entered: 06/06/2006) |
| 06/28/2006 | 3 | NOTICE of Attorney Appearance by Franklin Jones, Jr on behalf of Rembrandt Technologies, LP (Jones, Franklin) (Entered: 06/28/2006) |
| 07/06/2006 | 4 | MOTION to Withdraw as Attorney by Rembrandt Technologies, LP. (Bunt, Robert) Additional attachment(s) added on 7/7/2006 (mll, ). (Entered: 07/06/2006) |
| 07/11/2006 | 5 | ORDER granting 4 Motion to Withdraw Fish & Richardson PC as Attorney. Signed by Judge Leonard Davis on 7/10/06. (fnt, ) (Entered: 07/11/2006) |
| 07/24/2006 | 16 | APPLICATION to Appear Pro Hac Vice by Attorney Leroy M Toliver for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.. (ch, ) (Entered: 08/07/2006) |
| 07/24/2006 | | Pro Hac Vice Filing fee paid by Toliver; Fee: $25, receipt number: 6-1-6091 (ch, ) (Entered: 08/07/2006) |
| 07/24/2006 | | Summons Issued as to All Defendants. (ehs, ) (Entered: 09/06/2006) |
| 07/25/2006 | 6 | NOTICE of Designation of Attorney in Charge to Samuel Franklin Baxter on behalf of Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 07/25/2006) |
| 07/25/2006 | 7 | NOTICE of Attorney Appearance by Travis Gordon White on behalf of Rembrandt Technologies, LP (White, Travis) (Entered: 07/25/2006) |
| 07/25/2006 | 8 | NOTICE of Attorney Appearance by Jeffrey A Carter on behalf of Rembrandt Technologies, LP (Carter, Jeffrey) (Entered: 07/25/2006) |
| 07/25/2006 | 9 | NOTICE of Attorney Appearance by Bradley Wayne Caldwell on behalf of Rembrandt Technologies, LP (Caldwell, Bradley) (Entered: 07/25/2006) |
| 07/25/2006 | 10 | NOTICE of Attorney Appearance by John Franklin Garvish, II on behalf of Rembrandt Technologies, LP (Garvish, John) (Entered: 07/25/2006) |
| 07/26/2006 | 15 | APPLICATION to Appear Pro Hac Vice by Attorney Mitchell G Stockwell for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.. (ch, ) (Entered: 08/07/2006) |
| 07/26/2006 | | Pro Hac Vice Filing fee paid by Stockwell; Fee: $25, receipt number: 2-1-1728 (ch, ) (Entered: 08/07/2006) |

| 08/02/2006 | 12 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Cablevision Systems Corporation served on 7/28/2006, answer due 8/17/2006. (ehs, ) (Entered: 08/04/2006) |
| 08/02/2006 | 14 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Charter Communications Operating, LLC served on 7/28/2006, answer due 8/17/2006. (ehs, ) (Entered: 08/04/2006) |
| 08/04/2006 | 11 | NOTICE of Attorney Appearance by Michael Edwin Jones on behalf of Cox Communications, Inc., Cox Enterprises, Inc,., Coxcom, Inc., (Jones, Michael) (Entered: 08/04/2006) |
| 08/04/2006 | 13 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Charter Communications, Inc., served on 7/28/2006, answer due 8/17/2006. (ehs, ) (Entered: 08/04/2006) |
| 08/07/2006 | 17 | APPLICATION to Appear Pro Hac Vice by Attorney Candice C Decaire for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.. (ch, ) (Entered: 08/10/2006) |
| 08/07/2006 |  | Pro Hac Vice Filing fee paid by Decaire; Fee: $25, receipt number: 2-1-1763 (ch, ) (Entered: 08/10/2006) |
| 08/07/2006 | 21 | APPLICATION to Appear Pro Hac Vice by Attorney Candice C Decaire for Coxcom, Inc.,; Cox Communications, Inc. and Cox Enterprises, Inc,.APPROVED (poa, ) (Entered: 08/14/2006) |
| 08/07/2006 |  | Pro Hac Vice Filing fee paid by Decaire; Fee: $25, receipt number: 2-1-1763 (poa, ) (Entered: 08/14/2006) |
| 08/09/2006 | 18 | E-GOV SEALED SUMMONS Returned Executed Certified Mail by Rembrandt Technologies, LP. Cox Communications, Inc. served on 8/2/2006, answer due 8/22/2006. (ch, ) (Entered: 08/10/2006) |
| 08/09/2006 | 19 | E-GOV SEALED SUMMONS Returned Executed Certified Mail by Rembrandt Technologies, LP. Coxcom, Inc., served on 8/2/2006, answer due 8/22/2006. (ch, ) (Entered: 08/10/2006) |
| 08/09/2006 | 20 | E-GOV SEALED SUMMONS Returned Executed Certified Mail by Rembrandt Technologies, LP. CSC Holdings, Inc. served on 7/31/2006, answer due 8/21/2006. (ch, ) (Entered: 08/10/2006) |
| 08/17/2006 | 22 | *Defendants' Charter Communications, Inc. and Charter Communications Operating LLC* ANSWER to Complaint , *Affirmative Defenses and*, COUNTERCLAIM against Rembrandt Technologies, LP by Charter Communications, Inc.,, Charter Communications Operating, LLC.(Jones, Michael) (Entered: 08/17/2006) |
| 08/17/2006 | 26 | APPLICATION to Appear Pro Hac Vice by Attorney Bradford P Lyerla for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 |  | Pro Hac Vice Filing fee paid by Lyerla; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |

| 08/17/2006 | 27 | APPLICATION to Appear Pro Hac Vice by Attorney Kevin D Hogg for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Hogg; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | 28 | APPLICATION to Appear Pro Hac Vice by Attorney William Joseph Kramer for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Kramer; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | 29 | APPLICATION to Appear Pro Hac Vice by Attorney Paul Bryan Stephens for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Stephens; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/24/2006) |
| 08/17/2006 | 30 | APPLICATION to Appear Pro Hac Vice by Attorney Margaret Lynn Begalle for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Begalle; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Begalle; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | 31 | APPLICATION to Appear Pro Hac Vice by Attorney Gregory E Stanton for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Stanton; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | 32 | APPLICATION to Appear Pro Hac Vice by Attorney Charles Edward Juister for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Juister; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | 33 | APPLICATION to Appear Pro Hac Vice by Attorney Jon-Thomas Bloch for Charter Communications, Inc., and Charter Communications Operating, LLC. (ch, ) (Entered: 08/25/2006) |
| 08/17/2006 | | Pro Hac Vice Filing fee paid by Bloch; Fee: $25, receipt number: 6-1-6391 (ch, ) (Entered: 08/25/2006) |
| 08/18/2006 | 23 | E-GOV SEALED SUMMONS Returned Executed by Rembrandt Technologies, LP. Cox Enterprises, Inc,. served on 8/8/2006, answer due 8/28/2006. (ehs, ) (Entered: 08/18/2006) |

| | | |
|---|---|---|
| 08/21/2006 | 24 | ***FILED IN ERROR; PLEASE IGNORE***<br><br>MOTION for Extension of Time to File Answer */Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement* by Cox Communications, Inc., Cox Enterprises, Inc,., Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order Granting Agreed Motion to Extension of Time to Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement)(Stockwell, Mitchell) Modified on 8/28/2006 (mpv, ). (Entered: 08/21/2006) |
| 08/21/2006 | 25 | ***FILED IN ERROR; ATTY USED WRONG EVENT TO DOCKET; PLEASE IGNORE***<br><br>***FILED IN ERROR. Document # 24, Motion for Extension of Time to File Answer/Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement. PLEASE IGNORE.***<br><br>*Agreed Motion for Extension of Time to Respond to Rembrandt Technologies, LP'S Complaint for Patent Infringement* (Attachments: # 1 Text of Proposed Order Granting Agreed Motion for Extension of Time to Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement)(Decaire, Candice) Modified on 8/28/2006 (mpv, ). (Entered: 08/21/2006) |
| 08/21/2006 | 34 | ***REPLACES #24 & #25***<br><br>MOTION for Extension of Time to File Answer/Respond re 1 Complaint, by Cox Communications, Inc., Cox Enterprises, Inc, Coxcom, Inc. (Attachments: # 1 Text of Proposed Order) (mpv, ) Modified on 8/28/2006 (mpv, ). (Entered: 08/28/2006) |
| 08/21/2006 | | ***FILED IN ERROR. Document # 24, MOTION for Extension of Time to File Answer /Respond to Rembrandt Technologies, LP's Complaint for Patent Infringement. PLEASE IGNORE. REPLACED BY #34***<br><br>(mpv, ) (Entered: 08/28/2006) |
| 08/21/2006 | | ***FILED IN ERROR. Document # 25, Agreed Motion for Extension of Time to Respond to Rembrandt Technologies, LP'S Complaint for Patent Infringement. PLEASE IGNORE. DOCKETED INCORRECTLY BY ATTORNEY AS NOTICE OF DOCKET CORRECTION; REPLACED BY #34***<br><br>(mpv, ) (Entered: 08/28/2006) |
| 08/29/2006 | 35 | ORDER granting 34 Motion for Extension of Time to Answer. Dft's Cox Communications, Inc., Coxcom, Inc., and Cox Enterprises, Inc. Deadline to answer Pla's Complaint is 9/27/06 . Signed by Judge Leonard Davis on 8/29/06. (ch, ) (Entered: 08/29/2006) |
| 08/29/2006 | | Answer Due Deadline Updated for Cox Communications, Inc. to |

| | | |
|---|---|---|
| | | 9/27/2006; Cox Enterprises, Inc,. to 9/27/2006; Coxcom, Inc., to 9/27/2006. (ch, ) (Entered: 08/29/2006) |
| 09/06/2006 | 36 | NOTICE of Voluntary Dismissal by Rembrandt Technologies, LP (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 09/06/2006) |
| 09/08/2006 | 37 | CORPORATE DISCLOSURE STATEMENT filed by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 09/08/2006) |
| 09/11/2006 | 38 | *** FILED IN ERROR - PLEASE IGNORE - TO BE REFILED ***ANSWER to Counterclaim, COUNTERCLAIM against Rembrandt Technologies, LP by Rembrandt Technologies, LP.(Baxter, Samuel) Modified on 9/11/2006 (rml, ). (Entered: 09/11/2006) |
| 09/11/2006 | | ***FILED IN ERROR. Document # 38, Answer & Crossclaim. PLEASE IGNORE.*** <br><br>(rml, ) (Entered: 09/11/2006) |
| 09/11/2006 | 39 | ***REPLACES #38*** <br><br>RESPONSE to 22 Answer to Complaint, Counterclaim,, *PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER AND COUNTERCLAIMS* by Rembrandt Technologies, LP. (Baxter, Samuel) Modified on 9/12/2006 (mpv, ). (Entered: 09/11/2006) |
| 09/19/2006 | 40 | ORDER dismissing defts Cox Communications, Inc. and Cox Enterprises, Inc. without prejudice. Signed by Judge Leonard Davis on 9/19/06. (ehs, ) (Entered: 09/19/2006) |
| 09/20/2006 | 41 | ORDER - the court transfers this case to the Honorable T. John Ward. Signed by Judge Leonard Davis on 9/20/06. (ch, ) (Entered: 09/20/2006) |
| 09/21/2006 | 42 | NOTICE of Attorney Appearance by Robert Christopher Bunt on behalf of Rembrandt Technologies, LP (Bunt, Robert) (Entered: 09/21/2006) |
| 09/21/2006 | 43 | NOTICE of Attorney Appearance by Charles Ainsworth on behalf of Rembrandt Technologies, LP (Ainsworth, Charles) (Entered: 09/21/2006) |
| 09/27/2006 | 44 | Second MOTION for Extension of Time to File Answer *to Rembrandt Technologies, LP's Complaint for Patent Infringement* by Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order Granting Motion for Extension of Time to Answer)(Decaire, Candice) (Entered: 09/27/2006) |
| 09/28/2006 | 45 | ORDER granting 44 Motion for Extension of Time to Answer. Deadline extended to 10/6/06 for deft Coxcom, Inc. to answer . Signed by Judge T. John Ward on 9/28/06. (ehs, ) (Entered: 09/28/2006) |
| 09/28/2006 | | Answer Due Deadline Updated for Coxcom, Inc., to 10/6/2006. (ehs, ) (Entered: 09/28/2006) |
| 10/06/2006 | 46 | ANSWER to Complaint *and*, COUNTERCLAIM against Rembrandt Technologies, LP by Coxcom, Inc.,.(Jones, Michael) (Entered: |

