FILED-CLERK
DISTRICT COURT
06 JUN -1 PM 4:48
TX EASTERN-MARSHALL
BY_____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, COX COMMUNICATIONS, INC., COXCOM, INC., COX ENTERPRISES, INC., CSC HOLDINGS, INC., and CABLEVISION SYSTEMS CORPORATION,<br><br>Defendants. | Case No. 2-06CV-223 LED<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

For its complaint plaintiff Rembrandt Technologies, LP ("Rembrandt"), by and through the undersigned attorneys, alleges as follows:

### THE PARTIES

1. Plaintiff Rembrandt is a limited partnership organized under the laws of the state of New Jersey with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, PA 19004.

2. Defendant Charter Communications, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 12405 Powerscourt Dr., Ste. 100, St. Louis, MO 63131.

3. Defendant Charter Communications Operating, LLC is a corporation organized under the laws of the state of Delaware with its principal place of business at 12405 Powerscourt Dr., Ste. 100, St. Louis, MO 63131.

4. Defendant Cox Communications, Inc. is a corporation organized under the laws of the state of Georgia with its principal place of business at 1400 Lake Hearn Dr., Atlanta, GA 30319.

5. Defendant Cox Enterprises, Inc. is a corporation organized under the laws of the state of Georgia with its principal place of business at 6205 Peachtree Dunwoody Road NE, Atlanta, GA 30328.

6. Defendant Coxcom, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 1400 Lake Hearn Dr., Atlanta, GA 30319.

7. Defendant CSC Holdings, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 1111 Stewart Ave., Bethpage, NY 11714.

8. Defendant Cablevision Systems Corporation is a corporation organized under the laws of the state of Delaware with its principal place of business at 1111 Stewart Ave., Bethpage, NY 11714.

## JURISDICTION AND VENUE

9. This is an action for patent infringement, arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

2

10. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a).

11. Because the Defendants have committed acts of patent infringement in this district, or are otherwise present or doing business in this district, this Court has personal jurisdiction over the Defendants.

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,243,627

13. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-12 of this Complaint.

14. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,243,627, entitled "Signal Point Interleaving Technique" ("the '627 patent").

15. The '627 patent was duly and legally issued by the United States Patent and Trademark Office on September 7, 1993.

16. Defendants are operators of cable television systems throughout the United States.

17. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '627 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '627 patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the '627 patent

by their receipt and retransmission over their cable television systems of digital terrestrial broadcast signals that comply with the ATSC Digital Television Standard.

18. Upon information and belief, Defendants will continue to infringe the '627 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,852,631

19. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-18 of this Complaint.

20. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,852,631, entitled "System and Method for Establishing Link Layer Parameters Based on Physical Layer Modulation" ("the '631 patent.")

21. The '631 patent was duly and legally issued by the United States Patent and Trademark Office on December 22, 1998.

22. Defendants are operators of cable systems and providers of Internet service throughout the United States.

23. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '631 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '631 patent, in this district or otherwise within the

4

United States. For example, Defendants have infringed and continue to infringe the '631 patent by providing high speed internet service to subscribers.

24. Upon information and belief, Defendants will continue to infringe the '631 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,719,858

25. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-24 of this Complaint.

26. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 5,719,858, entitled "Time-Division Multiple-Access Method for Packet Transmission on Shared Synchronous Serial Busses" ("the '858 patent.").

27. The '858 patent was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998.

28. Defendants are operators of cable systems and providers of Internet service throughout the United States.

29. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '858 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '858 patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the '858 patent

5

by their provision of high speed internet services, including such services as Voice over IP (VoIP), to subscribers.

30. Upon information and belief, Defendants will continue to infringe the '858 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 4,937,819

31. Rembrandt realleges and incorporates herein by reference the allegations stated in paragraphs 1-30 of this Complaint.

32. Rembrandt is the owner of all right, title and interest, including the right to sue, enforce and recover damages for all infringements, in U.S. Patent No. 4,937,819, entitled "Time Orthogonal Multiple Virtual DCE for Use in Analog and Digital Networks" ("the '819 patent.").

33. The '819 patent was duly and legally issued by the United States Patent and Trademark Office on June 26, 1990.

34. Defendants are operators of cable systems and providers of Internet service throughout the United States.

35. Defendants have directly or indirectly infringed, and are continuing to directly or indirectly infringe, the '819 patent by practicing or causing others to practice (by inducement and contributorily) the inventions claimed in the '819 patent, in this district or otherwise within the United States. For example, Defendants have infringed and continue to infringe the '819 patent

by their provision of high speed internet services, such as Voice over IP (VoIP) services, to cable television subscribers.

36. Upon information and belief, Defendants will continue to infringe the '819 patent unless enjoined by this Court. Upon information and belief, such infringement has been, and will continue to be, willful, making this an exceptional case and entitling Rembrandt to increased damages and reasonable attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that it have judgment against Defendants for the following:

(1) A decree that the Defendants have infringed the patents-in-suit;

(2) A permanent injunction enjoining and restraining each Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with them, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

(3) An award of damages;

(4) An award of increased damages pursuant to 35 U.S.C. § 284;

(5) An award of all costs of this action, including attorneys' fees and interest; and

(6) Such other and further relief, at law or in equity, to which Rembrandt is justly entitled.

## JURY DEMAND

Rembrandt hereby demands a jury trial on all issues appropriately triable by a jury.

Dated: June 1, 2006                                    Respectfully submitted,


By: *Robert M. Parker by per. Parker Jr.*

Robert M. Parker
State Bar #15498000
Robert C. Bunt
State Bar #00787165
PARKER & BUNT P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Tel: 903-533-9288
Fax: 903-533-9687


OF COUNSEL:

Frank E. Scherkenbach
Lawrence K. Kolodney
FISH & RICHARDSON, P.C.
225 Franklin Street
Boston, Massachusetts 02110
Tel: 617-542-5070
Fax: 617-542-8906

Alan D. Albright
State Bar # 00973650
FISH & RICHARDSON, P.C.
One Congress Plaza
4th Floor
111 Congress Avenue
Austin, Texas 78701
Tel: 512-391-4930
Fax: 512-391-6837

Timothy Devlin
FISH & RICHARDSON, P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, Delaware 19899
Tel: 302-652-5070
Fax: 302-652-0607

8

Franklin Jones, Jr.
State Bar #00000055
JONES & JONES, INC., P.C.
201 West Houston Street, Drawer 1249
Marshall, Texas 75671-1249
Tel: 903-938-4395
Fax: 903-938-3360

                                        Attorneys for Plaintiff
                                        REMBRANDT TECHNOLOGIES, LP