UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06-CV-223 |
| ) | |
| CHARTER COMMUNICATIONS, INC., ) | Judge Leonard E. Davis |
| CHARTER COMMUNICATIONS ) | |
| OPERATING, LLC, COX ) | JURY TRIAL DEMANDED |
| COMMUNICATIONS, INC., COXCOM, INC., ) | |
| COX ENTERPRISES, INC., CSC HOLDINGS, ) | |
| INC. AND CABLEVISION SYSTEMS ) | |
| CORPORATION ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' CHARTER COMMUNICATIONS, INC.
AND CHARTER COMMUNICATIONS OPERATING LLC
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants Charter Communications, Inc. and Charter Communications Operating LLC (collectively "Charter"), answers Rembrandt Technologies, LP's ("Rembrandt") Complaint For Patent Infringement as follows:

**The Parties**

1.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and demands strict proof thereof.

2.  Charter admits the allegations of paragraph 2 for purposes of this litigation only.

3.  Charter admits the allegations of paragraph 3.

4.  Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

1

5. Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8. Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

## Jurisdiction and Venue

9. Charter admits that this action invokes the United States patent laws.

10. Charter admits that this Court has subject matter jurisdiction over patent law claims.

11. Charter denies the allegations of paragraph 11.

12. Charter admits the allegations of paragraph 12 for purposes of this litigation only.

## Count 1 – Infringement of U.S. Patent No. 5,243,627

13. Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-12.

14. Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and demands strict proof thereof.

15. Charter admits that the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 5,243,627 ("the '627 patent") on September 7, 1993. Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15.

16. Charter admits the allegations of paragraph 16.

17. Charter denies the allegations of paragraph 17.

18. Charter denies the allegations of paragraph 18.

## Count II – Infringement of U.S. Patent No. 5,852,631

19. Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-18.

20. Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and demands strict proof thereof.

21. Charter admits that the USPTO issued U.S. Patent No. 5,852,631 ("the '631 patent") on December 22, 1998. Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21.

22. Charter denies the allegations of paragraph 22.

23. Charter denies the allegations of paragraph 23.

24. Charter denies the allegations of paragraph 24.

## Count III – Infringement of U.S. Patent No. 5,719,858

25. Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-24.

26. Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 and demands strict proof thereof.

27. Charter admits that the USPTO issued U.S. Patent No. 5,719,858 (the '858 patent") on February 17, 1998. Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27.

28. Charter denies the allegations of paragraph 28.

29. Charter denies the allegations of paragraph 29.

30. Charter denies the allegations of paragraph 30.

**Count IV – Infringement of U.S. Patent No. 4,937,819**

31. Charter restates and incorporates by reference its responses to the allegations of paragraphs 1-30.

32. Charter lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and demands strict proof thereof.

33. Charter admits that the USPTO issued U.S. Patent No. 4,937,819 ("the '819 patent") on June 26, 1990. Charter lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33.

34. Charter denies the allegations of paragraph 34.

35. Charter denies the allegations of paragraph 35.

36. Charter denies the allegations of paragraph 36.

**AFFIRMATIVE DEFENSES**

1. The claims of the '627 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

2. The claims of the '631 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

3. The claims of the '858 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

4. The claims of the '819 patent are invalid for failure to satisfy one or more of the requirements of Sections 101, 102, 103 and 112 of Title 35 of the United States Code.

5. The claims are barred, in whole or in part, by the doctrines of laches or estoppel.

## COUNTERCLAIMS

Defendant Charter, for its Counterclaims against Rembrandt, states as follows:

### Jurisdiction

1.  These Counterclaims arise under the United States patent laws and the declaratory judgment statute. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 1367, 1400, 2201 and 2202.

### Factual Background

2.  In its Complaint, Rembrandt asserts that Charter has infringed and does infringe the '627, '631, '858 and '819 patents, directly and/or indirectly.

3.  The '627, '631, '858 and '819 patents are invalid, and have not been and are not infringed by Charter, either directly or indirectly.

4.  Consequently, there is an actual case or controversy between the parties over the infringement, validity, and/or enforceability of the '627, '631, '858 and '819 patents.

### First Counterclaim

5.  Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

6.  Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '627 patent.

7.  This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Second Counterclaim

8.  Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

9. Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '631 patent.

10. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Third Counterclaim

11. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

12. Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '858 patent.

13. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Fourth Counterclaim

14. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

15. Charter has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '819 patent.

16. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

### Fifth Counterclaim

17. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

18. The claims of the '627 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

19. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

## Sixth Counterclaim

20. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

21. The claims of the '631 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

22. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

## Seventh Counterclaim

23. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

24. The claims of the '858 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

25. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

## Eighth Counterclaim

26. Charter restates and incorporates by reference its allegations in paragraphs 1-4 of its Counterclaims.

27. The claims of the '819 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

28. This is an exceptional case under 35 U.S.C. § 285 because Rembrandt filed its Complaint with knowledge of the facts stated in this Counterclaim.

## **PRAYER FOR RELIEF**

WHEREFORE, Charter respectfully requests that this Court order judgment in its favor on each and every Counterclaim set forth above, and award it relief including, but not limited to, the following:

(a) Dismissal of all of Rembrandt's claims against Charter with prejudice;

(b) Entry of judgment declaring that the claims of the '627, '631, '858 and '819 patents are not infringed by Charter;

(c) Entry of judgment declaring that the claims of the '627, '631, '858 and '819 patents are invalid;

(d) An injunction permanently enjoining Rembrandt and its officers, agents, servants, attorneys, and all persons in active concert or participation with them, from bringing or threatening to bring any suit or charge against Charter relating to alleged infringement of the '627, '631, '858 and '819 patents;

(e) A declaration that this action is an exceptional case under 35 U.S.C. § 285 and an award to Charter of its attorneys' fees incurred in defending this action; and

(f) Such other and further relief as this Court may deem just and proper under the circumstances.

Dated: August 17, 2006

Respectfully submitted,

CHARTER COMMUNICATIONS, INC.
CHARTER COMMUNICATIONS OPERATING, LLC

By: */s/ Bradford P. Lyerla, by permission Michael E. Jones*
Bradford P. Lyerla, *Attorney in Charge*
*Pro Hac Vice Pending*
Email: blyerla@marshallip.com
Kevin D. Hogg
*Pro Hac Vice Pending*
Email: khogg@marshallip.com
William J. Kramer
*Pro Hac Vice Pending*
Email: wkramer@marshallip.com
Paul B. Stephens
*Pro Hac Vice Pending*
Email: pstephens@marshallip.com

        Marshall, Gerstein & Borun LLP
        6300 Sears Tower
        233 South Wacker Drive
        Chicago, IL 60606-6357
        Tel: (312) 474-6300
        Fax: (312) 474-0448

        Michael E. Jones
        State Bar No. 10929400
        Potter Minton, PC
        110 North College
        500 Plaza Tower
        Tyler, Texas 75702
        Tel: (903) 597-8311
        Fax: (903) 593-0846
        Email: mikejones@potterminton.com

        Attorneys for Defendants,
        Charter Communications, Inc.
        Charter Communications Operating, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing instrument has been forwarded via the Court's CM/ECF Filing System or via first class mail to each attorney/party of record on August 17, 2006.

        */s/ Michael E. Jones*

Case 2:06-cv-00223-TJW-CE Document 12 Filed 08/17/2006 Page 9 of 9