Case 2:06-cv-00223-TJW-CE Document 108 Filed 06/28/2006 Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO. 2:06-CV-223 [LED] |
| | § | JURY TRIAL REQUESTED |
| **CHARTER COMMUNICATIONS, INC.,** | § | |
| **CHARTER COMMUNICATIONS** | § | |
| **OPERATING, LLC, COX** | § | |
| **COMMUNICATIONS, INC., COXCOM,** | § | |
| **INC., COX ENTERPRISES, INC., CSC** | § | |
| **HOLDINGS, INC. AND CABLEVISION** | § | |
| **SYSTEMS CORPORATION** | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S REPLY TO DEFENDANTS' ANSWER AND COUNTERCLAIMS

Plaintiff Rembrandt Technologies, LP ("Rembrandt") respectfully submits this Reply to the Answer and Counterclaims of Defendants Charter Communications, Inc. and Charter Communications Operating LLC (collectively "Charter") filed August 17, 2006:

### JURISDICTION

1. Rembrandt admits that Charter purports to seek declaratory relief under the Declaratory Judgment Act and the patent laws of the United States, and that this Court has jurisdiction over such claims, but denies that Charter is entitled to its requested relief.

### FACTUAL BACKGROUND

2. Admitted.

3. Denied.

2

4.  Rembrandt admits that there is an actual case or controversy between the parties, but denies that it is for the reason alleged by Charter.

**FIRST COUNTERCLAIM**

5.  Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

6.  Denied.

7.  Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

**SECOND COUNTERCLAIM**

8.  Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

9.  Denied.

10.  Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

**THIRD COUNTERCLAIM**

11.  Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

12.  Denied.

13.  Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## FOURTH COUNTERCLAIM

14. Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

15. Denied.

16. Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## FIFTH COUNTERCLAIM

17. Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

18. Denied.

19. Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## SIXTH COUNTERCLAIM

20. Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

21. Denied.

22. Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## SEVENTH COUNTERCLAIM

23. Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

24. Denied.

25.  Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## EIGHTH COUNTERCLAIM

26.  Rembrandt repeats and re-alleges its response to paragraphs 1-4 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

27.  Denied.

28.  Rembrandt admits that this is an exceptional case, but denies that it is exceptional for the reason alleged by Charter.

## PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that the Court deny in all respects Charter's prayer for relief, that the Court enter judgment against Charter on all claims alleged by Charter, and that the Court enter on behalf of Rembrandt:

(a)  a judgment that Charter has infringed the Rembrandt patents-in-suit directly and/or indirectly by way of inducing infringement and/or contributing to the infringement of those patents;

(b)  a permanent injunction enjoining and restraining Charter and its agents, servants, employees, affiliates, divisions and subsidiaries, and those in association therewith, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

(c)  a judgment and order requiring Charter to pay Rembrandt damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35

U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting as needed;

(d) a judgment and order requiring Charter to pay Rembrandt pre-judgment and post-judgment interest on the damages awarded;

(e) a judgment and order finding this to be an exceptional case and requiring Charter to pay the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285; and

(f) such other and further relief as the Court deems just and equitable.

DATED: September 11, 2006

Respectfully submitted,

/s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4006
Telecopier: (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744
gwhite@mckoolsmith.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P.O. Drawer 1249
Marshall, Texas 75670
Telephone: (903) 938-4395
Telecopier: (903) 938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 11th day of September, 2006.

/s/ Sam Baxter
Sam Baxter

Case 2:06-cv-00220-TJW-CE Document 89 Filed 09/28/2006 Page 7 of 7

Austin 30830v1