# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. 2:06-CV-223 TJW |
| | ) |
| **CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, COX COMMUNICATIONS, INC., COXCOM, INC., COX ENTERPRISES, INC., CSC HOLDINGS, INC., and CABLEVISION SYSTEMS CORPORATION** | ) ) ) ) ) ) ) ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

## ANSWER AND COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 12(b) Defendant CoxCom, Inc. ("CoxCom") asserts that this Court lacks personal jurisdiction over CoxCom, Plaintiff's service of process over CoxCom was improper in the absence of this Court's personal jurisdiction over CoxCom, and venue in the United States District Court for the Eastern District of Texas is improper. Subject to the above Rule 12(b) objections, CoxCom responds to the allegations of Plaintiff's Complaint for Patent Infringement ("Complaint") as follows:

### THE PARTIES

1.     CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 1 of the Complaint.

2.     CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 2 of the Complaint.

3. CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 3 of the Complaint.

4. CoxCom admits the allegations of Paragraph 4 of the Complaint.

5. CoxCom admits the allegations of Paragraph 5 of the Complaint.

6. CoxCom admits the allegations of Paragraph 6 of the Complaint.

7. CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 7 of the Complaint.

8. CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. CoxCom admits that Plaintiff purports to allege an action for patent infringement arising under the laws of the United States, 35 U.S.C. §§1, et seq., but otherwise denies the allegations of Paragraph 9 of the Complaint.

10. CoxCom admits that subject matter jurisdiction over claims of patent infringement is proper under 28 U.S.C. §§1331 and 1338(a), but otherwise denies the allegations of Paragraph 10 of the Complaint.

11. CoxCom denies the allegations of Paragraph 11 of the Complaint.

12. CoxCom denies the allegations of Paragraph 12 of the Complaint.

## COUNT I

13. CoxCom restates and incorporates by reference its responses to the allegations of Paragraphs 1 through 12 of the Complaint.

14. CoxCom is without knowledge or information sufficient to admit or deny the allegations of Paragraph 14 of the Complaint and accordingly denies those allegations.

15.     CoxCom admits that the U.S. Patent and Trademark Office issued the '627 patent on September 7, 1993, but otherwise denies the allegations of Paragraph 15 of the Complaint.

16.     CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 16 as it relates to other Defendants.  CoxCom admits that it owns and operates some cable television systems in the United States, but otherwise denies the allegations of Paragraph 16 of the Complaint.

17.     CoxCom denies the allegations of Paragraph 17 of the Complaint.

18.     CoxCom denies the allegations of Paragraph 18 of the Complaint.

## COUNT II

19.     CoxCom restates and incorporates by reference its responses to the allegations of Paragraphs 1 through 18 of the Complaint.

20.     CoxCom is without knowledge or information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint and accordingly denies those allegations.

21.     CoxCom admits that the U.S. Patent and Trademark Office issued the '631 patent on December 22, 1998, but otherwise denies the allegations of Paragraph 21 of the Complaint.

22.     CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 22 as it relates to other Defendants.  CoxCom admits that it owns and operates some cable television systems and provides Internet service in the United States, but otherwise denies the allegations of Paragraph 22 of the Complaint.

23.     CoxCom denies the allegations of Paragraph 23 of the Complaint.

24.     CoxCom denies the allegations of Paragraph 24 of the Complaint.

## COUNT III

25. CoxCom restates and incorporates by reference its responses to the allegations of Paragraphs 1 through 24 of the Complaint.

26. CoxCom is without knowledge or information sufficient to admit or deny the allegations of Paragraph 26 of the Complaint and accordingly denies those allegations.

27. CoxCom admits that the U.S. Patent and Trademark Office issued the '858 patent on February 17, 1998, but otherwise denies the allegations of Paragraph 27 of the Complaint.

28. CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 28 as it relates to other Defendants. CoxCom admits that it owns and operates some cable television systems and provides Internet services in the United States, but otherwise denies the allegations of Paragraph 28 of the Complaint.

29. CoxCom denies the allegations of Paragraph 29 of the Complaint.

30. CoxCom denies the allegations of Paragraph 30 of the Complaint.

## COUNT IV

31. CoxCom restates and incorporates by reference its responses to the allegations of Paragraphs 1 through 30 of the Complaint.

32. CoxCom is without knowledge or information sufficient to admit or deny the allegations of Paragraph 32 of the Complaint and accordingly denies those allegations.

33. CoxCom admits that the U.S. Patent and Trademark Office issued the '819 patent on June 26, 1990, but otherwise denies the allegations of Paragraph 33 of the Complaint.

34. CoxCom is without knowledge or information sufficient to form a belief as to the truth of an the allegations of Paragraph 34 as it relates to other Defendants. CoxCom admits that

US2000 9513323.1

it owns and operates some cable television systems and provides Internet services in the United States, but otherwise denies the allegations of Paragraph 34 of the Complaint.

35. CoxCom denies the allegations of Paragraph 35 of the Complaint.

36. CoxCom denies the allegations of Paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Court lacks personal jurisdiction over CoxCom. Plaintiff's service of process over CoxCom was improper in the absence of this Court's personal jurisdiction over CoxCom. Venue in the United States District Court for the Eastern District of Texas is improper.

