IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **REMBRANDT TECHNOLOGIES, LP** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | CASE NO. 2:06-CV-223 [LED] |
| | § | JURY TRIAL REQUESTED |
| **COXCOM COMMUNICATIONS, INC., COXCOM COMMUNICATIONS OPERATING, LLC, COX COMMUNICATIONS, INC., COXCOM, INC., COX ENTERPRISES, INC., CSC HOLDINGS, INC. AND CABLEVISION SYSTEMS CORPORATION** | § § § § § § § § | |
| **Defendants.** | § § | |

### PLAINTIFF'S REPLY TO DEFENDANT COXCOM, INC.'S ANSWER AND COUNTERCLAIMS

Plaintiff Rembrandt Technologies, LP ("Rembrandt") respectfully submits this Reply to the Answer and Counterclaims of Defendant CoxCom, Inc. ("CoxCom").

### COUNTERCLAIMS

1. Rembrandt admits that it alleges that CoxCom has infringed, directly or indirectly, and continues to infringe the Rembrandt Patents and admits that CoxCom purports to deny its infringement, but denies that CoxCom has a basis for its assertion that it does not infringe the Rembrandt Patents.

2. Rembrandt admits that CoxCom purports through its counterclaims to seek a declaration of noninfringement, but denies that CoxCom is entitled to its requested relief.

3. Denied.

2

4.      Rembrandt admits that CoxCom purports through its counterclaims to seek a declaration of invalidity, but denies that CoxCom is entitled to its requested relief.

## PARTIES, JURISDICTION AND VENUE

5.      Admitted.

6.      Admitted.

7.      Rembrandt admits that CoxCom purports to seek a declaratory judgment pursuant to 28 U.S.C. §§2201 *et seq.* and admits that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but denies that CoxCom is entitled to its requested relief.

8.      Admitted.

## COUNT ONE

9.      Rembrandt repeats and re-alleges its response to paragraphs 1-8 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

10.     Rembrandt admits that it alleges that CoxCom has infringed, directly or indirectly, and continues to infringe the Rembrandt Patents and admits that CoxCom purports to deny its infringement, but denies that CoxCom has a basis for its assertion that it does not infringe the Rembrandt Patents.

11.     Rembrandt admits that there is an actual, immediate and justiciable controversy between CoxCom and Rembrandt, but denies that it is for the reason alleged by CoxCom.

12.     Denied.

13.     Denied.

## COUNT TWO

14.     Rembrandt repeats and re-alleges its response to paragraphs 1-8 of the Counterclaims, and further incorporates by reference its allegations in its Complaint filed June 1, 2006.

Austin 31438v1

15. Rembrandt admits the parties have made the stated allegations, but denies that there is any basis for CoxCom's assertion that some or all of the claims of each of the Rembrandt Patents are invalid and/or unenforceable.

16. Rembrandt admits that there is an actual, immediate and justiciable controversy between CoxCom and Rembrandt, but denies that it is for the reason alleged by CoxCom.

17. Denied.

18. Denied.

### PRAYER FOR RELIEF

WHEREFORE, Rembrandt prays that the Court deny in all respects CoxCom's prayer for relief, that the Court enter judgment against CoxCom on all claims alleged by CoxCom, and that the Court enter on behalf of Rembrandt:

(a) a judgment that CoxCom has infringed the Rembrandt patents-in-suit directly and/or indirectly by way of inducing infringement and/or contributing to the infringement of those patents;

(b) a permanent injunction enjoining and restraining CoxCom and its agents, servants, employees, affiliates, divisions and subsidiaries, and those in association therewith, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, which falls within the scope of any claim of the patents-in-suit;

(c) a judgment and order requiring CoxCom to pay Rembrandt damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting as needed;

3

(d)  a judgment and order requiring CoxCom to pay Rembrandt pre-judgment and post-judgment interest on the damages awarded;

(e)  a judgment and order finding this to be an exceptional case and requiring CoxCom to pay the costs of this action (including all disbursements) and attorney's fees as provided by 35 U.S.C. § 285; and

(f)  such other and further relief as the Court deems just and equitable.

DATED:  October 27, 2006     Respectfully submitted,

/s/ Sam Baxter
Sam Baxter
State Bar No. 01938000
**McKOOL SMITH, P.C.**
505 E. Travis, Suite 105
Marshall, Texas  75670
Telephone:  (903) 927-2111
Telecopier:  (903) 927-2622
sbaxter@mckoolsmith.com

Jeffrey A. Carter
State Bar No. 03919400
**McKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4006
Telecopier:  (214) 978-4044
jcarter@mckoolsmith.com

Travis Gordon White
State Bar No. 21333000
**McKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744
gwhite@mckoolsmith.com

4

Austin 31438v1

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
**PARKER & BUNT, P.C.**
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687
cbunt@cox-internet.com
rmparker@cox-internet.com

Franklin Jones, Jr.
State Bar No. 00000055
**JONES & JONES, INC.**
201 W. Houston Street
P.O. Drawer 1249
Marshall, Texas 75670
Telephone: (903) 938-4395
Telecopier: (903) 938-3360
maizieh@millerfirm.com

**ATTORNEYS FOR PLAINTIFF
REMBRANDT TECHNOLOGIES, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 27th day of October, 2006.


    /s/ Sam Baxter_____
Sam Baxter

Austin 31438v1