| | | |
|---|---|---|
| | | 10/06/2006) |
| 10/16/2006 | 47 | NOTICE of Voluntary Dismissal by Rembrandt Technologies, LP (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 10/16/2006) |
| 10/18/2006 | 48 | CORPORATE DISCLOSURE STATEMENT filed by Charter Communications, Inc.,, Charter Communications Operating, LLC identifying Charter Communications, Inc. as Corporate Parent. (Jones, Michael) (Entered: 10/18/2006) |
| 10/24/2006 | 49 | CORPORATE DISCLOSURE STATEMENT filed by Coxcom, Inc., identifying Cox Communications, Inc., a wholly owned subsidiary of Cox Enterprises, Inc. as Corporate Parent. (Toliver, Leroy) (Entered: 10/24/2006) |
| 10/27/2006 | 50 | ANSWER to Counterclaim by Rembrandt Technologies, LP.(Baxter, Samuel) (Entered: 10/27/2006) |
| 10/30/2006 | 55 | APPLICATION to Appear Pro Hac Vice by Attorney Tonya R Deem for Cox Communications. (ch, ) (Entered: 01/09/2007) |
| 10/30/2006 | | Pro Hac Vice Filing fee paid by Deem; Fee: $25, receipt number: 1-1-3130 (ch, ) (Entered: 01/09/2007) |
| 11/13/2006 | 51 | ORDER - granting 47 Notice of Voluntary Dismissal. Dft Cablevision Systems Corporation and CSC Holdings, Inc. are dismissed without prejudice. Signed by Judge T. John Ward on 11/13/06. (ch, ) (Entered: 11/13/2006) |
| 12/14/2006 | 52 | MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* by Coxcom, Inc.,. (Attachments: # 1 Exhibit 1 - Order USA Video case# 2 Exhibit 2 - Spalding Declaration# 3 Exhibit 3 - Website# 4 Text of Proposed Order)(Jones, Michael) (Entered: 12/14/2006) |
| 12/21/2006 | 53 | Consent MOTION for Extension of Time to File Response/Reply *MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS OF COXCOM, INC.* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Baxter, Samuel) (Entered: 12/21/2006) |
| 12/29/2006 | 54 | ORDER granting 53 Consent MOTION for Extension of Time to File Response/Reply *MOTION TO EXTEND TIME TO RESPOND TO MOTION TO DISMISS OF COXCOM, INC.* Responses due by 1/10/2007. Signed by Judge T. John Ward on 12/29/06. (ch, ) (Entered: 12/29/2006) |
| 01/10/2007 | 56 | RESPONSE in Opposition re 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* filed by Rembrandt Technologies, LP. (Attachments: # 1 Affidavit of Jeffrey A. Carter# 2 Exhibit A# 3 Affidavit of Anthony Joseph Magee# 4 Exhibit A# 5 Exhibit B# 6 Exhibit C# 7 Exhibit D Part 1# 8 Exhibit D Part 2# 9 Exhibit E Part 1# 10 Exhibit E Part 2# 11 Exhibit F# 12 Exhibit G# 13 Exhibit H# 14 Exhibit I# 15 Exhibit J# 16 Exhibit K# 17 Exhibit L# 18 |

| | | |
|---|---|---|
| | | Exhibit M# 19 Exhibit N# 20 Exhibit O# 21 Exhibit P# 22 Exhibit Q# 23 Exhibit R# 24 Exhibit S# 25 Exhibit T# 26 Exhibit U Part 1# 27 Exhibit U Part 2# 28 Exhibit V)(Baxter, Samuel) (Entered: 01/10/2007) |
| 01/22/2007 | 57 | MOTION for Extension of Time to File Response/Reply as to 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* by Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order)(Jones, Michael) (Entered: 01/22/2007) |
| 01/23/2007 | 58 | ORDER granting 57 Motion for Extension of Time to File Reply in support of motion to dismiss. Responses due by 1/26/2007. Signed by Judge T. John Ward on 1/23/07. (ehs, ) (Entered: 01/23/2007) |
| 01/26/2007 | 59 | REPLY to Response to Motion re 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support* filed by Coxcom, Inc.,. (Attachments: # 1 Supplemental Declaration of J. Spalding# 2 Exhibit 1# 3 Exhibit 2# 4 Exhibit 3# 5 Exhibit 4A-D)(Jones, Michael) (Entered: 01/26/2007) |
| 01/29/2007 | 60 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Charter Communications, Inc.,, Charter Communications Operating, LLC (Gardner, Allen) (Entered: 01/29/2007) |
| 01/29/2007 | 61 | NOTICE of Attorney Appearance by Allen Franklin Gardner on behalf of Coxcom, Inc., (Gardner, Allen) (Entered: 01/29/2007) |
| 02/05/2007 | 62 | REPLY to Response to Motion re 52 MOTION to Dismiss *Plaintiff's Complaint Pursuant to Rule 12(b)(2) and Brief in Support SURREPLY IN OPPOSITION TO COXCOM INC.'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION* filed by Rembrandt Technologies, LP. (Baxter, Samuel) (Entered: 02/05/2007) |
| 03/02/2007 | 63 | MOTION to Consolidate Cases by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc.,. (Attachments: # 1 Text of Proposed Order)(DeVasto, Diane) (Entered: 03/02/2007) |
| 03/08/2007 | 64 | NOTICE of Hearing: Scheduling Conference set for 4/3/2007 at 2:00 PM in Ctrm 106 (Marshall) before Judge T. John Ward. (shd, ) (Entered: 03/08/2007) |
| 03/09/2007 | 65 | NOTICE by Coxcom, Inc., *of Filing Motion for Transfer and Consolidation of Rembrandt Technologies, LP Patent Litigation Pursuant to 28 U.S.C. 1407* (Attachments: # 1 MDL Motion for Transfer and Consolidation# 2 Motion Ex. A# 3 Motion Ex. B# 4 MDL Memorandum# 5 MDL Exhibit List# 6 MDL Notice of Appearance# 7 MDL Corporate Disclosure# 8 MDL Certificate of Service)(Stockwell, Mitchell) (Entered: 03/09/2007) |
| 03/09/2007 | 66 | Additional Attachments to Main Document: 65 Notice (Other), Notice (Other).. (Attachments: # 1 MDL Ex. 1# 2 MDL Ex. 2# 3 MDL Ex. 3# 4 MDL Ex. 4# 5 MDL Ex. 5# 6 MDL Ex. 6# 7 MDL Ex. 7# 8 MDL Ex. 8# 9 MDL Ex. 9# 10 MDL Ex. 10# 11 MDL Ex. 11# 12 MDL Ex. 12# 13 MDL Ex. 13# 14 MDL Ex. 14# 15 MDL Ex. 15# 16 MDL Ex. 16# 17 |

|  |  | MDL Ex. 17# [18](#) MDL Ex. 18# [19](#) MDL Ex. 19# [20](#) MDL Ex. 20# [21](#) MDL Ex. 21# [22](#) MDL Ex. 22# [23](#) MDL Ex. 23# [24](#) MDL Ex. 24# [25](#) MDL Ex. 25# [26](#) MDL Ex. 26# [27](#) MDL Ex. 27# [28](#) MDL Ex. 28# [29](#) MDL Ex. 29# [30](#) MDL Ex. 30# [31](#) MDL EX. 31# [32](#) MDL Ex. 32# [33](#) MDL Ex. 33# [34](#) MDL Ex. 34# [35](#) MDL Ex. 35# [36](#) MDL Ex. 36# [37](#) MDL Ex. 37# [38](#) MDL Ex. 38# [39](#) MDL Ex. 39# [40](#) MDL Ex. 40# [41](#) MDL Ex. 41# [42](#) MDL Ex. 42# [43](#) MDL Ex. 43)(Stockwell, Mitchell) (Entered: 03/09/2007) |
|---|---|---|
| 03/14/2007 | [67](#) | NOTICE of Scheduling conference, proposed deadlines for docket control order and discovery. Scheduling Conference set for 4/3/07 at 2:00 pm, in Marshall, Tx (djh, ) (Entered: 03/14/2007) |
| 03/19/2007 | [68](#) | RESPONSE in Opposition re [63](#) MOTION to Consolidate Cases *filed by Rembrandt Technologies, LP*. (Baxter, Samuel) (Entered: 03/19/2007) |
| 03/26/2007 | [69](#) | Consent MOTION for Leave to File Excess Pages by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc.,. (Attachments: # [1](#) Text of Proposed Order # [2](#) Exhibit 1) (DeVasto, Diane) (Entered: 03/26/2007) |
| 03/29/2007 | [70](#) | NOTICE by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc., *of Developments in Related Cases* (Attachments: # [1](#) Order Staying Civil Actions)(Jones, Michael) (Entered: 03/29/2007) |
| 03/30/2007 | [71](#) | NOTICE by Rembrandt Technologies, LP *Joint Notice of Conference Regarding Proposed Discovery Order and Docket Control Order* (Attachments: # [1](#) Text of Proposed Order Proposed Discovery Order and Docket Control Order)(Carter, Jeffrey) (Entered: 03/30/2007) |
| 04/02/2007 | [72](#) | ORDER granting [69](#) Motion for Leave to File Excess Pages concerning deft's reply memorandum in support of motion to consolidate cases for pretrial proceedings. Signed by Judge T. John Ward on 4/2/07. (ehs, ) (Entered: 04/02/2007) |
| 04/02/2007 | [73](#) | REPLY to Response to Motion re [63](#) MOTION to Consolidate Cases *filed by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc.,*. (DeVasto, Diane) (Entered: 04/02/2007) |
| 04/03/2007 | [74](#) | ORDER referring case to Magistrate Judge Charles Everingham in accordance with the assignments made by General Order 07-03. The magistrate judge shall conduct pre-trial proceedings pursuant to 28 USC 636. Signed by Judge T. John Ward on 4/2/07. (ch, ) (Entered: 04/03/2007) |
| 04/05/2007 | [75](#) | NOTICE by Rembrandt Technologies, LP *NOTICE OF FILING OPPOSITION TO COXCOM'S MOTION FOR TRANSFER AND CONSOLIDATION OF REMBRANDT TECHNOLOGIES, LP PATENT LITIGATION* (Attachments: # [1](#) Reasons Why Oral Argument Should be Heard in Opposition to CoxCom's Motion for Transfer and Consolidation# [2](#) Response to CoxCom's Motion for Transfer and Consolidation# [3](#) Rembrandt's Brief in Opposition to CoxCom's Motion |

|  |  |  |
|---|---|---|
|  |  | for Transfer and Consolidation# 4 Exhibit List# 5 Exhibit 1# 6 Exhibit 2# 7 Exhibit 3# 8 Exhibit 4# 9 Exhibit 5# 10 Exhibit 6# 11 Exhibit 7# 12 Exhibit 8# 13 Exhibit 9# 14 Exhibit 10# 15 Exhibit 11# 16 Exhibit 12# 17 Exhibit 13# 18 Proof of Service)(Baxter, Samuel) (Entered: 04/05/2007) |
| 04/12/2007 | 76 | RESPONSE to 65 Notice (Other), Notice (Other) *Response to the Motion to Consolidate Cases* by Comcast Cable Communications, LLC, Comcast Corporation, Comcast of Plano, LP. (Doan, Jennifer) Amended Certificate of Service added on 4/13/2007 (mpv, ). Modified on 4/13/2007 (mpv, ). (Entered: 04/12/2007) |
| 04/12/2007 | 77 | SUR-REPLY to Reply to Response to Motion re 63 MOTION to Consolidate Cases *filed by Rembrandt Technologies, LP*. (Baxter, Samuel) (Entered: 04/12/2007) |
| 04/18/2007 | 78 | NOTICE by Charter Communications, Inc.,, Charter Communications Operating, LLC, Coxcom, Inc., *Notice of Development* (Attachments: # 1 Notice of Hearing)(Gardner, Allen) (Entered: 04/18/2007) |
| 04/19/2007 | 79 | ORDER REGARDING THE PROTECTIVE ORDER AND DOCUMENT PRODUCTION. Signed by Judge Charles Everingham on 4/18/07. (ch, ) (Entered: 04/19/2007) |
| 04/19/2007 | 80 | DOCKET CONTROL ORDER Respond to Amendeding Pleadings 11/30/07. Amended Pleadings due by 11/16/2007. Discovery due by 5/14/2008. Joinder of Parties due by 5/3/2007.Claims Construction Hearing set for 2/13/2008 - 2/14/08 9:00 AM before Judge T. John Ward. Motions in limine due by 7/21/2008. Proposed Pretrial Order due by 7/21/2008. Jury Selection set for 8/4/2008 9:00AM before Judge T. John Ward. Pretrial Conference set for 7/24/2008 9:30 AM before Judge T. John Ward. Privilege Logs to be exchanged by parties 6/4/07. All other deadlines are set forth herein. Signed by Judge Charles Everingham on 4/19/07. (ch, ) (Entered: 04/19/2007) |
| 04/24/2007 | 81 | NOTICE by Rembrandt Technologies, LP *NOTICE REGARDING THE PROTECTIVE ORDER* (Attachments: # 1 Attachment A)(Baxter, Samuel) CORRECTED PROPOSED ORDER added on 4/25/2007 (mpv, ). Modified on 4/25/2007 (mpv, ). (Entered: 04/24/2007) |
| 04/24/2007 | 82 | NOTICE by Rembrandt Technologies, LP *NOTICE REGARDING ELECTRONIC PRODUCTION* (Baxter, Samuel) (Entered: 04/24/2007) |
| 04/25/2007 |  | NOTICE re 81 Notice (Other) CORRECTED PROPOSED PROTECTIVE ORDER NOW ATTACHED. (mpv, ) (Entered: 04/25/2007) |
| 04/30/2007 | 83 | Minute Entry for proceedings held before Judge Charles Everingham : Scheduling Conference held on 4/30/2007. (Court Reporter Debbie Latham.)(delat, ) (Entered: 04/30/2007) |
| 05/03/2007 |  | TRANSCRIPT of Proceedings held on 4/3/07 before Judge Chad Everingham. Court Reporter: Transcriber/Susan Simmons. (lss) (Entered: |

| | | 05/03/2007) |
|---|---|---|
| 05/03/2007 | 85 | NOTICE by Rembrandt Technologies, LP *PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF COMPLIANCE WITH PATENT RULES 3-1 AND 3-2* (Baxter, Samuel) (Entered: 05/03/2007) |
| 05/03/2007 | 86 | NOTICE by Charter Communications, Inc.,, Charter Communications Operating, LLC *of Disclosures* (Gardner, Allen) (Entered: 05/03/2007) |
| 05/04/2007 | 87 | NOTICE of Disclosure by Coxcom, Inc.,, Coxcom, Inc.,, Coxcom, Inc., *Notice of Service of Initial Disclosures* (Stockwell, Mitchell) (Entered: 05/04/2007) |
| 05/04/2007 | 88 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 05/04/2007) |
| 05/04/2007 | 89 | PROTECTIVE ORDER. Signed by Judge Charles Everingham on 5/4/07. (ehs, ) (Entered: 05/04/2007) |
| 05/18/2007 | 90 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 05/18/2007) |
| 06/04/2007 | 91 | Joint MOTION to Amend/Correct *the Docket Control Order to Move the Date for Exchanging Privilege Logs* by Rembrandt Technologies, LP. (Attachments: # 1 Text of Proposed Order)(Carter, Jeffrey) (Entered: 06/04/2007) |
| 06/06/2007 | 92 | ORDER granting 91 Motion to Amend/Correct. Docket Control Order is amended to move the date for parties to exchange privilege logs to 7/10/07. Signed by Judge Charles Everingham on 6/5/07. (ch, ) (Entered: 06/06/2007) |
| 06/08/2007 | 93 | NOTICE of Attorney Appearance by Thomas Guy Fasone, III on behalf of Rembrandt Technologies, LP (Fasone, Thomas) (Entered: 06/08/2007) |
| 06/12/2007 | 94 | NOTICE of Disclosure by Rembrandt Technologies, LP (Baxter, Samuel) (Entered: 06/12/2007) |
| 06/14/2007 | 95 | NOTICE of Disclosure by Charter Communications, Inc.,, Charter Communications Operating, LLC *P.R. 3-3 and P.R. 3-4* (Gardner, Allen) (Entered: 06/14/2007) |
| 06/14/2007 | 96 | NOTICE of Disclosure by Coxcom, Inc., *P.R. 3-3 and P.R. 3-4* (Gardner, Allen) (Entered: 06/14/2007) |
| 06/21/2007 | 97 | NOTICE by All Defendants *of Multi-District Litigation Developments Pursuant to Local Rule CV-42* (Attachments: # 1 Exhibit A)(Gardner, Allen) (Entered: 06/21/2007) |
| 06/27/2007 | 98 | Interdistrict transfer to the District of Delaware, Wilmington, De. Purusant to letter Elizabeth Dinan was notified. Certified copy of Docket Sheet, Complaint, Transfer Order and Letter were mailed to the Federal Blding, Lockbox 18, 844 N. King Street Wilmington, DE(ch, ) Additional attachment(s) added on 6/28/2007 (ch, ). Modified on 6/28/2007 (ch, ). (Entered: 06/27/2007) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/02/2007 13:26:08 | | | |
| **PACER Login:** | ud0037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-00223-TJW-CE |
| **Billable Pages:** | 10 | **Cost:** | 0.80 |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., | § | |
| ET AL. | § | |