### Second Affirmative Defense

Plaintiff has failed to state a claim for which relief may be granted.

### Third Affirmative Defense

Defendant has not infringed, contributed to infringement of, or induced infringement of the Patents asserted by Plaintiff.

### Fourth Affirmative Defense

The Patents asserted by Plaintiff are invalid under one or more provisions of the United States Code, Title 35.

### Fifth Affirmative Defense

Plaintiff's claims are barred by waiver, laches, acquiescence, and/or estoppel.

### Sixth Affirmative Defense

Plaintiff cannot recover any damages for any alleged infringement of the Patents before filing of the Complaint because the Plaintiff and other entities associated with the Plaintiffs had

made, offered for sale, or sold in the United States or imported into the United States, products covered by these patents without properly marking them according to 35 U.S.C. § 287.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, CoxCom asserts counterclaims as follows:

1.  Plaintiff Rembrandt Technologies, L.P. ("Rembrandt") alleges in this action that CoxCom has infringed, directly or indirectly, and continues to infringe the '627, '631, '858, and '819 patents (the "Rembrandt Patents").  CoxCom denies that it has directly or indirectly infringed and denies that it continues directly or indirectly to infringe any valid and/or enforceable claim of the Rembrandt Patents.

2.  CoxCom seeks a declaration by the Court that none of the Rembrandt Patents are infringed by CoxCom.

3.  On information and belief, each of the Rembrandt Patents is invalid under one or more provisions of the United States Code, including 35 U.S.C. §§ 102, 103, and 112.

4.  CoxCom seeks a declaration by the Court that each of the Rembrandt Patents is invalid.

## PARTIES, JURISDICTION, AND VENUE

5.  CoxCom is a Delaware corporation, with its principal place of business at 140 Lake Hearn Drive, Atlanta, Georgia, 30319.

6.  On information and belief, Plaintiff Rembrandt Technologies, L.P. ("Rembrandt") is a New Jersey limited partnership with its principal place of business at 401 City Avenue, Suite 815, Bala Cynwyd, Pennsylvania 1904.

6

7. Jurisdiction over Coxcom's counterclaims for declaratory judgment under 28 U.S.C. §§ 2201 *et seq.* is proper under 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## COUNT ONE

Declaratory Judgment of Noninfringement, 28 U.S.C. §§ 2201-2202

9. CoxCom repeats and realleges Paragraphs 1 through 8 of its Counterclaims set out above.

10. Rembrandt has alleged in this action that CoxCom has infringed, directly or indirectly, and continues to infringe the claims of the Rembrandt Patents. CoxCom denies that it has directly or indirectly infringed, and denies that it continues directly or indirectly to infringe, any of the Rembrandt Patents.

11. There is an actual, immediate, and justiciable controversy between CoxCom and Rembrandt as to noninfringement of the Rembrandt Patents.

12. CoxCom is entitled to a declaration by the Court that CoxCom has not infringed any of the Rembrandt Patents.

13. CoxCom is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT TWO

Declaratory Judgment of Invalidity And/Or Unenforceability,
28 U.S.C. §§ 2201-2202

14. CoxCom repeats and realleges Paragraphs 1 through 8 of its Counterclaims set out above.

7

15. Rembrandt has alleged in this action that CoxCom has infringed and continues to infringe each of the Rembrandt Patents. CoxCom asserts, however, that some or all of the claims of each of the Rembrandt Patents are invalid and/or unenforceable.

16. There is an actual, immediate, and justiciable controversy between CoxCom and Rembrandt as to the invalidity and/or unenforceability of each of the Rembrandt Patents.

17. CoxCom is entitled to a declaration by the Court that each of the Rembrandt Patents is invalid and/or unenforceable.

18. CoxCom is entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

CoxCom respectfully prays that the Court:

A. Declare that CoxCom has not infringed any of the Rembrandt Patents, as requested by Count One of CoxCom's Counterclaims;

B. Declare that each of the Rembrandt Patents is invalid and/or unenforceable, as requested by Count Two of CoxCom's Counterclaims;

C. Award CoxCom its costs, including attorneys' fees, in connection with these counterclaims pursuant to 35 U.S.C. § 285; and

D. Award CoxCom such other relief as the Court deems just and appropriate.

Respectfully submitted, this 6th day of October, 2006.

/s/ Michael E. Jones
Mitchell G. Stockwell
Lead Attorney
Georgia Bar No. 682912
KILPATRICK STOCKTON LLP
1100 Peachtree St NE
Suite 2800
Atlanta GA 30309-4530
Telephone: 404-815-6214
Facsimile: 404-815-6555

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
(903) 597-8311
(903) 593-0846 (Facsimile)

**Attorneys for CoxCom, Inc.**

# CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this **ANSWER AND COUNTERCLAIMS** was filed electronically in compliance with Local Rule CV-5(a) and contemporaneously served upon all counsel who have consented to electronic service. Other counsel shall be served by first class mail.

/s/ Michael E. Jones
Michael E. Jones