## DOCKET CONTROL ORDER

| | |
|---|---|
| **Monday, August 4, 2008** | Jury Selection - 9:00 a.m. in **Marshall, Texas** for the initial case to be tried. |
| **July 24, 2008** | Pretrial Conference - 9:30 a.m. in **Marshall, Texas** |
| **July 21, 2008** | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **July 21, 2008** | **Motions in Limine (due three days before final Pre-Trial Conference).** Three (3) days prior to the pre-trial conference provided for herein, the parties shall furnish a copy of their respective Motions in Limine to the Court by facsimile transmission, **903/935-2295**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. **The parties shall limit their motions in limine to those issues which, if improperly introduced into the trial of the cause, would be so prejudicial that the Court could not alleviate the prejudice with appropriate instruction(s).** |
| **July 14, 2008** | Response to Dispositive Motions (including *Daubert* motions) |
| **July 7, 2008** | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings.** If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| **June 27, 2008** | For Filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) **Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |

2

| | |
|---|---|
| **May 28, 2008** | Defendants to Identify Trial Witnesses |
| **May 14, 2008** | Plaintiff to Identify Trial Witnesses |
| **May 14, 2008** | Discovery Deadline |
| **April 15, 2008** | Conference to determine the case that will be tried August 4, 2008, the order in which the remainder of the cases will be tried and, if possible, a trial setting for the remaining cases. |
| **April 7, 2008** | or **30** Days after the claim construction ruling, whichever occurs later, Designate Rebuttal Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| **April 3, 2008** | Status Report to Court in lieu of mediation |
| _____ | **15** Days after claim construction ruling Comply with P.R. 3-8. |
| **March 24, 2008** | or **15** Days after claim construction ruling, whichever occurs later, Party with the burden of proof to designate Expert Witnesses other than claims construction Expert witness report due Refer to Discovery Order for required information. |
| **February 13 and 14, 2008** | Claim construction hearing or hearings 9:00 a.m., **Marshall, Texas**. |
| **February 1, 2008** | Parties submit technology tutorials to the Court. |

3

| | |
|---|---|
| **January 21, 2008** | Comply with P.R. 4-5(c). |
| **January 11, 2008** | Comply with P.R. 4-5(b). |
| **December 24, 2007** | Comply with P.R. 4-5(a). |
| **December 7, 2007** | Discovery deadline-claims construction issues |
| **November 30, 2007** | Respond to Amended Pleadings |
| **November 16, 2007** | Amend Pleadings<br>**(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after November 16, 2007).** |
| **November 16, 2007** | Comply with P.R. 4-3. |
| **October 16, 2007** | Comply with P.R. 4-2. |
| **September 26, 2007** | Comply with P.R. 4-1. |
| **August 3, 2007** | Letter to the Court stating that there are no disputes as to claims of privileged documents. |
| **June 11, 2007** | Comply with Paragraph 3(b) of the Discovery Order |
| **June 4, 2007** | Privilege Logs to be exchanged by parties |
| **June 11, 2007** | Comply with P.R. 3-3. |

4

| May 3, 2007 | Join Additional Parties |
| April 28, 2007 | Comply with P.R. 3-1 |
| April 3, 2007 | Scheduling Conference (All attorneys are directed to Local Rule CV-16 for scope of the Scheduling Conference). |

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e)**, in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

## OTHER LIMITATIONS

1.  All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2.  The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. <u>See</u> Eastern District of Texas Local Rule CV-7(h).

3.  The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a)  The fact that there are motions for summary judgment or motions to dismiss pending;

    (b)  The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c)  The failure to complete discovery prior to trial, unless the parties can

5

demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

SIGNED this 19th day of April, 2007.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## NOTICE REGARDING THE PROTECTIVE ORDER

At the Scheduling Conference, the Parties requested an additional three weeks to work on

reaching an agreement with respect to a Protective Order in this case.  In its April 19, 2007 Order

Regarding Protective Order and Document Production (Doc. No. 68), the Court gave the parties

three weeks to reach agreement on a Protective Order or inform the Court of any remaining disputes regarding the Protective Order.  The Parties have reached agreement on a Protective Order and respectfully request that the Court enter the agreed upon Protective Order, which is attached hereto as Attachment A.

DATED: April 24, 2007                              Respectfully submitted,


                                                  /s/ Sam Baxter
                                                  Sam Baxter
                                                  State Bar No. 01938000
                                                  **McKOOL SMITH, P.C.**
                                                  505 E. Travis, Suite 105
                                                  Marshall, Texas  75670
                                                  Telephone:  (903) 927-2111
                                                  Telecopier:  (903) 927-2622
                                                  sbaxter@mckoolsmith.com

                                                  Jeffrey A. Carter
                                                  State Bar No. 03919400
                                                  **McKOOL SMITH, P.C.**
                                                  300 Crescent Court, Suite 1500
                                                  Dallas, Texas  75201
                                                  Telephone:  (214) 978-4006
                                                  Telecopier:  (214) 978-4044
                                                  jcarter@mckoolsmith.com

                                                  Travis Gordon White
                                                  State Bar No. 21333000
                                                  **McKOOL SMITH, P.C.**
                                                  300 W. 6th Street, Suite 1700
                                                  Austin, Texas  78701
                                                  Telephone:  (512) 692-8700
                                                  Telecopier:  (512) 692-8744
                                                  gwhite@mckoolsmith.com

/s/ Brooke A. M. Taylor
Max L. Tribble, Jr.
State Bar No. 20213950
Tibor L. Nagy
State Bar 24041562
Email: mtribble@susmangodfrey.com
Email: tnagy@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel: 713-651-9366
Fax: 713-654-6666

**OF COUNSEL:**
Edgar Sargent
WA State Bar No. 28283
Email: esargent@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

Brooke A.M. Taylor
WA State Bar No. 33190
Email: btaylor@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: 206-516-3880
Fax: 206-516-3883

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Telephone: (903) 561-1600
Telecopier: (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Telecopier: (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX 75670
Telephone: 903-938-4395
Telecopier: 903-938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Telecopier:  (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

<u>/s/ Jennifer Haltom Doan</u>
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
**HALTOM & DOAN, LLP**
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Tel: 903-255-1000
Fax: 903-255-0800

Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 9411-1704
Tel: 415-676-2235
Fax: 415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE,
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

/s/ Michael E. Jones
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.

/s/  Sam Baxter
Sam Baxter

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.

<u>/s/  Brooke A.M. Taylor</u>
Brooke A.M. Taylor

# **Attachment A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable, Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

Dallas 236804v1

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership (collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

**WHEREAS**, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively referred to herein as the "parties;" and

**WHEREAS,** the parties recognize that confidential information is being produced for use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the treatment of confidential information produced by a party ("Producing Party")[1] to any other party ("Receiving Party") in the course of this civil action:

1.      The term "Confidential Information" as used in this Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties.  Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third parties producing documents in one or more of these cases.

2.      Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order

3**.**      Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)      Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-

3

house counsel only, from the taking of the deposition until fifteen (15) days after the actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.  At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

(b)     Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain such information.

4.     The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY any materials that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c), but not including those materials which qualify for the designation "CONFIDENTIAL" under paragraph 5.  Subject to the provisions of paragraphs 6 and 7 herein, material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY, and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)     source code escrow agents, photocopy, document imaging and database services, and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli, Executive Vice President and General Counsel of Rembrandt, and one in-house counsel for each of Charter, CoxCom, Time Warner, and Comcast (following identification of each in-house counsel to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) paralegals and/or clerical employees assisting each of the identified in-house counsel; and

(f)     the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action. Any individual outside counsel of record who receives information designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in patent prosecution for the Receiving Party, and the individual outside counsel who receives any such information may not discuss the information with anyone involved in patent prosecution for the Receiving Party.  Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

    McKool Smith P.C.
    300 Crescent Court, Suite 1500
    Dallas, Texas 75201

    Parker & Bunt
    100 E. Ferguson, Suite 1114
    Tyler, Texas 75702

5

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

McKool Smith P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP

Dallas 236804v1

1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

**For Charter in the 223 and 507 cases:**

Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357

Potter Minton, PC
1100 North College
500 Plaza Tower
Tyler, Texas 75702

7

**For Coxcom in the 223 and 507 cases:**

      Kilpatrick Stockton LLP
      1100 Peachtree Street NE, Suite 2800
      Atlanta, Georgia 30309-4530

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

      Kaye Scholer
      425 Park Avenue
      New York, New York 10022

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Comcast in the 506 case:**

      Keker & Van Nest, LLP
      710 Sansome Street
      San Francisco, California 94111-1704

      Halton & Doan, LLP
      6500 N. Summerhill Road, Suite 1A
      P.O. Box 6227
      Texarkana, Texas 75505-6277

     5**.**      The parties may designate as CONFIDENTIAL any materials of a financial or

accounting nature that qualify for protection under the standards developed under Fed. R. Civ. P.

26(c).  Subject to the provisions of paragraphs 6 and 7 herein, material designated as

CONFIDENTIAL, and any summary, description or report of the information contained in such

materials, may be disclosed only to the following persons:

8

(a)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)     photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt, one in-house counsel and one other employee for each of Charter, CoxCom, Time Warner, and Comcast (following identification of each in-house counsel and each other employee to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel and other employee; and

(f)     the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action

6.     (a)     A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

9

       (b)     No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(f) and 5(b)-(f) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

       (c)     Before individuals under subparagraphs 4(b) and 5(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years.  If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking, Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue.  If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information.  If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

(d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a

consulting expert will not be a waiver of any privilege or right to withhold from production that

applies to communications or work product.  Furthermore, the parties agree that by stipulating to

the entry of this Protective Order; the parties do not intend to modify in any way the normal

discovery rules applicable to consulting experts, or other agreements reached between the parties

regarding such discovery.

7**.**     In addition to the terms set forth in paragraphs 4 through 6 herein governing the

disclosure of Confidential Information or Highly Confidential Information, information or

materials that contain, embody, or otherwise reflect source code of a party or a third party

subpoenaed for such source code in one or more of the above captioned cases shall be provided

the following further protections:

(a)     Any and all such source code, except for hard (non-electronic) copies,

shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian

("Source Code Custodian").  The source code shall initially be deposited at a facility in the Los

Angeles metropolitan region.  After 45 days, the source code shall be transferred to a facility in

the Dallas metropolitan region.  Where source code is deposited by a third party, this

subparagraph may be modified by written agreement of the parties and the third party depositing

source code; in all other cases, this subparagraph may be modified by written agreement of the

parties.

(b)     Subject to subparagraphs (c) and (d), any source code produced in

electronic form shall be stored and viewed only at the offices of the Source Code Custodian and

shall be maintained in a secured, locked area.  No electronic copies of source code shall be

made.  Any such source code shall only be viewed or analyzed on a stand-alone computer (a

11

computer that is not connected to any internal or external computer or computer network) located within the above-described locations. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied. The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant. The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

   (c)  Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

     (i)  a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

     (ii)  the Court;

     (iii)  the site where any deposition relating to the source code is taken;

     (iv)  any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

   (d)  For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy. Excessive reproduction of source code should be avoided.

12

(e)     Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession.  The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code.  The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)     To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area.  Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

8.     Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.  Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.  The

13

attorneys of record for the parties shall exercise best efforts to ensure that the information and

documents governed by this Protective order are (i) used only for the purposes set forth herein,

and (ii) disclosed only to authorized persons.  Moreover, any person in possession of

Confidential Information or Highly Confidential Information shall exercise reasonably

appropriate care with regard to the storage, custody or use of such Confidential Information or

Highly Confidential Information in order to ensure that the confidential or restricted nature of

the same is maintained.

9.      It is the intention of this Protective Order that the following categories of

information shall not be and should therefore not be designated as Confidential Information or

Highly Confidential Information: (a) any information that at the time of its disclosure in this

action is part of the public domain by reason of publication or otherwise; (b) any information

that after its disclosure in this action has become part of the public domain by reason of

publication or otherwise though no act, omission or fault of the Receiving Party; (c) any

information that at the time of its disclosure in this action is rightfully in the possession of the

Receiving Party, its trial counsel or any expert retained by or, for the Receiving Party under no

obligations of confidence to any third party with respect to that information; or (d) any

information that after its disclosure in this action is rightfully received by the Receiving Party, its

trial counsel or any expert retained by or for the Receiving Party under no obligations of

confidence or otherwise from any third party having the right to make such disclosure.  During

the pendency of this action, any disputes as to whether information is confidential under the

terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.      If a party disagrees with any Confidential Information or Highly Confidential

Information designation, such party shall first make its objection known to the Producing Party

and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11.     During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as

Confidential only if the document was authored by or received by that third party or former employee.

13.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to receive such material and to prevent further disclosure by the person who received such information.

14.     Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY<br>
FILED UNDER SEAL PURSUANT TO COURT ORDER<br>
Civil Action No. <u>[appropriate case number]</u>[TJW ]

15.     The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to

16

such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.   Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

23.     (a)     Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final

18

judgment or mandate. If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing.

(b)     Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information. The Receiving Party shall be entitled to retain one copy, and outside counsel of record for each party shall be entitled to retain copies of any expert report containing any Confidential Information or Highly Confidential Information of the Producing Party, which is not in the public docket file. All such material shall remain subject to the terms of this Order.

24.     This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

25.     This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

26.     At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

SO ORDERED this _____ day of _____, 2007.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

I, _____, hereby declare that:

1.      I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

1

2.      I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3.      Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party.  If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4.      I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

Dallas 236804v1

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on: _____        _____
                                                [signature]


                                                _____
                                                [print or type name]


                                                Title:


                                                Business Affiliation
:

                                                Address:


                                                Phone:

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## **PROTECTIVE ORDER**

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership (collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation, Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or dissemination of confidential information; and

   **WHEREAS**, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively referred to herein as the "parties;" and

   **WHEREAS,** the parties recognize that confidential information is being produced for use in this civil action;

   IT IS HEREBY ORDERED that the following provisions of this Order shall govern the treatment of confidential information produced by a party ("Producing Party")[1] to any other party ("Receiving Party") in the course of this civil action:

   1.     The term "Confidential Information" as used in this Order includes all information and tangible things that constitute or disclose trade secrets or other confidential or proprietary information of one of the parties.  Confidential Information may be contained in discovery information or materials produced or obtained in this action by or through any means and by or through any person or entity. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third parties producing documents in one or more of these cases.

2.      Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order

3**.**      Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)      Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-

3

house counsel only, from the taking of the deposition until fifteen (15) days after the actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

(b) Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain such information.

4. The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY any materials that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c) and which comprises (a) technical information that the producing party reasonably deems highly confidential, including but not limited to proprietary technical information and trade secrets; or (b) business or financial information that the producing party reasonably deems highly confidential, such as, for example, business plans or forecasts, cost or pricing information, sales volume or revenue information, profit margin information, marketing plans or strategy, the identity of current or potential customers or suppliers, accounting information not of public record, information subject to a confidentiality agreement with a third party, or the like. The foregoing categories are by way of example only and shall not limit the categories of information a party may designate HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY under this order; provided, however, that any such designation must be made by the producing party in good faith and with reasonable justification. Subject to the provisions of paragraphs 6 and 7 herein, material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY,

4

and any summary, description or report of the information contained in such materials, may be

disclosed only to the following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing

the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current

employees of any party in this matter and who have been retained by counsel to provide

assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including

mock jurors, retained by a party;

(d)     source code escrow agents, photocopy, document imaging and database

services, and consultants retained by counsel to set up**,** maintain and/or operate computer

systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli, Executive Vice President and General Counsel of Rembrandt,

Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado,

Esq. of CoxCom and David Marcus, Esq. of Comcast; and two (2) paralegals and/or clerical

employees assisting each of the identified in-house counsel; and

(f)     the parties' outside counsel of record in this action as specifically set forth

below and any other counsel for a party that appears in this action, and their paralegal assistants,

law clerks, stenographic and clerical employees who are assisting in the prosecution, defense

and/or appeal of this action. Any individual outside counsel of record who receives information

designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in

patent prosecution for the Receiving Party, and the individual outside counsel who receives any

5

such information may not discuss the information with anyone involved in patent prosecution for

the Receiving Party.  Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

> McKool Smith P.C.
> 300 Crescent Court, Suite 1500
> Dallas, Texas 75201
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702
>
> Jones & Jones, Inc., P.C.
> 201 West Houston St., Drawer 1249
> Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

> McKool Smith P.C.
> 300 Crescent Court, Suite 1500
> Dallas, Texas 75201
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702
>
> Ireland, Carroll & Kelly, P.C.
> 61101 S. Broadway, Suite 500
> Tyler, Texas 75703
>
> Brown McCarroll LLP
> 1127 Judson Road, Suite 220
> P.O. Box 3999 (75606-3999)
> Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

> Susman Godfrey LLP
> 1000 Louisiana Street, Suite 5100
> Houston, TX  77002-5096
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702

Dallas 236804v1

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

**For Charter in the 223 and 507 cases:**

       Marshall, Gerstein & Borun LLP
       6300 Sears Tower
       233 South Wacker Drive
       Chicago, Illinois 60606-6357

       Potter Minton, PC
       1100 North College
       500 Plaza Tower
       Tyler, Texas 75702

**For Coxcom in the 223 and 507 cases:**

       Kilpatrick Stockton LLP
       1100 Peachtree Street NE, Suite 2800
       Atlanta, Georgia 30309-4530

       Potter Minton, PC
       1100 North College
       500 Plaza Tower
       Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

       Kaye Scholer LLP
       425 Park Avenue
       New York, New York 10022

       Potter Minton, PC
       1100 North College
       500 Plaza Tower
       Tyler, Texas 75702

**For Comcast in the 506 case:**

       Keker & Van Nest, LLP
       710 Sansome Street
       San Francisco, California 94111-1704

       Halton & Doan, LLP
       6500 N. Summerhill Road, Suite 1A
       P.O. Box 6227
       Texarkana, Texas 75505-6277

Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX  75670

5**.**    The parties may designate as CONFIDENTIAL any materials that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c).  Subject to the provisions of paragraphs 6 and 7 herein, material designated as CONFIDENTIAL, and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

(a)    the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)    technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)    graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)    photocopy, document imaging and database services and consultants retained by counsel to set up**,** maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)    John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt, Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado, Esq. of CoxCom and David Marcus, Esq. of Comcast and one other employee for each of Charter, CoxCom, Time Warner, and Comcast (following identification of each other employee

9

to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel and other employee; and

       (f)    the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action

    6.    (a)    A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

       (b)    No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(e) and 5(b)-(e) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

       (c)    Before individuals under subparagraphs 4(b) and 5(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years. If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking,

10

Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue. If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information. If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

(d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order; the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

7.     In addition to the terms set forth in paragraphs 4 through 6 herein governing the disclosure of Confidential Information or Highly Confidential Information, information or materials that contain, embody, or otherwise reflect source code of a party or a third party subpoenaed for such source code in one or more of the above captioned cases shall be provided the following further protections:

(a)     Any and all such source code, except for hard (non-electronic) copies, shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian ("Source Code Custodian"). The source code shall initially be deposited at a facility in the Los Angeles metropolitan region. After 45 days, the source code shall be transferred to a facility in

11

the Dallas metropolitan region.  Where source code is deposited by a third party, this subparagraph may be modified by written agreement of the parties and the third party depositing source code; in all other cases, this subparagraph may be modified by written agreement of the parties.

(b)     Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodian and shall be maintained in a secured, locked area.  No electronic copies of source code shall be made.  Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the above-described locations.  The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied.  The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant.  The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

(c)     Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

(i)     a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

(ii)     the Court;

12

(iii)    the site where any deposition relating to the source code is taken;

(iv)    any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

(d)    For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy.  Excessive reproduction of source code should be avoided.

(e)    Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession.  The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code.  The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)    To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area.  Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

8. Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation. Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel. The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons. Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or restricted nature of the same is maintained.

9. It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information or Highly Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of publication or otherwise though no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its

trial counsel or any expert retained by or for the Receiving Party under no obligations of

confidence or otherwise from any third party having the right to make such disclosure. During

the pendency of this action, any disputes as to whether information is confidential under the

terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.     If a party disagrees with any Confidential Information or Highly Confidential

Information designation, such party shall first make its objection known to the Producing Party

and request a change of designation. The parties shall first try to dispose of such dispute in good

faith on an informal basis. If the dispute cannot be resolved, the party challenging the

designation may request appropriate relief from the Court no sooner than five (5) days following

the service of a written notice of disagreement. The burden of proving that information has been

properly designated as Confidential Information or Highly Confidential Information is on the

party making such designation. Until a determination by the Court, the information in issue shall

be treated as Confidential Information or Highly Confidential Information and subject to the

terms of this Order. Any failure to object to any material being designated as Confidential

Information or Highly Confidential Information shall not be construed as an admission by any

non-designating party that the material constitutes or contains a trade secret or other confidential

information.

11.     During the course of preparing for a deposition or testimony, unless otherwise

entitled to access under this Protective Order, a fact deponent/witness may be shown

Confidential Information or Highly Confidential Information from another party's documents

strictly limited to those documents which on their face reveal that they were authored or received

by the deponent/witness in the normal course of business and outside the context of this

litigation. This shall not preclude a Producing Party from showing documents that it has

15

produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12.     At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

13.     Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to receive such material and to prevent further disclosure by the person who received such information.

14.     Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
FILED UNDER SEAL PURSUANT TO COURT ORDER

16

Civil Action No. [appropriate case number][TJW ]

15.     The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.     Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.     The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.     Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.   Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

23.    (a)    Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate.  If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing.

(b)    Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, expert report, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information.

24.    This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

25.    This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

26.    At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

SO ORDERED this _____ day of _____, 2007.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

I, _____, hereby declare that:

1.        I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

1

2.      I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3.      Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party. If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4.      I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

2

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____        _____
                                             [signature]


                                             _____
                                             [print or type name]


                                             Title:


                                             Business Affiliation

:

                                             Address:


                                             Phone:

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

## NOTICE REGARDING ELECTRONIC PRODUCTION

At the Scheduling Conference, the Parties requested an additional three weeks to reach an

agreement on the form of production for documents produced electronically.  In its April 19,

2007 Order Regarding Protective Order and Document Production (Doc. No. 68), the Court gave

the parties three weeks to reach agreement on the form of electronic production or inform the

Court of any remaining disputes.  The Parties have reached agreement on how they will produce documents electronically.

DATED: April 24, 2007                                  Respectfully submitted,


                                                       /s/ Brooke A.M. Taylor
                                                       Max L. Tribble, Jr.
                                                       State Bar No. 20213950
                                                       Tibor L. Nagy
                                                       State Bar 24041562
                                                       Email: mtribble@susmangodfrey.com
                                                       Email: tnagy@susmangodfrey.com
                                                       **SUSMAN GODFREY L.L.P.**
                                                       1000 Louisiana Street, Suite 5100
                                                       Houston, TX 77002
                                                       Tel: 713-651-9366
                                                       Fax: 713-654-6666


                                                       **OF COUNSEL:**
                                                       Edgar Sargent
                                                       WA State Bar No. 28283
                                                       Email: esargent@susmangodfrey.com
                                                       **SUSMAN GODFREY L.L.P.**
                                                       1201 Third Avenue, Suite 3800
                                                       Seattle, WA 98101-3000
                                                       Tel: 206-516-3880
                                                       Fax: 206-516-3883


                                                       Brooke A.M. Taylor
                                                       WA State Bar No. 33190
                                                       Email: btaylor@susmangodfrey.com
                                                       **SUSMAN GODFREY L.L.P.**
                                                       1201 Third Avenue, Suite 3800
                                                       Seattle, WA 98101-3000
                                                       Tel: 206-516-3880
                                                       Fax: 206-516-3883

2

/s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

3

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX  75670
Telephone:  903-938-4395
Telecopier:  903-938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

4

<u>/s/ Michael E. Jones</u>
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Telecopier:  (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

Dallas 237132v1

/s/ Jennifer Haltom Doan
Jennifer Haltom Doan
Texas Bar No. 08809050
John Peyton Perkins, III
Texas Bar No. 24043457
**HALTOM & DOAN, LLP**
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75505-6227
Tel: 903-255-1000
Fax: 903-255-0800

Brian Ferral
Leo Lam
Asim M. Bhansali
Matthias A. Kamber
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 9411-1704
Tel: 415-676-2235
Fax: 415-397-7188

**ATTORNEYS FOR DEFENDANTS
COMCAST CORPORATION,
COMCAST CABLE,
COMMUNICATIONS, LLC, and
COMCAST OF PLANO, LP**

Dallas 237132v1

<u>/s/ Michael E. Jones</u>
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

7

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.


/s/ Brooke A.M. Taylor
Brooke A.M. Taylor

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 24th day of April 2007.


<u>/s/ Sam Baxter</u>
Sam Baxter

Dallas 237132v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL., | § | |

| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL., | § | |

| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL., | § | |

| REMBRANDT TECHNOLOGIES, L.P. | § | |
| | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, | § | |
| ET AL., | § | |

REMBRANDT TECHNOLOGIES, L.P. §
§
§
V. § CIVIL NO. 2:06-CV-507(TJW)
§
CHARTER COMMUNICATIONS, §
ET AL ., §

---

### Status Conference Minutes
### April 3, 2007

OPEN:  1:50 pm          ADJOURN:  2:15 pm

---

**ATTORNEYS FOR PLAINTIFF:**        (See attached sign-in sheet)

**ATTORNEYS FOR DEFENDANT:**        (See attached sign-in sheet)

**LAW CLERK:**                      Mike Benefield

**COURTROOM DEPUTY:**               Debbie Latham

Court opened.  The attorneys announced ready.

The proposed dates and consolidation of the cases were discussed.

Court Adjourned.

# SIGN IN – Please Print

CASE NO.  2:06cv223

STYLE:  Rembrandt v. Charter

| Name of party | Name of attorney |
|---|---|
| Charter | Mike Jones |
| '' | Diane DeVasto |
| '' | Allen Gardner |
| '' | Bradford Lyerla |
| Rembrandt | Sam Baxter - 223, 224 |
| '' | Jeff Carter  "  " |
| '' | Brooke Taylor 369, 506, 507 |
| '' | Max Tribble 369, 506, 507 |
| '' | Franklin Jones  223, 224  369, 506, 507 |
| '' | Charley Ainsworth |
|  | GORDON WHITE - 223, 224 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

# SIGN IN – Please Print

CASE NO. 2:06cv224

STYLE: Rembrandt v. Time Warner

| Name of party | Name of attorney |
|---|---|
| Time Warner, Inc | Mike Jones |
| " | Diane DeVasto |
| " | Allen Gardner |
| " | David Benyacar |
| Rembrandt | GORDON WHITE 223-224 |
| " | FRANKLIN JONES-223-224-369-506-507 |
| " | Sam Baxter |
| " | Jeff Carter |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# SIGN IN – Please Print

CASE NO. 2:06 cv 369

STYLE: Rembrandt v. Time Warner

| Name of party | Name of attorney |
|---|---|
| Time Warner | Mike Jones |
| " | Diane DeVasto |
| " | Allen Gardner |
| " | David Benyacar |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

SIGN IN

CASE NO  2:06-CV-506

Style  Rembrandt v. Comcast Corporation

| Name of Party | Name of Attorney |
|---|---|
| Comcast Corp. entities | Jennifer Doan <br> John Perkins  } (Haltom + Doan) |
| " | Gil Gilham — Gilham + Smith |
| Rembrandt | Max Tribble — Susman Godfrey <br> Brooke Taylor — " " |

2.06 CV - 507

Name of Party
_____

Rembrandt                    Brooke Taylor
                             (Susman)

Charter Comm.               Brad ~~Katts~~ Lyerla
                            Mike Jones
                            Drain DeVasto
                            Allen Gardner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:06-CV-223 [TJW] |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| CHARTER COMMUNICATIONS, INC., et al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF COMPLIANCE
WITH PATENT RULES 3-1 AND 3-2**

Pursuant to the Court's Docket Control Order dated April 19, 2007 [Docket No. 80] and this Court's Local Patent Rules, Plaintiff, Rembrandt Technologies, LP hereby files this Notice to inform the Court that it has served its Preliminary Infringement Contentions, required by Patent Rule 3-1, and produced those documents required by Patent Rule 3-2 on counsel for Defendant Charter Communications, Inc., Charter Communications Operating, LLC and CoxCom, Inc.

DATED:  May 3, 2007                                    Respectfully submitted,


    /s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas  75702
Telephone:  (903) 531-3535
Telecopier:  (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX  75670
Telephone:  (903) 938-4395
Telecopier:  (903) 938-3360
maizieh@millerfirm.com


**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 3rd  day of May, 2007.


    /s/ Sam Baxter
Sam Baxter


3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | CIVIL NO. 2:06-CV-223 (TJW) |
| v. | § | |
| | § | MAGISTRATE JUDGE EVERINGHAM |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## DEFENDANTS  CHARTER COMMUNICATIONS, INC.'S AND CHARTER COMMUNICATIONS OPERATING LLC'S NOTICE OF DISCLOSURES

Defendants Charter Communications, Inc. and Charter Communications Operating, LLC hereby give notice that their initial disclosures were served on all counsel of record on May 3, 2007.

Defendants Charter Communications, Inc. and Charter Communications Operating, LLC respectfully reserve their right to amend, modify, or supplement the disclosures to the extent permitted by the Local Rules and the FEDERAL RULES OF CIVIL PROCEDURE.

Dated:  May 3, 2007                       Respectfully Submitted,


_/s/ Allen F. Gardner_____
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
Charles E. Juister
cjuister@marshallip.com
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, PC
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846

ATTORNEY FOR DEFENDANTS CHARTER
COMMUNICATIONS, INC. and CHARTER
COMMUNICATIONS OPERATING, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the

Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 3RD day of May, 2007.

Any other counsel of record will be served by First Class U.S. Mail on this same date.

*/s/ Allen F. Gardner*
Allen F. Gardner

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

REMBRANDT TECHNOLOGIES, LP,

        Plaintiff,

    v.

CHARTER COMMUNICATIONS, INC.,
*ET. AL.*,

        Defendants.

CASE NO. 2-06-CV-223-TJW

REMBRANDT TECHNOLOGIES, LP,

        Plaintiff,

    v.

CHARTER COMMUNICATIONS, INC.,
CHARTER COMMUNICATIONS
OPERATING, LLC, and COXCOM,
INC.

        Defendants.

CASE NO. 2-06-CV-507-TJW

## <u>NOTICE OF SERVICE</u>

    Defendant CoxCom, Inc., hereby notifies the Court that it has served its Initial

Disclosures under Rule 26(c) of the Local Rules for the Eastern District of Texas via

electronic mail and U.S. Mail, correct postage prepaid, on May 3, 2007, as follows:

                Jeffrey A. Carter, Esq.
                McKool Smith- Dallas
                300 Crescent Court, Suite 1500
                Dallas, TX  75201
                jcarter@mckoolsmith.com

                *Attorneys for Plaintiff Rembrandt*
                *Technologies, LP*

Respectfully submitted,

*/s/ Mitchell G. Stockwell*
Mitchell G. Stockwell
Georgia Bar No. 692912
KILPATRICK STOCKTON LLP
1100 Peachtree St NE
Suite 2800
Atlanta, Georgia  30309-4530
Tel:  404-815-6214
Fax:  404-815-6555
MStockwell@kilpatrickstockton.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
110 N. College, Suite 500
Tyler, Texas 75710-0359
Tel:  903-597-8311
Fax:  903-593-0846

*Attorneys for CoxCom, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record, who are deemed to have consented to electronic service are being served this 4th day of May, 2007, with a copy of this document via the Court's CM/ECF system per Local Rule CD 5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Mitchell G. Stockwell*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:06-CV-223 [TJW] |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| CHARTER COMMUNICATIONS, INC., et al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF DISCLOSURES**

Plaintiff Rembrandt Technologies, LP hereby files this Notice to inform the Court that, pursuant to Paragraph 1 of the proposed Discovery Order submitted jointly in this case, on May 3, 2007, Rembrandt served its Initial Disclosures on counsel for Defendants Charter Communications, Inc., Charter Communications Operating, LLC and CoxCom, Inc.

DATED:  May 4, 2007                          Respectfully submitted,


                                             ___/s/ Sam Baxter_____
                                             Sam Baxter
                                             State Bar No. 01938000
                                             **McKOOL SMITH, P.C.**
                                             505 E. Travis, Suite 105
                                             Marshall, Texas  75670
                                             Telephone:  (903) 927-2111
                                             Telecopier:  (903) 927-2622
                                             sbaxter@mckoolsmith.com

                                             Jeffrey A. Carter
                                             State Bar No. 03919400
                                             **McKOOL SMITH, P.C.**
                                             300 Crescent Court, Suite 1500
                                             Dallas, Texas  75201
                                             Telephone:  (214) 978-4006
                                             Telecopier:  (214) 978-4044
                                             jcarter@mckoolsmith.com

                                             Travis Gordon White
                                             State Bar No. 21333000
                                             **McKOOL SMITH, P.C.**
                                             300 W. 6th Street, Suite 1700
                                             Austin, Texas  78701
                                             Telephone:  (512) 692-8700
                                             Telecopier:  (512) 692-8744
                                             gwhite@mckoolsmith.com

                                             Robert M. Parker
                                             State Bar No. 15498000
                                             Robert Christopher Bunt
                                             State Bar No. 00787165
                                             **PARKER & BUNT, P.C.**
                                             100 E. Ferguson, Suite 1114
                                             Tyler, Texas  75702
                                             Telephone:  (903) 531-3535
                                             Telecopier:  (903) 533-9687
                                             cbunt@cox-internet.com
                                             rmparker@cox-internet.com

Austin 37162v1

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX  75670
Telephone:  (903) 938-4395
Telecopier:  (903) 938-3360
maizieh@millerfirm.com


**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 4th day of May, 2007.


___/s/ Sam Baxter_____
Sam Baxter


3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## PROTECTIVE ORDER

WHEREAS, Plaintiff Rembrandt Technologies, LP ("Rembrandt"), and Defendants

Charter Communications, Inc., Charter Communications Operating, LLC (collectively,

"Charter"), and CoxCom, Inc. ("CoxCom") in the 223 and 507 cases, Defendants Time Warner

Cable Inc., Time Warner Cable LLC, Time Warner New York Cable LLC, Time Warner

Entertainment Company, L.P., and Time Warner Entertainment-Advance/Newhouse Partnership

(collectively, "Time Warner") in the 224 and 369 cases, and Defendants Comcast Corporation,

Comcast Cable Communications, LLC, and Comcast of Plano LP (collectively, "Comcast") in

the 506 case, through counsel, stipulate to entry of this Protective Order ("Order") in their

respective case or cases pursuant to Fed. R. Civ. P. 26(c) to prevent unnecessary disclosure or

dissemination of confidential information; and

WHEREAS, Rembrandt, Charter, CoxCom, Time Warner, and Comcast are collectively

referred to herein as the "parties;" and

WHEREAS, the parties recognize that confidential information is being produced for

use in this civil action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern the

treatment of confidential information produced by a party ("Producing Party")[1] to any other

party ("Receiving Party") in the course of this civil action:

1.      The term "Confidential Information" as used in this Order includes all

information and tangible things that constitute or disclose trade secrets or other confidential or

proprietary information of one of the parties.  Confidential Information may be contained in

discovery information or materials produced or obtained in this action by or through any means

and by or through any person or entity. The Confidential Information contained therein and all

copies, recordings, abstracts, excerpts, analyses or other writings that contain, reveal or

otherwise disclose such Confidential Information shall also be deemed Confidential Information.

---

[1] The parties agree that all references to "Producing Party" in this Protective Order be construed to include third parties producing documents in one or more of these cases.

2.    Confidential Information shall be disclosed, disseminated and used by the Receiving Party only for purposes of litigation between the parties to this action.  Except with the prior written consent of the Producing Party or upon prior order of this Court, Confidential Information shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Order

3**.**    Produced documents, interrogatory responses, responses to requests for admission and other documents containing "Confidential Information" shall be marked by conspicuously affixing a legend, which includes the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY", as appropriate, on each page containing Confidential Information at the time such documents are produced or such information is disclosed (or on the cover or container of computer storage media, such as discs or tapes).  The parties may designate material other than the produced documents as containing Confidential Information in the following manner:

(a)    Testimony or information disclosed at a deposition that contains Confidential Information or Highly Confidential Information may be designated by indicating on the record at the deposition the portions of the testimony which contain such information that is to be made subject to the provisions of this Order.  Alternatively, a Producing Party may designate testimony or information disclosed at a deposition, including exhibits, that contains Confidential Information or Highly Confidential Information by notifying all parties in writing, within fifteen (15) days after the Producing Party's receipt of the transcript, of the specific pages and lines of the transcript that contain such information.  Whether or not designation is made at the time of a deposition, accessibility to each transcript (and the information contained therein) of any deposition in its entirety shall be limited to outside counsel of record and designated in-

3

house counsel only, from the taking of the deposition until fifteen (15) days after the actual receipt of the transcript by the Producing Party, or until receipt of the notice referred to in this paragraph, whichever occurs sooner. At the expiration of the said fifteen (15) day period, unless notice hereunder to the contrary is given at the time of the deposition or prior to the expiration of said period, the entire transcript shall be deemed non-confidential.

(b)     Confidential Information or Highly Confidential Information contained in any affidavits, briefs, memoranda or other papers filed with the Court in this action may be designated as Confidential Information or Highly Confidential Information by indicating on the face of such documents that one or more parties considers them to contain such information.

4.     The parties may designate as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY any materials that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c) and which comprises (a) technical information that the producing party reasonably deems highly confidential, including but not limited to proprietary technical information and trade secrets; or (b) business or financial information that the producing party reasonably deems highly confidential, such as, for example, business plans or forecasts, cost or pricing information, sales volume or revenue information, profit margin information, marketing plans or strategy, the identity of current or potential customers or suppliers, accounting information not of public record, information subject to a confidentiality agreement with a third party, or the like. The foregoing categories are by way of example only and shall not limit the categories of information a party may designate HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY under this order; provided, however, that any such designation must be made by the producing party in good faith and with reasonable justification. Subject to the provisions of paragraphs 6 and 7 herein, material designated as HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY,

4

and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)     source code escrow agents, photocopy, document imaging and database services, and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli, Executive Vice President and General Counsel of Rembrandt, Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado, Esq. of CoxCom and David Marcus, Esq. of Comcast; and two (2) paralegals and/or clerical employees assisting each of the identified in-house counsel; and

(f)     the parties' outside counsel of record in this action as specifically set forth below and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action. Any individual outside counsel of record who receives information designated HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY may not participate in patent prosecution for the Receiving Party, and the individual outside counsel who receives any

5

such information may not discuss the information with anyone involved in patent prosecution for the Receiving Party. Outside counsel of record for the parties are as follows:

**For Rembrandt in the 223 case**:

> McKool Smith P.C.
> 300 Crescent Court, Suite 1500
> Dallas, Texas 75201
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702
>
> Jones & Jones, Inc., P.C.
> 201 West Houston St., Drawer 1249
> Marshall, Texas 75671-1249

**For Rembrandt in the 224 case**:

> McKool Smith P.C.
> 300 Crescent Court, Suite 1500
> Dallas, Texas 75201
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702
>
> Ireland, Carroll & Kelly, P.C.
> 61101 S. Broadway, Suite 500
> Tyler, Texas 75703
>
> Brown McCarroll LLP
> 1127 Judson Road, Suite 220
> P.O. Box 3999 (75606-3999)
> Longview, Texas 75601-5157

**For Rembrandt in the 369 Case:**

> Susman Godfrey LLP
> 1000 Louisiana Street, Suite 5100
> Houston, TX 77002-5096
>
> Parker & Bunt
> 100 E. Ferguson, Suite 1114
> Tyler, Texas 75702

6

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

**For Rembrandt in the 506 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Ireland, Carroll & Kelly, P.C.
61101 S. Broadway, Suite 500
Tyler, Texas 75703

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

Brown McCarroll LLP
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

**For Rembrandt in the 507 Case:**

Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX  77002-5096

Parker & Bunt
100 E. Ferguson, Suite 1114
Tyler, Texas 75702

Jones & Jones, Inc., P.C.
201 West Houston St., Drawer 1249
Marshall, Texas 75671-1249

7

**For Charter in the 223 and 507 cases:**

      Marshall, Gerstein & Borun LLP
      6300 Sears Tower
      233 South Wacker Drive
      Chicago, Illinois 60606-6357

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Coxcom in the 223 and 507 cases:**

      Kilpatrick Stockton LLP
      1100 Peachtree Street NE, Suite 2800
      Atlanta, Georgia 30309-4530

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Time Warner in the 224 and 369 cases:**

      Kaye Scholer LLP
      425 Park Avenue
      New York, New York 10022

      Potter Minton, PC
      1100 North College
      500 Plaza Tower
      Tyler, Texas 75702

**For Comcast in the 506 case:**

      Keker & Van Nest, LLP
      710 Sansome Street
      San Francisco, California 94111-1704

      Halton & Doan, LLP
      6500 N. Summerhill Road, Suite 1A
      P.O. Box 6227
      Texarkana, Texas 75505-6277

Gillam & Smith LLP
303 South Washington Avenue
Marshall, TX  75670


5.     The parties may designate as CONFIDENTIAL any materials that qualify for protection under the standards developed under Fed. R. Civ. P. 26(c).  Subject to the provisions of paragraphs 6 and 7 herein, material designated as CONFIDENTIAL, and any summary, description or report of the information contained in such materials, may be disclosed only to the following persons:

(a)     the Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom;

(b)     technical and damages consultants and experts who are not current employees of any party in this matter and who have been retained by counsel to provide assistance in this action, with disclosure only to the extent necessary to perform such work;

(c)     graphics, translation, design and/or trial consulting services, including mock jurors, retained by a party;

(d)     photocopy, document imaging and database services and consultants retained by counsel to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(e)     John Meli,  and Paul Schneck, Chief Executive Officer of Rembrandt, Andrew T. Block, Esq. of Time Warner, Kirill Y. Abramov, Esq. of Charter, Marcus Delgado, Esq. of CoxCom and David Marcus, Esq. of Comcast and one other employee for each of Charter, CoxCom, Time Warner, and Comcast (following identification of each other employee

to each of the other parties and approval by the other parties, such approval not to be unreasonably withheld); and two (2) clerical employees assisting each party's in-house counsel and other employee; and

(f)     the parties' outside counsel of record in this action and any other counsel for a party that appears in this action, and their paralegal assistants, law clerks, stenographic and clerical employees who are assisting in the prosecution, defense and/or appeal of this action

6.     (a)     A party may exclude from a deposition any person who is not entitled to view Confidential Information or Highly Confidential Information when such information is the subject of examination.

(b)     No Confidential Information or Highly Confidential Information shall be revealed or disclosed, in whole or in part, directly or indirectly, to any individual described in subparagraphs 4(b)-(e) and 5(b)-(e) until that individual has been given a copy of this Order and has duly completed and signed an undertaking in the form attached hereto as Exhibit A, the original of which shall be retained, until the conclusion of this action including all appeals, by counsel for each party who intends to or does disclose to such individual any Confidential Information or Highly Confidential Information.

(c)     Before individuals under subparagraphs 4(b) and 5(b) may have access to Confidential Information or Highly Confidential Information, the Receiving Party must submit to the Producing Party the individual's signed undertaking as well as the individual's curriculum vitae setting forth his or her name, address, qualifications and relevant work experience, including, but not limited to, the identity of any company in the telecommunications industry for whom said individual has consulted or worked during the last five (5) years.  If the Producing Party does not object in writing, within five (5) business days from receipt of the undertaking,

Confidential Information or Highly Confidential Information may then be disclosed to the retained consultant or former employee. If timely objection is made, the parties shall attempt in good faith to resolve the disclosure issue. If the issue cannot be resolved, the Producing Party has fifteen (15) days from receipt of the undertaking to bring a motion to preclude the retained consultant or former employee from viewing the Producing Party's Confidential Information or Highly Confidential Information. If the Producing Party does not bring such a timely motion, Confidential Information or Highly Confidential Information may be disclosed to the retained consultant or former employee.

(d)     Pursuant to subparagraph 6(c), the disclosure of the identity of a consulting expert will not be a waiver of any privilege or right to withhold from production that applies to communications or work product. Furthermore, the parties agree that by stipulating to the entry of this Protective Order; the parties do not intend to modify in any way the normal discovery rules applicable to consulting experts, or other agreements reached between the parties regarding such discovery.

7.     In addition to the terms set forth in paragraphs 4 through 6 herein governing the disclosure of Confidential Information or Highly Confidential Information, information or materials that contain, embody, or otherwise reflect source code of a party or a third party subpoenaed for such source code in one or more of the above captioned cases shall be provided the following further protections:

(a)     Any and all such source code, except for hard (non-electronic) copies, shall be stored and viewed only at the offices of one (1) agreed-upon source code custodian ("Source Code Custodian"). The source code shall initially be deposited at a facility in the Los Angeles metropolitan region. After 45 days, the source code shall be transferred to a facility in

11

the Dallas metropolitan region. Where source code is deposited by a third party, this subparagraph may be modified by written agreement of the parties and the third party depositing source code; in all other cases, this subparagraph may be modified by written agreement of the parties.

(b)     Subject to subparagraphs (c) and (d), any source code produced in electronic form shall be stored and viewed only at the offices of the Source Code Custodian and shall be maintained in a secured, locked area. No electronic copies of source code shall be made. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located within the above-described locations. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard (non-electronic) copies of any portion of the code were copied and the portion of the code copied. The Receiving Party reviewing source code shall be allowed to make hard (non-electronic) copies of material that they, in good faith, consider relevant. The parties shall negotiate reasonable limitations on the amount of source code that is released by Producing Party at any given time.

(c)     Any hard (non-electronic) copies of source code shall be stored and viewed only within the United States at:

(i)     a secured, locked area in one of the offices of the Source Code Custodian, each such location within the United States, provided the hard (non-electronic) copies are marked with the designation "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY";

(ii)     the Court;

12

(iii)    the site where any deposition relating to the source code is taken;

(iv)    any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to the deposition.)

(d)    For each and every hard (non-electronic) copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy.  Excessive reproduction of source code should be avoided.

(e)    Prior to the Receiving Party taking possession of a hard (non-electronic) copy of source code as provided for under this paragraph, the Receiving Party shall inform the Producing Party as to specifically what portions of source code it plans to take into its possession.  The Producing Party shall then have twenty-four (24) hours if informed on a weekday, or seventy two (72) hours if informed on a weekend in which to object in writing to the Receiving Party as to the extent or relevance of the source code the reviewing party seeks to possess.  If objection is made, the parties shall meet and confer in good faith within three (3) business days and attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have five (5) business days after the conference to file a motion with the Court for relief from production of the subject portions of source code.  The subject portions of source code shall be retained by the Producing Party, pending the court's resolution of the motion.

(f)    To the extent any source code becomes an exhibit to a deposition, one copy of the exhibit may be maintained at the U.S. office of outside counsel of record for each party in a secure, locked area.  Counsel shall not designate source code as an exhibit solely for authentication purposes and shall only designate as an exhibit that portion of source code reasonably necessary for questioning.

13

8.     Designation of confidential Information or Highly Confidential Information as "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall constitute a representation that such information has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.  Subject to the conditions set forth in Paragraph 7, Confidential Information or Highly Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.  The attorneys of record for the parties shall exercise best efforts to ensure that the information and documents governed by this Protective order are (i) used only for the purposes set forth herein, and (ii) disclosed only to authorized persons.  Moreover, any person in possession of Confidential Information or Highly Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information or Highly Confidential Information in order to ensure that the confidential or restricted nature of the same is maintained.

9.     It is the intention of this Protective Order that the following categories of information shall not be and should therefore not be designated as Confidential Information or Highly Confidential Information: (a) any information that at the time of its disclosure in this action is part of the public domain by reason of publication or otherwise; (b) any information that after its disclosure in this action has become part of the public domain by reason of publication or otherwise though no act, omission or fault of the Receiving Party; (c) any information that at the time of its disclosure in this action is rightfully in the possession of the Receiving Party, its trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence to any third party with respect to that information; or (d) any information that after its disclosure in this action is rightfully received by the Receiving Party, its

14

trial counsel or any expert retained by or for the Receiving Party under no obligations of confidence or otherwise from any third party having the right to make such disclosure. During the pendency of this action, any disputes as to whether information is confidential under the terms of this Order shall be resolved according to the procedure set forth in paragraph 10 hereof.

10.     If a party disagrees with any Confidential Information or Highly Confidential Information designation, such party shall first make its objection known to the Producing Party and request a change of designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court no sooner than five (5) days following the service of a written notice of disagreement. The burden of proving that information has been properly designated as Confidential Information or Highly Confidential Information is on the party making such designation. Until a determination by the Court, the information in issue shall be treated as Confidential Information or Highly Confidential Information and subject to the terms of this Order. Any failure to object to any material being designated as Confidential Information or Highly Confidential Information shall not be construed as an admission by any non-designating party that the material constitutes or contains a trade secret or other confidential information.

11.     During the course of preparing for a deposition or testimony, unless otherwise entitled to access under this Protective Order, a fact deponent/witness may be shown Confidential Information or Highly Confidential Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received by the deponent/witness in the normal course of business and outside the context of this litigation. This shall not preclude a Producing Party from showing documents that it has

produced to its own witnesses and deponents, regardless whether the Producing Party has designated the document(s) it produced as Confidential and regardless whether such person was the author or a recipient of the document.

12.    At the deposition of a third party or former employee of a Producing Party, such third party or former employee of a Producing Party may be shown documents designated as Confidential only if the document was authored by or received by that third party or former employee.

13.    Any person receiving Confidential Information or Highly Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order.  If Confidential Information or Highly Confidential Information is disclosed to any person not entitled to receive disclosure of such information under this Order, the person responsible for the disclosure will inform counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort to receive such material and to prevent further disclosure by the person who received such information.

14.    Written material constituting or revealing Confidential Information or Highly Confidential Information, when filed with the Court in this action for any reason, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, a designation in the form set forth in paragraphs 4 or 5 hereof, and a statement substantially in the following form:

HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY
FILED UNDER SEAL PURSUANT TO COURT ORDER

16

Civil Action No. [appropriate case number][TJW ]

15.　　The Clerk of the Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraph 14 or any other provision thereof.

16.　　Nothing herein shall prevent disclosure beyond the terms of this Order if the party producing Confidential Information or Highly Confidential Information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure

17.　　The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Producing Party shall promptly notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Producing Party and the Receiving Party shall not use such information for any purpose until further Order of the Court.

18.　　Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

17

19.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

20.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and discovery materials produced by third parties shall then be treated by the parties in conformance with this Protective Order.

21.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that such information may be relevant and subject to disclosure in another case.  Any person or party subject to this order that may be subject to a motion to disclose another party's information designated Confidential or Highly Confidential pursuant to this order, shall promptly notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

22.     In the event that any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose discovery material that is designated as Confidential by another party, the party subpoenaed or served in accordance with this paragraph shall object to production of the Confidential material and shall give prompt written notice to the Producing Party.   Should the person seeking access to the Confidential material take action against the party covered by this Order to enforce such a subpoena, demand or other legal process, it shall respond by setting forth the existence of this Order.  Nothing in this Order shall be construed as requiring production of Confidential material covered by this Order

23.     (a)     Within sixty (60) days after filing of the final judgment in this action, or if such judgment is appealed from, entry of a mandate affirming such final judgment, all Confidential Information or Highly Confidential Information shall be destroyed by all Receiving Parties or shall be returned to the Producing Party at the written election of the Producing Party which election shall be made within twenty days of the filing of the aforementioned final judgment or mandate.  If any Receiving Party destroys any such Confidential Information or Highly Confidential Information, that party shall inform the Producing Party in writing.

        (b)     Notwithstanding the foregoing, one designated outside counsel of record for each party may maintain in its files one copy of each affidavit, affirmation, certification, declaration, expert report, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, pleading, discovery request, stipulation, correspondence between counsel for the parties, written response to a discovery request or any other document filed with the Court and the court transcript, consisting of or containing Confidential Information or Highly Confidential Information.

24.     This Order may be amended with leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action.

25.     This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an Order of the Court.

26.     At the conclusion of the present action, the Court shall retain jurisdiction to enforce the terms of this Order.

        SIGNED this 4th day of May, 2007.


                                        _____
                                        CHARLES EVERINGHAM IV
                                 19     UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

  I, _____, hereby declare that:

  1. I have carefully read and understand the foregoing Protective Order (the "Order") of the United States District Court for the Eastern District of Texas, in the above-captioned matters.

2.       I agree that I will be bound by and will comply with all of the provisions of this Order and I will make no disclosures of Confidential Information or Highly Confidential Information to any person who is not permitted to have access to such Confidential Information or Highly Confidential Information by this Order, as applicable.

3.       Upon final determinant of this action, I will destroy all Confidential Information or Highly Confidential Information received by me within sixty (60) days after filing of the final order or mandate as described in paragraph 21(a), or I will return such Confidential Information or Highly Confidential Information within sixty (60) days to the Producing Party.  If I destroy such Confidential Information or Highly Confidential Information, I agree to send a letter to the Producing Party confirming the same.

4.       I understand that a violation of this undertaking is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for the purpose of enforcement of this order.

Dallas 236804v1

5.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on: _____          _____
                                                                      [signature]


                                                                      _____
                                                                      [print or type name]


                                                                      Title:


:                                                                      Business Affiliation


                                                                      Address:


                                                                      Phone:

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:06-CV-223 [TJW] |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| CHARTER COMMUNICATIONS, INC., et al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF DISCLOSURE**

Plaintiff Rembrandt Technologies, LP hereby files this Notice to inform the Court that on May 18, 2007, Rembrandt served its Disclosure pursuant to Paragraph 3(c) of the Discovery Order entered in this case on counsel for Defendants Charter Communications, Inc., Charter Communications Operating, LLC and CoxCom, Inc.

DATED:  May 18, 2007                          Respectfully submitted,


                                              __/s/ Sam Baxter_____
                                              Sam Baxter
                                              State Bar No. 01938000
                                              **McKOOL SMITH, P.C.**
                                              505 E. Travis, Suite 105
                                              Marshall, Texas  75670
                                              Telephone:  (903) 927-2111
                                              Telecopier:  (903) 927-2622
                                              sbaxter@mckoolsmith.com

                                              Jeffrey A. Carter
                                              State Bar No. 03919400
                                              **McKOOL SMITH, P.C.**
                                              300 Crescent Court, Suite 1500
                                              Dallas, Texas  75201
                                              Telephone:  (214) 978-4006
                                              Telecopier:  (214) 978-4044
                                              jcarter@mckoolsmith.com

                                              Travis Gordon White
                                              State Bar No. 21333000
                                              **McKOOL SMITH, P.C.**
                                              300 W. 6th Street, Suite 1700
                                              Austin, Texas  78701
                                              Telephone:  (512) 692-8700
                                              Telecopier:  (512) 692-8744
                                              gwhite@mckoolsmith.com

                                              Robert M. Parker
                                              State Bar No. 15498000
                                              Robert Christopher Bunt
                                              State Bar No. 00787165
                                              **PARKER & BUNT, P.C.**
                                              100 E. Ferguson, Suite 1114
                                              Tyler, Texas  75702
                                              Telephone:  (903) 531-3535
                                              Telecopier:  (903) 533-9687
                                              cbunt@cox-internet.com
                                              rmparker@cox-internet.com

Austin 37465v1

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX 75670
Telephone: (903) 938-4395
Telecopier: (903) 938-3360
maizieh@millerfirm.com


**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 18th day of May, 2007.


    /s/ Sam Baxter_____
Sam Baxter

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

**JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The Docket Control Order in each of the above styled cases is the same.  Currently, the

Docket Control Orders require that the parties exchange privilege logs on June 4, 2007, but not

produce documents until June 11, 2007.  The parties in each case jointly move the Court to

1

amend the Docket Control Order in each case to move the date for exchanging privilege logs

from June 4 to July 10, 2007.   Moving the date for the parties to exchange privilege logs will not

affect the Markman hearing dates or the initial trial setting.

DATED: June 4, 2007                    Respectfully submitted,

                                       /s/ Sam Baxter
                                       Sam Baxter
                                       State Bar No. 01938000
                                       **McKOOL SMITH, P.C.**
                                       505 E. Travis, Suite 105
                                       Marshall, Texas  75670
                                       Telephone:  (903) 927-2111
                                       Telecopier:  (903) 927-2622
                                       sbaxter@mckoolsmith.com

                                       Jeffrey A. Carter
                                       State Bar No. 03919400
                                       **McKOOL SMITH, P.C.**
                                       300 Crescent Court, Suite 1500
                                       Dallas, Texas  75201
                                       Telephone:  (214) 978-4006
                                       Telecopier:  (214) 978-4044
                                       jcarter@mckoolsmith.com

                                       Travis Gordon White
                                       State Bar No. 21333000
                                       **McKOOL SMITH, P.C.**
                                       300 W. 6th Street, Suite 1700
                                       Austin, Texas  78701
                                       Telephone:  (512) 692-8700
                                       Telecopier:  (512) 692-8744
                                       gwhite@mckoolsmith.com

                                       Robert M. Parker
                                       State Bar No. 15498000
                                       Robert Christopher Bunt
                                       State Bar No. 00787165
                                       **PARKER & BUNT, P.C.**
                                       100 E. Ferguson, Suite 1114
                                       Tyler, Texas  75702
                                       Telephone:  (903) 531-3535
                                       Telecopier:  (903) 533-9687
                                       cbunt@cox-internet.com
                                       rmparker@cox-internet.com

2

Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
**IRELAND, CARROLL & KELLEY, P.C.**
6101 S. Broadway, Suite 500
Tyler, Texas  75703
Telephone:  (903) 561-1600
Telecopier:  (903) 581-1071
Fedserv@icklaw.com

Calvin Capshaw
State Bar No. 03783900
Andrew W. Spangler
State Bar No. 24041960
**BROWN McCARROLL LLP**
1127 Judson Road, Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Telecopier:  (903) 236-8787
ccapshaw@mailbmc.com
aspangler@mailbmc.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX  75670
Telephone:  903-938-4395
Telecopier:  903-938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

3

<u>/s/ Michael E. Jones</u>
Michael E. Jones
State Bar No. 10929400
Diane DeVasto
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
Telephone:  (903) 597-8311
Telecopier:  (903) 593-0846
mikejones@potterminton.com

David S. Benyacar
Michael A. Rogoloff
**KAYE SCHOLER**
425 Park Avenue
New York, NY 10022
Tel: 212-836-8000
Fax: 212-836-8689
dbenyacar@kayescholer.com

**ATTORNEYS FOR DEFENDANT
TIME WARNER CABLE INC.**

4

<u>/s/ Michael E. Jones</u>
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
William J. Kramer
wkramer@marhsllip.com
Paul B. Stephens
pstephens@marshallip.com
**MARSHALL, GERSTEIN & BORUN LLP**
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
**POTTER MINTON, PC**
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com

**ATTORNEYS FOR DEFENDANTS
CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS
OPERATING, LLC**

5

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
**KILPATRICK STOCKTON LLP**
1100 Peachtree Street NE
Suite 2800
Atlanta, GA 30309-4530
Tel: 404-815-6214
Fax: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
**POTTER MINTON, P.C.**
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, TX 75710
Tel: 903-597-8311
Fax: 903-593-0846

**ATTORNEYS FOR DEFENDANT
COXCOM, INC.**

6

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 4th day of June 2007.

                      <u>/s/ Sam Baxter</u>
                      Sam Baxter

Dallas 239161v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| | § | |

**ORDER GRANTING JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The parties in each of the above styled cases have moved the Court to amend the Docket

Control Order in each case and change the date for exchanging privilege logs from June 4, 2007

1

to July 10, 2007. The Court finds good cause for amending the Docket Control Order in this respect. The Court, therefore,

ORDERS that the Docket Control Order in each case be and is hereby amended to move the date for the parties to exchange privilege logs from the current date of June 4, 2007 to July 10, 2007.

Dallas 239164v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-223(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-224(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-369(TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-506(TJW) |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| V. | § | CIVIL NO. 2:06-CV-507(TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

**ORDER GRANTING JOINT MOTION
TO AMEND DOCKET CONTROL ORDER
TO MOVE THE DATE FOR EXCHANGING PRIVILEGE LOGS**

The parties in each of the above styled cases have moved the Court to amend the Docket

Control Order in each case and change the date for exchanging privilege logs from June 4, 2007

1

to July 10, 2007. The Court finds good cause for amending the Docket Control Order in this

respect. The Court, therefore,

     **ORDERS** that the Docket Control Order in each case be and is hereby amended to move

the date for the parties to exchange privilege logs from the current date of June 4, 2007 to July

10, 2007.

     SIGNED this 5th day of June, 2007.


                              _____
                              CHARLES EVERINGHAM IV
                              UNITED STATES MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Case No. 2:06-CV-223 LED** |
| | § | |
| **CHARTER COMMUNICATIONS, INC.;** | § | **JURY TRIAL REQUESTED** |
| **CHARTER COMMUNICATIONS OPERATING,** | § | |
| **LLC; COX COMMUNICATIONS, INC.;** | § | |
| **COX ENTERPRISES, INC.; COXCOM, INC.;** | § | |
| **CSC HOLDINGS, INC.; and CABLEVISION** | § | |
| **SYSTEMS CORPORATION** | § | |
| | § | |
| **Defendants.** | § | |

### NOTICE OF APPEARANCE

Notice is hereby given that the undersigned attorney, Thomas G. Fasone, III, Texas State

Bar No. 00785382, enters his appearance in this matter for Plaintiff, Rembrandt Technologies,

LP, for the purpose of representing Plaintiff and receiving notices and orders from the Court.

DATED this 8th day of June, 2007.

Respectfully submitted,

McKOOL SMITH, P.C.

  /s/ Thomas G. Fasone III
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH P.C.**
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
Bradley W. Caldwell
State Bar No. 24040630
Thomas G. Fasone III
State Bar No. 00785382
**McKOOL SMITH P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4006
Telecopier: (214) 978-4044
jcarter@mckoolsmith.com
bcaldwell@mckoolsmith.com
tfasone@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
John Garvish
State Bar No. 24043681
**McKOOL SMITH P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
gwhite@mckoolsmith.com
jgarvish@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a), contemporaneously served upon all counsel who have consented to electronic service and served by first class mail on other counsel on this the 8th day of June, 2007.

/s/ Thomas G. Fasone III
Thomas G. Fasone III

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2:06-CV-223 [TJW] |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| CHARTER COMMUNICATIONS, INC., et al. | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF REMBRANDT TECHNOLOGIES, LP'S NOTICE OF DISCLOSURES

Plaintiff Rembrandt Technologies, LP hereby files this Notice to inform the Court that, pursuant to Paragraph 3(b) of the proposed Discovery Order submitted jointly in this case, on June 11, 2007, Rembrandt served on counsel for Defendants Charter Communications, Inc., Charter Communications Operating, LLC and CoxCom, Inc. a copy of all documents, data compilations, and tangible things in its possession, custody, or control that are relevant to the case, except as provided in said Paragraph 3(b).

DATED:  June 12, 2007                    Respectfully submitted,


                                         __/s/ Sam Baxter_____
                                         Sam Baxter
                                         State Bar No. 01938000
                                         **McKOOL SMITH, P.C.**
                                         505 E. Travis, Suite 105
                                         Marshall, Texas  75670
                                         Telephone:  (903) 927-2111
                                         Telecopier:  (903) 927-2622
                                         sbaxter@mckoolsmith.com

                                         Jeffrey A. Carter
                                         State Bar No. 03919400
                                         **McKOOL SMITH, P.C.**
                                         300 Crescent Court, Suite 1500
                                         Dallas, Texas  75201
                                         Telephone:  (214) 978-4006
                                         Telecopier:  (214) 978-4044
                                         jcarter@mckoolsmith.com

                                         Travis Gordon White
                                         State Bar No. 21333000
                                         **McKOOL SMITH, P.C.**
                                         300 W. 6th Street, Suite 1700
                                         Austin, Texas  78701
                                         Telephone:  (512) 692-8700
                                         Telecopier:  (512) 692-8744
                                         gwhite@mckoolsmith.com

                                         Robert M. Parker
                                         State Bar No. 15498000
                                         Robert Christopher Bunt
                                         State Bar No. 00787165
                                         **PARKER & BUNT, P.C.**
                                         100 E. Ferguson, Suite 1114
                                         Tyler, Texas  75702
                                         Telephone:  (903) 531-3535
                                         Telecopier:  (903) 533-9687
                                         cbunt@cox-internet.com
                                         rmparker@cox-internet.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P. O. Drawer 1249
Marshall, TX 75670
Telephone: (903) 938-4395
Telecopier: (903) 938-3360
maizieh@millerfirm.com


**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 12th day of June, 2007.


    /s/ Sam Baxter
Sam Baxter

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP, | § | |
| | § | CIVIL NO. 2:06-CV-223 |
| v. | § | |
| | § | (TJW/CE) |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## **DEFENDANTS CHARTER COMMUNICATIONS, INC.'S AND CHARTER COMMUNICATIONS OPERATING LLC'S NOTICE OF DISCLOSURES**

Defendants Charter Communications, Inc. and Charter Communications Operating, LLC notify the Court and all counsel herein that pursuant to P.R. 3-3, P.R. 3-4 and the Court's Docket Control Order dated April 19, 2007, their Invalidity Contentions and accompanying documents were served on June 11, 2007. Defendants also notify the Court and all counsel herein that on June 11, 2007 they provided applicable information as previously discussed between the parties and as outlined in Paragraph 3 of the Court's Discovery Order.

Dated: June 14, 2007

Respectfully Submitted,

*/s/ Bradford P. Lyerla*
*(w/permission by Allen F. Gardner)*
Bradford P. Lyerla, Attorney in Charge
blyerla@marshallip.com
Kevin D. Hogg
khogg@marshallip.com
Charles E. Juister
cjuister@marshallip.com
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
Tel: 312-474-6300
Fax: 312-474-0448

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON, PC
110 North College
500 Plaza Tower
Tyler, TX 75702
Tel: 903-597-8311
Fax: 903-593-0846

ATTORNEY FOR DEFENDANTS CHARTER
COMMUNICATIONS, INC. and CHARTER
COMMUNICATIONS OPERATING, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the

Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 14th day of June, 2007.

Any other counsel of record will be served by First Class U.S. Mail on this same date.

*/s/ Allen F. Gardner*
Allen F. Gardner

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-CV-223 |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| CHARTER COMMUNICATIONS | ) | (TJW/CE) |
| OPERATING, LLC, COX | ) | |
| COMMUNICATIONS, INC., COXCOM, INC., | ) | |
| COX ENTERPRISES, INC., CSC HOLDINGS, | ) | |
| INC., and CABLEVISION SYSTEMS | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THE COX DEFENDANTS' NOTICE OF DISCLOSURES**

The Cox Defendants respectfully notify the Court and all counsel herein that pursuant to P.R. 3-3, P.R. 3-4 and the Court's Docket Control Order dated April 19, 2007, their Invalidity Contentions and accompanying documents were served on June 11, 2007. Defendants also notify the Court and all counsel herein that on June 11, 2007 they provided applicable information as previously discussed between the parties and as outlined in Paragraph 3 of the Court's Discovery Order.

Dated:  June 14, 2007                    Respectfully Submitted,

*/s/  Mitchell G. Stockwell*
*(w/ permission by Allen F. Gardner)*
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
KILPATRICK STOCKTON LLP
1100 Peachtree St NE
Suite 2800
Atlanta GA  30309-4530
Telephone:  404-815-6214
Facsimile:    404-815-6555
mstockwell@KilpatrickStockton.com

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
PO Box 359
Tyler, Texas  75710
Telephone:  903-597-8311
Facsimile:  903-593-0846

**ATTORNEYS FOR THE COX
DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 14, 2007. Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ Allen F. Gardner*

IN THE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-223 (TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC. ET AL., | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-224 (TJW) |
| | § | |
| TIME WARNER CABLE, INC., ET AL | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-369 (TJW) |
| | § | |
| TIME WARNER CABLE, INC. | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-506 (TJW) |
| | § | |
| COMCAST CORPORATION, ET AL | § | |
| REMBRANDT TECHNOLOGIES, LP | § | |
| | § | |
| v. | § | CIVIL NO. 2:06-CV-507 (TJW) |
| | § | |
| CHARTER COMMUNICATIONS, INC., ET AL. | § | |

## NOTICE OF MULTI-DISTRICT LITIGATION DEVELOPMENTS PURSUANT TO LOCAL RULE CV-42

All Defendants in the above-referenced actions respectfully provide this notice of developments in related cases, specifically of action by the Judicial Panel on MultiDistrict Litigation.

Please see the attached Transfer Order issued by the Judicial Panel on MultiDistrict

Litigation (Exhibit A).  Please be advised that the Judicial Panel on MultiDistrict Litigation has

transferred the above referenced actions to the District of Delaware, and with the consent of that

Court, assigned such actions to the Honorable Gregory M. Sleet for coordinated or consolidated

pretrial proceedings (Exhibit A).

Please also see the attached file-stamped copy indicating that the Transfer Order has been

filed in the United States District Court for the District of Delaware (Exhibit A).

Dated: June 21, 2007                              Respectfully submitted,


                                                  */s/ Allen F. Gardner*
                                                  Michael E. Jones
                                                  Texas State Bar No. 10929400
                                                  mikejones@potterminton.com
                                                  Diane V. DeVasto
                                                  Texas State Bar No. 05784100
                                                  dianedevasto@potterminton.com
                                                  Allen F. Gardner
                                                  Texas State Bar No. 24043679
                                                  allengardner@potterminton.com
                                                  POTTER MINTON, P.C.
                                                  110 North College
                                                  500 Plaza Tower
                                                  Tyler, Texas 75702
                                                  Telephone:  (903) 597-8311
                                                  Facsimile:   (903) 593-0846

                                                  **ATTORNEYS FOR CHARTER
                                                  COMMUNICATIONS, INC., LLP,
                                                  CHARTER COMMUNICATIONS
                                                  OPERATING, LLC, COXCOM, INC.,
                                                  AND TIME WARNER CABLE INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 21, 2007. Any other counsel of record will be served by first class on this same date.

<span style="text-align:center; display:block">*/s/ Allen F. Gardner*</span>

A CERTIFIED TRUE COPY

JUN . 2 0 2007

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 18 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

07-md-1848

*DOCKET NO. 1848*

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE REMBRANDT TECHNOLOGIES, LP, PATENT LITIGATION

### BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of the fifteen actions listed on Schedule A and pending in three districts as follows: seven actions in the Eastern District of Texas, six actions in the District of Delaware, and two actions in the Southern District of New York. Before the Panel is a motion, brought by CoxCom, Inc., pursuant to 28 U.S.C. § 1407, seeking centralization of all actions in the District of Delaware. The owner of the patents, Rembrandt Technologies, LP (Rembrandt), opposes centralization but, alternatively, suggests transfer to the Eastern District of Texas, if the Panel deems centralization appropriate. All other responding defendants expressing a position regarding centralization[1] support centralization in the District of Delaware. Two groups of defendants propose alternative transferee for a − the Southern District of New York[2] or the Eastern District of Pennsylvania,[3] should the Panel decide against centralization in the District of Delaware.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of Delaware will

---

* Judge Miller took no part in the decision of this matter.

[1] The following debtor defendants expressed no opinion regarding whether the actions should be centralized: Adelphia Communications Corp.; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Co., LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Co. I, LLC; Parnassos Distribution Co. II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively the Adelphia defendants).

Nevertheless, if the Panel decides that centralization is appropriate, the Adelphia defendants support transfer to the District of Delaware as their primary preference, as do the following defendants: Cablevision Systems Corp. and CSC Holdings, Inc. (collectively Cablevision); Charter Communications, Inc., and Charter Communications Operating, LLC; Comcast Corp., Comcast Communications, LLP, and Comcast of Plano, LP; Sharp Corp. and Sharp Electronics Corp.; and ABC, Inc., CBS Corp., NBC Universal, Inc., Fox Broadcasting Co., and Fox Entertainment Group, Inc.

[2] Alternatively supporting transfer to the Southern District of New York are the Adelphia defendants and Cablevision.

[3] Cablevision alternatively supports transfer to the Eastern District of Pennsylvania.

FILED

JUN 21 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

A CERTIFIED TRUE COPY

- 2 -

serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The nine patents involved in these actions relate to the provision of high-speed internet and related services using certain cable modems and equipment and the receipt and transmission of certain digital broadcast signals. Each of the fifteen MDL-1848 actions involves allegations of infringement and/or invalidity of one or more of the patents; specifically, each action involves allegations that compliance with one of two technical standards relating to cable high-speed internet technology and digital broadcasting – respectively, the Data-Over-Cable Service Interface Specifications and the Advanced Television Systems Committee Digital Television Standard – infringes certain Rembrandt patents. All actions can thus be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Rembrandt variously argues that inconsistent rulings are unlikely to arise in the actions, unique questions of fact relating to each patent will predominate over common factual questions among these actions, and that cooperation among the parties is a preferable alternative to centralization. We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings in a streamlined manner to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands. The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). The Panel is aware that proceedings in the first-filed MDL-1848 action (*Comcast I*) are somewhat further advanced than those in the other actions. It may well be that *Comcast I*, or other MDL-1848 actions, may be ready for trial in advance of the remaining MDL-1848 actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

We are persuaded that this litigation should be centralized in the District of Delaware. By centralizing this litigation before Judge Gregory M. Sleet, who presides over all Delaware actions, we are assigning this litigation to a seasoned jurist in a readily accessible district with the capacity to handle this litigation.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

### District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

### Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
   Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

### Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507

CERTIFIED: 6|21|07
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK
BY Beth Dunn
Deputy Clerk

A CERTIFIED TRUE COPY
JUN 2 0 2007
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
JUN 2 5 2007
DAVID J. MALAND, CLERK
BY
DEPUTY

RELEASED FOR PUBLICATION
DOCKET NO. 1848

JUN 1 8 2007
FILED
CLERK'S OFFICE

07-md-1848

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE REMBRANDT TECHNOLOGIES, LP, PATENT LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of the fifteen actions listed on Schedule A and pending in three districts as follows: seven actions in the Eastern District of Texas, six actions in the District of Delaware, and two actions in the Southern District of New York. Before the Panel is a motion, brought by CoxCom, Inc., pursuant to 28 U.S.C. § 1407, seeking centralization of all actions in the District of Delaware. The owner of the patents, Rembrandt Technologies, LP (Rembrandt), opposes centralization but, alternatively, suggests transfer to the Eastern District of Texas, if the Panel deems centralization appropriate. All other responding defendants expressing a position regarding centralization[1] support centralization in the District of Delaware. Two groups of defendants propose alternative transferee fora – the Southern District of New York[2] or the Eastern District of Pennsylvania,[3] should the Panel decide against centralization in the District of Delaware.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the District of Delaware will

---

* Judge Miller took no part in the decision of this matter

[1] The following debtor defendants expressed no opinion regarding whether the actions should be centralized: Adelphia Communications Corp.; Century-TCI California, LP; Century-TCI California Communications, LP; Century-TCI Distribution Co., LLC; Century-TCI Holdings, LLC; Parnassos, LP; Parnassos Communications, LP; Parnassos Distribution Co. I, LLC; Parnassos Distribution Co. II, LLC; Parnassos Holdings, LLC; and Western NY Cablevision, LP (collectively the Adelphia defendants).

Nevertheless, if the Panel decides that centralization is appropriate, the Adelphia defendants support transfer to the District of Delaware as their primary preference, as do the following defendants: Cablevision Systems Corp. and CSC Holdings, Inc. (collectively Cablevision); Charter Communications, Inc., and Charter Communications Operating, LLC; Comcast Corp., Comcast Communications, LLP, and Comcast of Plano, LP; Sharp Corp. and Sharp Electronics Corp.; and ABC, Inc., CBS Corp., NBC Universal, Inc., Fox Broadcasting Co., and Fox Entertainment Group, Inc.

[2] Alternatively supporting transfer to the Southern District of New York are the Adelphia defendants and Cablevision.

[3] Cablevision alternatively supports transfer to the Eastern District of Pennsylvania.

FILED
JUN 2 1 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE



serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The nine patents involved in these actions relate to the provision of high-speed internet and related services using certain cable modems and equipment and the receipt and transmission of certain digital broadcast signals. Each of the fifteen MDL-1848 actions involves allegations of infringement and/or invalidity of one or more of the patents; specifically, each action involves allegations that compliance with one of two technical standards relating to cable high-speed internet technology and digital broadcasting – respectively, the Data-Over-Cable Service Interface Specifications and the Advanced Television Systems Committee Digital Television Standard – infringes certain Rembrandt patents. All actions can thus be expected to share factual questions concerning such matters as the technology underlying the patents, prior art, claim construction and/or issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Rembrandt variously argues that inconsistent rulings are unlikely to arise in the actions, unique questions of fact relating to each patent will predominate over common factual questions among these actions, and that cooperation among the parties is a preferable alternative to centralization. We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Centralization will permit all actions to proceed before a single transferee judge who can structure pretrial proceedings in a streamlined manner to consider all parties' legitimate discovery needs, while ensuring that common parties and witnesses are not subjected to duplicative discovery demands. The transferee court will be able to formulate a pretrial program that allows any unique discovery in these actions to proceed concurrently on separate tracks with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976). The Panel is aware that proceedings in the first-filed MDL-1848 action (*Comcast I*) are somewhat further advanced than those in the other actions. It may well be that *Comcast I*, or other MDL-1848 actions, may be ready for trial in advance of the remaining MDL-1848 actions. If such is the case, nothing in the nature of Section 1407 centralization will impede the transferee court, whenever it deems appropriate, from recommending Section 1407 remand. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001); *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005).

We are persuaded that this litigation should be centralized in the District of Delaware. By centralizing this litigation before Judge Gregory M. Sleet, who presides over all Delaware actions, we are assigning this litigation to a seasoned jurist in a readily accessible district with the capacity to handle this litigation.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

MDL-1848 -- In re Rembrandt Technologies, LP, Patent Litigation

### District of Delaware

*Rembrandt Technologies, LP v. Cablevision Systems Corp., et al.*, C.A. No. 1:06-635
*Coxcom, Inc. v. Rembrandt Technologies, LP*, C.A. No. 1:06-721
*Rembrandt Technologies, LP v. CBS Corp.*, C.A. No. 1:06-727
*Rembrandt Technologies, LP v. NBC Universal, Inc.*, C.A. No. 1:06-729
*Rembrandt Technologies, LP v. ABC, Inc.*, C.A. No. 1:06-730
*Rembrandt Technologies, LP v. Fox Entertainment Group, Inc., et al.*, C.A. No. 1:06-731

### Southern District of New York

*Rembrandt Technologies, LP v. Adelphia Communications Corp., et al.*,
  Bky. Advy. No. 1:06-1739
*Rembrandt Technologies, LP v. Adelphia Communications Corp.*, C.A. No. 1:07-214

### Eastern District of Texas

*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:05-443
*Rembrandt Technologies, LP v. Sharp Corp., et al.*, C.A. No. 2:06-47
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-223
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-224
*Rembrandt Technologies, LP v. Time Warner Cable, Inc.*, C.A. No. 2:06-369
*Rembrandt Technologies, LP v. Comcast Corp., et al.*, C.A. No. 2:06-506
*Rembrandt Technologies, LP v. Charter Communications, Inc., et al.*, C.A. No. 2:06-507

CERTIFIED: 6/21/07
AS A TRUE COPY:
ATTEST:
PETER T. DALLEO, CLERK

BY _Beth Dui_
Deputy Clerk

OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Peter T. Dalleo
CLERK

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

June 21, 2007

David Maland
Clerk, U.S. District Court
United States District Court
211 West Ferguson Street
Room 106
Tyler, TX 75702

RE: __In Re Rembrandt Technologies LP Patent Litigation- MDL 1848__
CA 07-400 GMS (D/DE)
CA 2:06-223 (ED/TX)

Dear Mr. Maland:

In accordance with 28 U.S.C. §1407, enclosed is a certified copy of the *Order of Transfer* issued by the Judicial Panel on Multidistrict Litigation which references the above-captioned case in your District. Kindly forward the complete original file, together with a certified copy of the docket sheet, to the District of Delaware at the following address:

Clerk, U.S. District Court
Federal Building, Lockbox 18
844 N. King Street
Wilmington, DE 19801

If your case file is maintained in electronic format in CM/ECF, please contact Elizabeth Dinan at 302-573-4591.

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 2 5 2007

DAVID J MALAND, CLERK

Sincerely,

Peter T. Dalleo, Clerk

By: _Elizabeth Dinan_
Elizabeth Dinan
Deputy Clerk

Enc.
cc: Jeffrey N. Luthi, Clerk of the Panel